UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| JONATHAN R., *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>JIM JUSTICE, in his official capacity as )<br>Governor of West Virginia, *et al.*, )<br>)<br>*Defendants*. )<br>) | Civil Action No. 3:19-cv-00710 |

## REPORT OF PARTIES' PLANNING MEETING

1. **Planning Meeting**. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a planning meeting was held on December 2, 2019. Those participating were:

    **For Plaintiffs:**
    Marcia R. Lowry, A Better Childhood, Inc.
    Allison Mahoney, A Better Childhood, Inc.
    Valerie Mclaughlin, A Better Childhood, Inc.
    Brian L. Ooten, Shaffer & Shaffer, PLLC
    Erin Snyder, Disability Rights of West Virginia

    **For Defendants:**
    Caroline M. Brown, Brown & Peisch, PLLC
    Philip J. Peisch, Brown & Peisch, PLLC
    Rebecca E. Smith, Brown & Peisch, PLLC
    Steven R. Compton, Deputy Attorney General, West Virginia

2. **Commencement of Discovery**

    a. Plaintiffs' position is that discovery should commence on **December 3, 2019**, and that it should not be stayed pending the disposition of Defendants' pending motion to dismiss.

    b. Defendants' position is that discovery should be stayed pending a decision on the Defendants' motion to dismiss all claims (ECF 17-18), on the basis that the Court lacks subject-matter jurisdiction and that the complaint fails to set forth valid legal claims. Defendants intend to file a motion to stay discovery after the conference with the Court on December 13th. However, Defendants have notified Plaintiffs that they will consider any reasonable document requests by Plaintiffs, even if the motion to stay is granted. To date, Defendants have agreed to provide Plaintiffs with DHHR policy manuals and guidance, as well as the case files of the named Plaintiffs (once Plaintiffs' counsel provides Defendants with the names of the Named Plaintiffs and the protective order is finalized).

3. **Pre-Discovery Initial Disclosures**.  The parties have agreed to waive the information required by Fed. R. Civ. P. 26(a)(1).

4. **Join additional parties and amend pleadings**. Plaintiffs and Defendants shall be allowed until December 20, 2019 to join additional parties and/or amend pleadings.

5. **Discovery Plan**. The parties propose to the court the following discovery plan.

    a. While reserving the right to dispute the scope or relevancy of any requested discovery, including the right to assert any applicable privileges, the parties believe discovery will be needed as follows:

        i. Plaintiffs believe discovery is needed on the following subjects, which are set forth in good faith and not as a representation that discovery will not be needed on other issues that may be identified but are not currently foreseen:

            1. Child case records

            2. Case planning regarding permanency

            3. Home finding, home certification, and waivers

            4. Assessments, screening and services

            5. Data systems/quality assurance systems

            6. Placement array and licensing, including out-of-state placements

            7.  Caseworker hiring, retention, and training

    ii. If Defendants' motion to stay discovery is not granted or if the Defendants' motion to dismiss is denied, Defendants believe discovery is needed on the following subjects, which are set forth in good faith and not as a representation that discovery will not be needed on other issues that may be identified but are not currently foreseen:

        1. Named Plaintiffs' placements and family circumstances.

        2. Named Plaintiffs' medical conditions.

        3. Positions taken, as well as requests, concerns and other issues raised by, the named Plaintiffs' guardians ad litem to DHHR and/or the circuit court.

        4. The impact of the relief requested by Plaintiffs.

b. <u>Electronically Stored Information</u>. The parties have reviewed Local Rule 26.5 and have discussed how the preservation, discovery, and disclosure of electronically stored information ("ESI") should be handled, including the following:

    i. It is likely that one or more parties will seek discovery of electronically stored information such as emails, files or documents stored on a server or computer, or other electronic documents. The parties expect the format of that production will primarily consist of thumb-drive or emailed documents.

    ii. The Plaintiffs believe that metadata will be relevant in this case, and will routinely request production of metadata. The parties have not yet agreed upon a format for the production of metadata, but have begun conferring in good faith to come to such an agreement.

    iii. At this time, the parties have not agreed on what ESI is "reasonably accessible" as defined in Fed. R. Civ. P. 26(b)(2)(B). It is not yet clear whether Plaintiffs will request any ESI that the Defendants believe is not reasonably accessible.

    iv. The parties have not agreed on any search protocol for review of electronic data including methods to filter the data. Defendants have informed Plaintiffs that they seek to stay discovery while Defendants' motion to dismiss is pending before the Court.

>> However, as explained above, Defendants have agreed to provide Plaintiffs with DHHR policy manuals and guidance, as well as the case files of the named Plaintiffs.
>
> v. The parties have not discussed issues pertaining to the preservation of ESI.

c. <u>Protective Order</u>. The parties agree to file a joint motion for the entry of a protective order, which is based on the Court's preferred Agreed Protective Order, with some modifications to reflect the privacy issues in this case.

d. <u>Inadvertent Disclosure</u>. The parties agree to file a joint motion for the entry of an Order Governing the Inadvertent Disclosure of Documents or Other Material and to complete and submit with the motion the court's preferred Agreed Order Governing the Inadvertent Disclosure of Documents or Other Material.

e. <u>Deposition Protocol</u>. The parties agree to file a joint motion for the entry of an Agreed Order Setting Deposition Protocol and to complete and submit with the motion the court's optional Order Setting Deposition Protocol.

f. <u>Discovery Limits</u>. The parties did not reach agreement with regard to discovery time limits. Plaintiffs' position is that the time limits for depositions set by the Federal Rules are insufficient given the scope, fact-intensive nature, and complexity of this case and respectfully request the court to set the deposition limit at 100 hours. Plaintiffs further request that should parties require additional deposition hours, the requesting party may, upon a showing of good cause, seek leave of court for a grant of additional deposition hours. The Defendants' position is that the discovery limits set forth in the Federal Rules of Civil Procedure, including those relating to depositions in Fed. R. Civ. P. 30, should be adopted for this case. The Defendants agree to the Plaintiffs' request that the deposition limit be in hours, rather than number of depositions, but the Defendants' position is that the limit should be 70 hours, based on the 10 depositions of 7 hours limit in Fed. R. Civ. P. 30. Defendants' position is that if the Plaintiffs believe more depositions are needed as the discovery progresses, the Defendants are willing to consider such requests.

g. <u>Additional Judicial Oversight</u>. The parties do not believe that this case requires additional judicial oversight such as special case management procedures or regularly held conferences.

6. **Briefing on Motion for Class Certification**

The parties propose two sets of deadlines for briefing on class certification, depending on whether the Defendants' motion to stay discovery is granted.

   a. If the Defendants' motion to stay discovery is granted, the parties propose that Plaintiffs shall file a motion for class certification within **180 days (6 months)** after the Court issues a decision on the motion to dismiss. If the Defendants' motion to stay discovery is not granted, the parties propose that Plaintiffs shall file a motion for class certification on or before **June 1, 2020**.

   b. If the Defendants' motion to stay is granted, the parties propose that Defendants shall file their opposition to the motion for class certification within **4 weeks** of the class certification filing. If the Defendants' motion to stay is not granted, the parties propose that Defendants shall file their opposition to the motion for class certification on or before **June 29, 2020**.

   c. If the Defendants' motion to stay is granted, the parties propose that Plaintiffs shall file their reply in support of the motion for class certification within **2 weeks** after Defendants file their opposition to the motion for class certification. If the Defendants' motion to stay is not granted, the parties propose that Plaintiffs shall file their reply in support of motion for class certification on or before **July 13, 2020**.

7. **Discovery**

**The parties propose two sets of discovery deadlines, depending on whether the Defendants' motion to stay discovery is granted. The parties have generally agreed to the proposed deadlines, except that the parties disagree on the length of time for fact discovery.**

   a. The parties disagree on the length of time for the parties to serve discovery requests and take discovery depositions:

      i. The Plaintiffs' propose the following time period for fact discovery: If the Defendants' motion to stay is granted, the Plaintiffs propose that the last day to serve discovery requests and take a discovery deposition will be **330 days (11 months)** after the Court issues a decision on the motion to dismiss. If the Defendants' motion to stay is not granted, the Plaintiffs propose that the last day to serve discovery requests and take a discovery deposition will be **October 31, 2020**.

      ii. The Defendants' propose the following time period for fact discovery:  If the Defendants' motion to stay is granted, the Defendants propose that the last day to serve discovery requests and take a discovery deposition will be **180 days (6 months)** after the Court issues a decision on the motion to dismiss.  If the Defendants' motion to stay is not granted, the Defendants propose that the last day to serve discovery requests and take a discovery deposition will be **June 30, 2020**.  However, in the interest of compromise, the Defendants are willing to agree to **270 days (9 months)** of fact discovery if their motion to stay is granted, or a deadline of **September 1, 2020** if their motion to stay is not granted.

   b. If the Defendants' motion to stay is granted, the parties propose that reports from retained experts under Rule 26(a)(2) be due for both parties within **75 days** of the close of discovery.  If the Defendants' motion to stay is not granted, the parties propose that reports from retained experts under Rule 26(a)(2) be due for both parties on **January 15, 2021**.

   c. If the Defendants' motion to stay is granted, the parties propose that expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party be due within **30 days** after the exchange of expert witness disclosures.  If the Defendants' motion to stay is not granted, the parties propose that expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party be due on or before **February 15, 2021**.

   d. If the Defendants' motion to stay is granted, the parties propose that expert discovery shall close within **45 days** after the expert rebuttal disclosures have been exchanged.  If the Defendants' motion to stay is not granted, the parties propose that expert discovery shall close on or before **March 30, 2021**.

8. <u>Magistrate Judges</u>.  Magistrate judges will resolve all discovery disputes.  However, the parties do not consent to have a United States Magistrate Judge conduct any further proceedings in this case, including trial, or order the entry of a final judgment.

9. If the Defendants' motion to stay is granted, the parties propose that mediation shall take place within **30 days** after the exchange of expert report responses.  If the Defendants' motion to stay is not granted, the parties propose that mediation shall take place on or before **March 15, 2021**.

10. If the Defendants' motion to stay is granted, the parties propose that dispositive motions shall be filed within **75 days** after the exchange of expert report responses. If the Defendants' motion to stay is not granted, the parties propose that dispositive motions shall be filed by **April 30, 2021**.

    a. If the Defendants' motion to stay is granted, the parties propose that responses to dispositive motions be due within **30 days** after the date for the filing of any dispositive motions. If the Defendants' motion to stay is not granted, the parties propose that responses to dispositive motions be due on or before **May 30, 2021**.

    b. If the Defendants' motion to stay is granted, the parties propose that replies in support of dispositive motions be due within **30 days** after the date for filing a response to dispositive motions. If the Defendants' motion to stay is not granted, the parties propose that replies in support of dispositive motions be due on **June 30, 2021**.

11. If the Defendants' motion to stay is granted, the parties propose that Plaintiffs shall submit a proposed pretrial order to Defendants within **75 days** after the exchange of expert report responses. If the Defendants' motion to stay is not granted, the parties propose that Plaintiffs submit a proposed pretrial order to Defendants on or before **April 30, 2021**.

12. If the Defendants' motion to stay is granted, the parties propose that a pretrial conference occur within **20 months** after the Court issues a decision on the motion to dismiss. If the Defendants' motion to stay is not granted, the parties propose that the pretrial conference occur in **August 2021**.

    a. If the Defendants' motion to stay is granted, the parties propose that the Defendants shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer within **30 days** after filing the findings of fact and conclusions of law. If the Defendants' motion to stay is not granted, the parties propose that the Defendants' integrated pretrial order be due on or before **May 30, 2021**.

13. If the Defendants' motion to stay is granted, the parties propose that findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format within **75 days** after the exchange of expert report responses. If the Defendants' motion to stay is not granted, the parties propose that findings of fact and conclusions of law shall be due on or before **April 30, 2021**.

14. If the Defendants' motion to stay is granted, the parties propose that a final settlement conference will take place within **15 days** of the date for exchanging proposed findings of fact and conclusions of law. If the Defendants' motion to stay is not granted, the parties propose that the final settlement conference occur between **May 1-15, 2021**.

15. If the Defendants' motion to stay is granted, the parties propose that the case should be ready for trial within **21 months** after the Court issues a decision on the motion to dismiss, and at this time is expected to take approximately **10 days**. If the Defendants' motion to stay is not granted, the parties propose that the case should be ready for trial by **September 2021**.

16. The parties request a conference with the court before entry of the scheduling order.

DATED this 9th day of December, 2019.

*/s/ Marcia Robinson Lowry*
Marcia Lowry, *admitted pro hac vice*
mlowry@abetterchildhood.org
Allison Mahoney, *admitted pro hac vice*
amahoney@abetterchildhood.org
Dawn Post, *admitted pro hac vice*
dpost@abetterchildhood.org
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
Brian L. Ooten, WVSB #9358
booten@shafferlaw.net
330 State Street
P.O. Box 38

*/s/ Philip J. Peisch*
Philip J. Peisch
*Admitted pro hac vice*
ppeisch@brownandpeisch.com
Caroline M. Brown
*Admitted pro hac vice*
cbrown@brownandpeisch.com
Rebecca E. Smith
*Admitted pro hac vice*
resmith@brownandpeisch.com
Brown & Peisch PLLC
1233 20th St. NW, Suite 505
Washington, D.C. 20036
Tel: (202) 499-4258

Charleston, WV 25339
Tel: (304) 344-8716
Fax: (304) 344-1481

*/s/ Jeremiah Underhill*
Disability Rights of West Virginia
Jeremiah Underhill, WVSB #13094
junderhill@drofwv.org
Erin Snyder, WVSB #13094
esnyder@drofwv.org
Lori Waller, WVSB #11303
lwaller@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687

***Attorneys for Plaintiffs***

*/s/ Steven R. Compton*
Steven R. Compton,
WVSB #6562
Steven.R.Compton@wvago.gov
Deputy Attorney General
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
Tel: (304) 558-2131

***Attorneys for Defendants***

9

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of the Report of Parties' Planning Meeting to be delivered to counsel for Plaintiffs via ECF notification.

December 9, 2019

/s/ Philip J. Peisch
Philip J. Peisch, DC Bar # 1005423 (pro hac vice)
Caroline M. Brown, DC Bar # 438342 (pro hac vice)
Rebecca E. Smith, DC Bar # 166610 (pro hac vice)
Attorneys for Defendants Jim Justice, et al.
Brown & Peisch PLLC
1233 20th Street NW
Washington, DC 20036
Telephone: 202-499-4258
E-mail: ppeisch@brownandpeisch.com

/s/ Steven R. Compton
Steven R. Compton, WV St. Bar # 6562
Attorney for Defendants Jim Justice, et al.
West Virginia Attorney General's Office
812 Quarrier Street
Charleston, WV 25301
Telephone: 304-558-2131
Fax: 304-558-0430
Email: Steven.R.Compton@wvago.gov