## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| JONATHAN R., *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:19-cv-00710 |
| JIM JUSTICE, in his official capacity as | ) | |
| Governor of West Virginia, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING A DECISION ON THE DEFENDANTS' MOTION TO DISMISS

This Court has broad discretion to stay discovery and has frequently done so pending a decision on a motion to dismiss that may eliminate the need for, or limit, such discovery. This case is exactly the type where such a stay should be granted: The Plaintiffs seek extensive, burdensome discovery that would drain resources from a state agency in a case that the Defendants assert the Court does not have jurisdiction to hear. Further, even if this Court has jurisdiction to hear the case, the Defendants' motion to dismiss also contends that federal laws upon which Plaintiffs premise their claims do not provide a basis for the relief they seek. At the same time, staying discovery for several months while the Defendants' motion to dismiss is decided would not unduly prejudice the Plaintiffs, where the Plaintiffs do not even seek to complete discovery until October 31, 2020; Plaintiffs do not seek a trial until well into 2021; and the Defendants have already provided the Plaintiffs with thousands of pages of relevant documents, and have agreed to provide the Plaintiffs with thousands of more pages of documents even if the motion to stay is granted.

For these reasons, the Defendants motion to stay discovery should be granted.

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action on September 30, 2019.  *See* Doc. 1.  In response, on November 26, 2019, Defendants moved to dismiss under Rule 12(b)(1), on the ground that this Court lacks jurisdiction to hear the case under the *Rooker-Feldman* doctrine and *Younger* abstention.  Doc. 17, 18.  In the alternative, the Defendants moved to dismiss under Rule 12(b)(6), on the ground that the Compliant fails to state a claim for which relief can be granted.  Doc. 17, 18.  The deadline for Plaintiffs to respond to the motion to dismiss is December 23, 2019, and the deadline for Defendants' reply in support of the motion to dismiss is January 13, 2020.  Doc. 23.

On December 2, 2019, in accordance with the Court's Rule 16 Order and Notice, the parties engaged in a planning conference.  *See* Doc. 14.  During this conference, Defendants' counsel informed Plaintiffs' counsel that Defendants believe discovery should be stayed until the motion to dismiss is granted, and Plaintiffs' counsel responded that Plaintiffs opposed such a stay. Plaintiffs' counsel also requested that Defendants provide Plaintiffs with: a Department of Health and Human Services ("DHHR") organizational chart; documents describing DHHR's policies and practices with respect to the child welfare system; and case files for all named Plaintiffs.

On December 3, 2019, the day after parties' planning conference, Plaintiffs served their first Request for Production, which included 36 broad requests for documents.  *See* Doc. 22 (certificate of service).

On December 5, 2019, Defendants' counsel provided Plaintiffs' counsel with two organization charts for DHHR.  On the same day, Defendants' counsel mailed to Plaintiffs' counsel electronic copies of over 3,000 pages of records in response to Plaintiffs' request for child welfare related policies and practices.

On December 5, 2019, Defendants' counsel also informed Plaintiffs' counsel that Defendants will promptly provide case files of all named Plaintiffs whose next friends is also their

2

guardian ad litem once: (1) Plaintiffs' counsel provides Defendants' counsel with the names of those named Plaintiffs; and (2) Plaintiffs' counsel provides Defendants' counsel a copy of the state circuit court order confirming that the guardian ad litem has in fact been appointed as such for the named Plaintiff.  With respect to named Plaintiffs represented by next friends who are not court-appointed guardians ad litem, Defendants will promptly provide the case files if and when: (1) Plaintiffs' counsel provides Defendants' counsel with the names of those named Plaintiffs; and (2) the court enters an order appointing the next friends as such.  Defendants' counsel has informed Plaintiffs' counsel that Defendants estimate it will take approximately two weeks to pull the case file for each named Plaintiffs, once Defendants have the name of the child.  Plaintiffs' counsel have not yet provided Defendants' counsel with the names of any of the named Plaintiffs.

## ARGUMENT

This Court has authority to stay discovery pending the outcome of dispositive motions. *See, e.g.*, *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986), *rev'd on other grounds by Sheridan v. U.S.*, 487 U.S. 392(1988) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending the disposition of the 12(b)(1) motion . . .  Trial courts . . . are granted wide discretion to control this discovery process.").

While "[t]he Fourth Circuit has had little occasion to consider motions to stay discovery because orders granting or denying such motions are not final orders, nor are they appealable interlocutory or collateral orders," [1] district courts throughout the Fourth Circuit have frequently

---

[1] *Blankenship v. Napolitano*, 2019 WL 617350, at *2 n.4 (S.D. W. Va. Nov. 19, 2019) (Copenhaver, J.) (unpublished) (citing *Cervantes v. Bridgefield Cas. Ins. Co*., 671 Fed. App'x 123, 124 (4th Cir. 2016) (per curium); *Poux v. FCI Bennettsville SC*, 418 Fed. App'x 157, 157 (4th Cir. 2011) (per curium)).

stayed discovery pending the resolution of dispositive Rule 12 motions to dismiss in order to avoid unnecessary, burdensome, and costly discovery.  *See Goldman v. Brannon*, 2012 WL 3727330 (E.D.N.C. Aug. 28, 2012) (unpublished); *Sheehan v. United States*, 2012 WL 1142709 (N.D. W. Va. Apr. 4, 2012) (unpublished); *Briggs v. T&D Plumbing & Heating Co*., 2011 WL 2970845 (D. Md. July 19, 2011) (unpublished); *Bishop v. Quicken Loans, Inc*., 2010 WL 3359604 (S.D. W. Va. Aug. 9, 2010) (Copenhaver, J.) (unpublished).

This Court has repeatedly found that staying discovery pending the resolution of a dispositive motion "allows the court to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  *Rowe v. Citibank N.A*., 2015 WL 1781559, at *1 (S.D. W. Va. Apr. 17, 2015) (Faber, J.) (internal quotations omitted) (unpublished).  "A number of factors, none wholly dispositive," guide this Court in assessing whether to stay discovery pending the outcome of a dispositive motion:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances.

*Citynet, LLC v. Frontier West Virginia Inc*., 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016) (Copenhaver, J.) (internal quotations omitted) (unpublished).

In this case, *all* of these factors weigh in favor of staying discovery pending a decision on the Defendants' motion to dismiss.

The "type of motion" and "whether the motion is a legal challenge or dispute over the sufficiency of allegations".  Defendants' motion to dismiss goes to whether this Court has jurisdiction to hear this case under Rule 12(b)(1), under two separate legal bases, the *Rooker-*

4

*Feldman* doctrine and under *Younger* Abstention. The motion also attacks the four claims advanced by Plaintiffs on legal grounds under Rule 12(b)(6).

Thus, the Defendants motion to dismiss is of the type that weighs in favor of staying discovery: the motion is a legal challenge to the validity of the complaint, and a favorable ruling would resolve the case. *See Blankenship v. Napolitano*, 2019 WL 617350, at *3 (S.D. W. Va. Nov. 19, 2019) (Copenhaver, J.) (internal quotations omitted) (staying discovery pending resolution of 12(b)(2) and 12(b)(6) motions to dismiss) (unpublished); *Massey Energy co. v. Supreme Court of Appeals of West Virginia*, 2008 WL 11429751, at *2 (S.D. W. Va. Mar. 19, 2008) (Copenhaver, J.) (staying discovery pending resolution of 12(b)(1) motion to dismiss) (unpublished); *Jones v. Sears Roebuck & Co*., 2007 WL 6854159, at *8 (S.D. W. Va. Mar. 8, 2007) (Johnston, J.) (staying discovery pending resolution of 12(b)(6) motion to dismiss) (unpublished).

If the motion to dismiss is granted, but discovery is not stayed, "any resources devoted to the time-consuming and expensive discovery process would be fruitless." *Blankenship*, 2019 WL 617350, at *3 (internal quotations omitted); *see also Bishop*, 2010 WL 3359605, at *3.

Courts in the Fourth Circuit have observed that challenges to "preliminary issues," including subject matter jurisdiction, are a factor that supports granting a stay of discovery pending resolution of dispositive motions. *See e.g., Boudreaux Group, Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C*., 2018 WL 9785308, at *5 (D.S.C. Nov. 20, 2018) ("Notably, the Motion to Dismiss/Motion to Stay is potentially dispositive of the entire proceeding, as Defendants challenge whether or not this court has subject matter jurisdiction over the claims.") (unpublished); *Purvis v. Pitt Cty Sch*., 2013 WL 3778950, at *1 (E.D. N.C. July 18, 2013) (staying discovery pending resolution of motion to dismiss based on lack of subject-matter jurisdiction) (unpublished); *see*

*also*, Order, Doc. 93 at 5, *Ashley W. v. Holcomb*, 19-cv-00129 (S.D. Ind. June 25, 2019) (describing the jurisdictional "issues brief by the parties" as "complex and [that] the potential exists that this Court may not have jurisdiction to consider this litigation.") (hereinafter *Ashley W.* Order).  As in these cases, the Defendants' motion to dismiss here challenges preliminary issues, including subject matter jurisdiction.

"[T]he nature and complexity of the action."  The issues in this case are indisputably complex.  In similar child welfare class actions suits brought by Plaintiffs' counsel in other states, courts have commented on the complexity of the issues presented.  *See, e.g., Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 828 ("The management of complex litigation presents challenges that test the mettle of even the most able trial judge."); *Ashley W.* Order, at 4 ("An entry on the motion to dismiss may be dispositive of this complex litigation or may narrow the claims moving forward, which could greatly narrow what has already shown to be expansive discovery requests."); *Connor B. ex rel. Vigurs v. Patrick*, 985 F.Supp.2d 129, 133 (D. Mass 2013) ("The sheer number and breadth of allegations raised by Plaintiffs in this case effectively amount to an all-out assault on the [state's] foster care system, in which the Plaintiffs request all manner of declaratory and injunctive relief.").

The significant discovery implicated by the complexity of this case weighs in favor of staying discovery pending the outcome of dispositive motions.  *See Bragg v. U.S.*, 2010 WL 3835080, at *2 (S.D. W. Va. Sept. 29, 2010) (Copenhaver, J.) ("Regarding the nature and complexity of the action, the regulatory lapses alleged by plaintiffs will doubtless involve significant factual and expert discovery.  In the event that the [defendant's] dispositive motion is granted, any resources devoted to those time consuming and expensive efforts would be fruitless.") (unreported).

6

"[W]hether counterclaims and/or cross-claims have been interposed."  No counterclaims or cross-claims have been filed, which weighs in favor of granting the stay.  *See, e.g., Tuell v. Deere Credit Services, Inc.*, 2017 WL 11249436, at *1 (S.D. W. Va. Oct. 4, 2017) (Copenhaver, J.) (finding stay of discovery inappropriate given that co-defendant had filed a crossclaim against movant) (unreported); *Rowe*, 2015 WL 1781559, at *2 (No "counterclaims or cross-claims imposed" weighs in favor of a stay.").

Agreement to the Stay.  All of the Defendants in this case join in this motion, which weighs in favor of staying discovery.  *See Rowe*, 2015 WL 1781559, at *2.  While Plaintiffs' counsel has indicated that it opposes a stay, this Court has made clear that this factor looks for agreement among the defendants to seek the stay, not among opposing parties.  *See Tuell*, 2017 WL 11249436, at *1 (finding stay of discovery inappropriate given that co-defendant had not joined movant in requesting a stay); *U.S. v. Daily Gazette Co.*, 2007 WL 7575700, at *2 (Oct. 18, 2007) (Copenhaver, J.) (describing this factor as "whether some or all of the defendants join in the request for a stay") (quoting *Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)) (unreported).[2]

"[T]he posture or stage of the litigation."  "Granting a stay is more appropriate when the action is early in the litigation process."  *Blankenship*, 2019 WL 617350, at *4; *see also, e.g.*, *Evans v. TRG Customers Solutions, Inc.*, 2014 WL 2168931, at *1 (May 23, 2014) (Copenhaver, J.) (unreported).  This action is in its infancy: the motion to dismiss was filed just weeks ago, a response to that motion has not been filed, and discovery began just last week.

---

[2] Defendants' counsel met and conferred with Plaintiffs' counsel regarding the Defendants' request to stay discovery, and Plaintiffs' counsel stated that they oppose this motion to stay.

"[E]xpected extent of discovery."   Plaintiffs' counsel has already made clear that they intend to take extensive, time-consuming discovery.  In the Report of the Parties Planning Meeting filed with the Court, the Plaintiffs have requested 100 hours of depositions, 30 percent more than allowed under the Federal Rules of Civil Procedure.  Doc. 24, at 4.  In addition, the Plaintiffs seek 11 months of fact discovery, *id.* at 5, far in excess of the three to seven months recommended by this Court in its Local Rule of Civil Procedure 16.1 Form.  Indeed, Plaintiffs have already served the Defendants with 36 broad requests for production spanning documents created over a five-year period.

The significant volume of expect discovery weighs heavily in favor of granting the motion to stay discovery.  *See Daily Gazette Co*., 2007 WL 7575700, at *2; *E&I Holdings, LLC v. Bellmari Trading USA, Inc*., 2018 WL 5624269, at *1 (S.D. W. Va. Oct. 20, 2018) (Copenhaver, J.) (unpublished).  Indeed, the U.S. District Court for the Southern District of Indiana recently stayed discovery in a case very similar to this case in part because "given the allegations involved, the size of the purported class, and the temporal scope of the claims this case is susceptible to burdensome, costly, and contested discovery." *Ashley W.* Order, at 4.

Other relevant circumstances.  In evaluating the merits of staying discovery, this court should also consider the impact that extensive, burdensome discovery would have on the State's child welfare system.  As explained above, in the Report of the Parties Planning Meeting, the Plaintiffs seek 11 months of discovery and 100 hours of depositions.  Defendants' counsel understands that the Plaintiffs seek an hour limit on depositions – rather than the numerical limit in the Federal Rules of Civil Procedure – because Plaintiffs' counsel may want to depose dozens of state official involved in administering the State's child welfare program.  This may include not just DHHR leadership, but also mid-level DHHR employees and even individual caseworkers.

This type of discovery would interfere with DHHR's critical mission of serving West Virginia's most vulnerable children, and it should at least be stayed until the Court determines whether it has jurisdiction to hear this case and, if so, which claims are at issue.[3]

Just last month, in *Ashley W. v. Holcomb* – a case very similar to this case, brought against the State of Indiana by the same lawyers that brought this case – the U.S. District Court for the Southern District of Indiana granted the State's motion for a partial stay of discovery pending the resolution of the State's dispositive motions. *Ashley W.* Order. That court granted the motion because "the issues briefed by the parties are complex and the potential exists that this Court may not have jurisdiction to consider this litigation [under *Rooker-Feldman* and/or *Younger*]"; a decision on the motion to dismiss "may be dispositive of this complex litigation or may narrow the claims moving forward, which could greatly narrow what has already shown to be expansive discovery requests"; and the case was "susceptible to burdensome, costly, and contested discovery." *Id.* At the same time, the court concluded that "[a] stay will not unduly prejudice the Plaintiffs" because "Plaintiffs do not seek preliminary injunctive relief"; "Plaintiffs have not shown, through particularized argument or demonstrable evidence, how they will be unduly prejudiced by a partial stay"; and Defendants have already "produced substantial discovery." *Id.*

The court's analysis in *Ashley W.* is equally applicable to this case, and the Defendants' motion to stay discovery should be granted for the same reasons the defendants' motion was granted in that case.

---

[3] This Court has also on occasion applied a three-factor analysis in considering whether to stay discovery: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Blankenship*, 2019 WL 617350, at *3 (internal quotations omitted). All three factors also weigh in favor of granting Defendants' motion to stay discovery, for the reasons explained in this memorandum.

**CONCLUSION**

For all of the reasons set forth above, the Court should stay discovery pending the resolution of the Defendants' motion to dismiss.

Respectfully submitted,

/s/ Philip J. Peisch
Philip J. Peisch, DC Bar # 1005423 (pro hac vice)
Caroline M. Brown, DC Bar # 438342 (pro hac vice)
Rebecca E. Smith, DC Bar # 166610 (pro hac vice)
Attorneys for Jim Justice, et al.
Brown & Peisch PLLC
1233 20th Street NW
Washington, DC 20036
Telephone: 202-499-4258
E-mail: ppeisch@brownandpeisch.com

/s/ Steven R. Compton
Steven R. Compton, WV St. Bar # 6562
Attorney for Jim Justice, et al.
West Virginia Attorney General's Office
812 Quarrier Street
Charleston, WV 25301
Telephone: 304-558-2131
Fax: 304-558-0430
Email: Steven.R.Compton@wvago.gov

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of Defendants' Memorandum of Law in Support of the Motion to Dismiss to be delivered to counsel for Plaintiffs via ECF notification.


December 9, 2019

/s/ Philip J. Peisch
Philip J. Peisch, DC St. Bar # 1005423 (pro hac vice)
Caroline M. Brown, DC St. Bar # 438342 (pro hac vice)
Rebecca E. Smith, DC St. Bar # 166610 (pro hac vice)
Attorneys for Jim Justice, et al.
Brown & Peisch PLLC
1233 20th Street NW
Washington, DC 20036
Telephone: 202-499-4258
E-mail: ppeisch@brownandpeisch.com

/s/ Steven R. Compton
Steven R. Compton, WV St. Bar # 6562
Attorney for Jim Justice, et al.
West Virginia Attorney General's Office
812 Quarrier Street
Charleston, WV 25301
Telephone: 304-558-2131
Fax: 304-558-0430
Email: Steven.R.Compton@wvago.gov