UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Jonathan R., minor by Next** | ) | |
| **Friend Sarah DIXON, *et. al.,*** | ) | |
| | ) | |
| | ) | Case No. 3:19-cv-00710 |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Jim JUSTICE, in his official capacity as** | ) | |
| **the Governor of West Virginia, *et al.,*** | ) | |
| *Defendants.* | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY OF DISCOVERY**

The named Plaintiffs, by and through their Next Friends and on behalf of the proposed

Class (collectively, "Plaintiffs"), seek to enjoin the Defendants from operating a foster care system

that routinely violates the Plaintiffs' rights under the United States Constitution and federal law,

including the Adoption Assistance and Child Welfare Act of 1980, the Americans with Disabilities

Act, and Section 504 of the Rehabilitation Act. *See* Compl., ECF No. 1. Defendants, in an attempt

to delay expeditious resolution of this matter, request a stay of all discovery until this Court has

ruled upon their motion to dismiss.

Rule 26(c) of the Federal Rules of Civil Procedure grant this Court authority, for good

cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression,

or undue burden or expense. The moving party bears the burden of showing good cause and

reasonableness for the stay. *See Brown-Thomas v. Hynie*, No. 1:18-cv-02191, 2019 U.S. Dist.

LEXIS 34559, at *20-21 (D.C.S.C. Mar. 5, 2019). Defendants have failed to meet their burden.

1

Defendants are highly unlikely to prevail on their motion to dismiss.[1] Therefore granting a stay until the motion is decided, which could be months from the filing of this response, would cause further irreparable harm to Plaintiffs and the prospective class members who are subject to Defendants' violations of law, and work against the interests of judicial economy by creating additional backlog in this Court. Additionally, Defendants' have failed to provide any information to justify their claim that moving forward with discovery in this matter presents an undue burden or amounts to an unreasonable expense. Lastly, contrary to Defendants' claims, Plaintiffs would be prejudiced by a stay of discovery as any such stay will impede the expeditious disposition of this case. For these reasons, Defendants' motion to stay should be denied.

## PROCEDURAL BACKGROUND

On September 30, 2019, Plaintiffs filed the instant lawsuit challenging Defendants' ongoing violations of their federal constitutional and statutory rights. On November 26, 2019, Defendants filed a motion to dismiss the claims. *See* Defs. Motion, ECF No. 17. Plaintiffs' opposition is due on December 23, 2019 and Defendants' reply is due on January 13, 2019. *See* Dec. 5, 2019 Order, ECF No. 23.

A Rule 26(f) planning conference was held on December 2, 2019, during which counsel for Plaintiffs and Defendants discussed a proposed discovery schedule. Ahead of any discussion

---

[1] *See*, *e.g.*, *M.D. v. Abbott*, 152 F. Supp. 3d 684 (S.D. Tex. 2015) (finding that foster children have the constitutional right to be free from unreasonable risk of harm, which includes protection from both psychological and physical abuse), *aff'd in part*, 907 F.3d 237 (5th Cir. 2018); *Olivia Y. ex rel. Johnson v. Barbour*, 351 F. Supp. 2d 543, 570 (S.D. Miss. 2004) (denying motion to dismiss claims alleging violation of substantive due process right to adequate care and treatment while in foster care); *see also Kenny A. v. Perdue*, 218 F.R.D. 277, 286 (N.D. Ga. 2003) (denying motion to dismiss plaintiff foster children's claims alleging violations of their constitutional and federal rights); *Brian A. by Brooks v. Sundquist*, 149 F. Supp. 2d 941, 956 (M.D. Tenn. 2000) (refusing to dismiss foster children's claim "that Defendants' systematic actions and inactions have violated their rights under the First and Ninth Amendments not to be deprived of family relationships absent compelling reasons").

around the anticipated scope of discovery, Defendants stated that they planned to file a motion to stay discovery with the court. Plaintiffs expressed their intent to oppose the motion.

The following day, Plaintiffs served Defendants with their first set of discovery requests, seeking narrow categories of documents covering a five-year time period specifically tailored to the needs of this case. *See* RFP, Dec. 3, 2019, ECF No. 22. Each item is relevant to the claims, and proportional to the needs of this case. *See* RFP. For example, Plaintiffs sought:

- All documents, including but not limited to current Case Files, Case Files related to any prior CPS cases, CA/N reports, and Information and Referral reports concerning each named Plaintiff child for the entire duration of any and all periods of time during which each named Plaintiff child has been in the physical and legal custody of DHHR including abuse and neglect reports and any other reports prior to entering legal and physical custody of the State. This Request includes, but is not limited to, Documents located in FACTS, and FACTS Plus DHHR's Statewide Automated Child Welfare Information System. (RFP No. 1).

- Documents sufficient to show the number of Foster Children in the physical and legal custody of DHHR who have been categorized as having a Disability sufficient to qualify for treatment under the ADA, as of June 30, 2019. (RFP No. 4).

- Any and all policies and procedures, internal operating procedures, and/or directives concerning service providers, including Your selection of and contracting with service providers and supervision, oversight, and evaluation of service providers, including but not limited to clinical reviews, contract reviews, and financial reviews. (RFP No. 26).

On December 5, 2019, during a conference call, Defendants agreed to provide limited discovery. They also agreed to provide case files of Named Plaintiffs who are represented by a West Virginia court-appointed *guardian ad litem*. Notably, only five of the 13 Named Plaintiffs have *guardians ad litem* serving as their next friends.

On December 9, 2019, Defendants filed their motion to stay discovery, and two days later Plaintiffs received a USB flash largely containing policies and procedures, organizational charts, and program guides.

**ARGUMENT**

It is well established that a pending motion to dismiss does not typically warrant a stay of discovery. *See Brown-Thomas*, 2019 U.S. Dist. LEXIS 34559, at \*20. Instead, a party seeking a stay "must justify it by clear and convincing circumstances outweighing potential harm" to the non-moving party. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

There is a "general policy disfavoring the stay of discovery." *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988); *see also Brown-Thomas*, 2019 U.S. Dist. 34559, at \*10, ll (motions to stay are "generally disfavored because delaying discovery may cause case management problems as the case progresses or impede the court's responsibility to expedite discovery.") As the Supreme Court has advised, "a stay is not a matter of right, even if irreparable injury might otherwise result…[i]t is instead an exercise of Judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Tr. V. Chrysler LLC*, 556 U.S. 960, 129 S. Ct. 2275, 2276-77 (2009).

A stay of discovery is only appropriate where the moving party has made a strong showing of "good cause and reasonableness" supported by "a particular and specific demonstration of fact". Fed. R. Civ. Proc. 26(c); *see also Kron Med. Corp.*, 119 F.R.D. at 637; *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Presenting the court with conclusory statements and stereotypes will not suffice to meet this burden. *See Gulf Oil Co.*, 452 U.S. at 102. The argument that the moving party will succeed on the motion to dismiss and that the cost of discovery is high, entails both conclusory statements and stereotypes, and does not satisfy Rule 26(c)'s good cause requirement. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (9th Cir. 1990) ("Had the Federal rules contemplated that a motion to dismiss…would stay discovery, the rules would

contain a provision to that effect"). Such general arguments could be said to apply to any reasonably large civil litigation and this reasoning works to undercut the Federal Rules' liberal discovery provisions. *See id.*

Although the power to stay proceedings is included in the inherent authority of every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants, whether a court should grant or deny a motion to stay calls for a balance of the various factors relevant to the expeditious and comprehensive disposition of the cause of action in question. *See Brown-Thomas*, 2019 U.S. Dist. LEXIS 34559, at \*9. The Fourth Circuit, including the West Virginia Southern District Court, has identified three factors to consider when determining whether to grant a motion to stay discovery: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin., Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (internal quotations omitted). None of these factors weighs in favor of this Court granting a stay.

### A. Staying Discovery Will Unnecessarily Delay This Case Because Defendants Are Unlikely to Prevail on Their Motion to Dismiss.

In determining whether to stay discovery pending the outcome of dispositive motions, courts often consider the type of motion filed, and whether said motion is a legal challenge or dispute over the sufficiency of the allegations contained in the pleadings. *See Brown-Thomas*, 2019 U.S. Dist. LEXIS 34559, at \*10-11. While Plaintiffs acknowledge that the Defendants' motion to dismiss amounts to a challenge of the validity of the complaint, the filing of a dispositive motion does not, by itself, warrant the issuance of a stay. *See id.* at 11.

In the case at hand, Defendants' motion to dismiss is based primarily upon claims that this Court lacks jurisdiction and that Plaintiffs have failed to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* Defs. Mem., ECF No. 18. A preview of the merits

of Defendants' jurisdictional arguments unquestionably favors denial of a stay of discovery. As discussed in detail in Plaintiffs' opposition to Defendants' motion, Defendants' *Rooker-Feldman* and *Younger* abstention arguments are unfounded, and similar arguments pursuant to Rule 12(b)(6) involving state agencies have been rejected by numerous federal courts.

Abstention has routinely been denied in virtually all similar cases in the last decade. *See*, *e.g.*, *Olivia Y. ex rel. Johnson v. Barbour*, 351 F.Supp.2d 543, 570 (S.D. Miss. 2004) (stating that the court would be "hard-pressed to conclude that any specific relief plaintiffs seek in this action would necessarily interfere with ongoing youth court proceedings"); *see also Tinsley v. McKay*, 156 F.Supp.3d 1024, 1043-44 (D. Ariz. 2015) (*Younger* abstention unwarranted where proposed relief was not directly aimed at the functioning of juvenile courts); *Kenny A. v. Perdue*, 218 F.R.D. 277, 286 (N.D. Ga. 2003) (no interference because "the declaratory and injunctive relief plaintiffs seek is not directed and their [periodic juvenile court] review hearings, or at Georgia's juvenile courts, juvenile court judges, or juvenile court personnel. Rather, plaintiffs seek relief directed solely at executive branch defendants to remedy their alleged failures as plaintiffs' custodians"); *Nicholson v. Williams*, 203 F.Supp.2d 153, 231 (E.D.N.Y. 2002) (declining to abstain pursuant to *Younger* in case challenging child welfare agency's policy of finding children neglected where parent was victim of domestic violence and finding no interference where "the injunctive relief this court grants targets general [agency] practices"); *Brian A. ex rel. Brooks v. Sundquist*, 149 F.Supp.2d 941, 957 (M.D. Tenn. 2000) (observing that "nothing about this litigation seeks to interfere with or enjoin" ongoing state family court proceedings); *L.H. v. Jamieson*, 643 F.2d 1351, 1354 (9th Cir. 1981) (*Younger* abstention unwarranted because relief sought did not "have the wholly disruptive consequences associated with enjoining a state judicial proceeding").

Moreover, courts have consistently upheld at least the due process claims in similar cases. *See*, *e.g.*, *M.D. v. Abbott*, 907 F.3d 237, 264 (5th Cir. 2018) (finding that defendants had violated foster children's substantive due process rights through policies and practices that "cause[d] all [foster] children to be exposed to a serious risk of physical and psychological harm"); *Connor B. v. Patrick*, 771 F. Supp. 2d 142, 161 (D. Mass. 2011); *Olivia Y.*, 351 F. Supp. 2d at 556 (denying motion to dismiss constitutional claims because plaintiffs had sufficiently alleged "a violation of their substantive due process right to adequate care and treatment while in state custody"); *Brian A. by Brooks*, 149 F. Supp. 2d at 954; *Marisol A. by Forbes v. Giuliani*, 929 F. Supp. 662, 675 (S.D.N.Y. 1996).

The cases to which Defendants cite in support of their motion to stay are distinguishable. In *Boudreaux Grp., Inc. v. Nexsen*, the District of South Carolina granted a motion to stay discovery, but not solely because of the dispositive nature of the pending motion to dismiss. No. 8:18-cv-1489, 2018 U.S. Dist. LEXIS 228859, at *11-12 (D.S.C. Nov. 20, 2018). Specifically, in conjunction with their motion to dismiss, defendants moved to stay the federal proceeding pending disposition of a related case before the Office of the State Engineer (OSE), wherein it was undisputed that a portion of the claims before the court were identical to the claims before the OSE. *See id.*

In *Purvis v. Pitt Cnty. Sch.*, the court stayed discovery pending resolution of defendants' motion to dismiss a pro se plaintiff's complaint. Notably, the plaintiff failed to respond to the motion to dismiss in the requisite period of time. No. 4:12-cv-00054, 2013 U.S. Dist. LEXIS 100563, at *1-3 (E.D.N.C. July 18, 2013) (noting "[f]actors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against

particular defendants, **strong support for the dispositive motion on the merits**, and irrelevancy of the discovery at issue to the dispositive motion" [emphasis added]).

Moreover, Defendants fail to cite even a single case granting a motion to stay pending a motion to dismiss under the *Rooker-Feldman* doctrine or *Younger* abstention, thus demonstrating within their own memorandum that there is no strong support for their motion to dismiss. *See generally* Def. Mem. Supp., ECF No. 27 ("ECF No. 27").

With regard to Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), that too does not in itself warrant a stay. Any decision to the contrary would upend the legal system, as every defendant would routinely move to dismiss every claim as a delay tactic. Accordingly, Defendants set forth no unique facts or circumstances justifying a stay in this case that could not be applied to any case where there is a dispositive motion pending. Determining that a stay is warranted in the matter at hand would be no different than establishing a *per se* rule that litigation is stayed any time a dispositive motion is pending. For these reasons, the Court's analysis should weigh in favor of denial of the Defendants' motion.

### B.  Because Defendants Provide Only Broad Allegations Of Undue Burden And Expense, The Motion To Stay Should Be Denied.

To establish good case for staying discovery, the movant "may not rely upon stereotyped and conclusory statements, but must present a particular and specific demonstration of fact . . . ." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (noting the "good cause requirement creates a rather high hurdle for proponents"). Defendants fail to make the requisite demonstration of fact, instead relying upon broad assertions that "[t]he issues in this case are indisputably complex" and "significant discovery [is] implicated by the complexity of this case." ECF No. 27 at 6.

Aside from broad assertions of complexity and the likely volume of discovery, Defendants' also note that Plaintiffs' requested additional time to conduct discovery outside of the amount permitted under the Fed. R. Civ. P. *Id*. at 7-8. While Plaintiffs' acknowledge that discovery in this matter is likely to be voluminous due to the complex nature of the case, this consideration cuts both ways. Defendants' again rest the entirety of their support for a stay on the premise that, should their motion to dismiss be granted, resources devoted to complying with discovery requests would be fruitless. *See id*.at 5. In the same vein, should the Court grant the Defendants' motion for a stay of discovery, but deny their motion to dismiss, the need for discovery in this matter will be unchanged, the schedule for its completion will require extension, and resolution of this matter will be unnecessarily delayed. As such, the Plaintiffs, and the judicial system, would be prejudiced by any stay of discovery as any such stay would impede expeditious litigation of these proceedings.

Defendants fail to offer any specific information regarding the alleged undue burden and expense of proceeding with discovery in this matter. *See generally id.* Though Defendants' claim that the discovery sought by Plaintiffs is "extensive" and "time-consuming", they provide no affidavits, evidence, or additional insight whatsoever relating to the amount of time, expense, or effort required to obtain and produce the information sought in the requests for production which have been served in this matter. *Id*. at 8.

This Court, and others, have consistently held that broad unsupported statements are insufficient to support a stay of discovery. *See In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2187, 2014 U.S. Dist. LEXIS 57890, at *2792-94 (S.D. W. Va. Apr. 22, 2014) (denying motion to stay production of documents due to failure of moving party to provide particularized showing of harm to competitive and financial position); *See also Jones v. Heil Process Equip., LLC*, No. 3:13-cv-22811, 2014 U.S. Dist. LEXIS 56373, at *6-10 (S.D. W. Va. Apr. 17, 2014)

9

(denying motion to stay transfer of physical custody of evidence due to moving party's broad and speculative allegations); *Byard v. Verizon W. Va., Inc.*, No. 1:11-cv-132, 2013 U.S. Dist. LEXIS 148266, at *11 (N.D. W. Va. Oct. 15, 2013) (motion to stay production of documents denied because moving party failed to provide particular, specific facts to show what harm would be suffered by disclosure). Because Defendants fail to provide specific facts to support the undue burden and expense they allege, instead hinging their entire argument on the hoped success of their pending motion to dismiss, their motion to stay discovery should be denied.

### C. Defendants' Motion to Stay of Discovery Should Be Denied Because It Will Unduly Prejudice Plaintiffs And Fail To Benefit Expeditious Disposition Of These Proceedings.

Finally, consideration of the relevant factors weighs against granting a stay of discovery. *See White,* 969 F. Supp. 2d at 462 (the "general policy" against granting a stay of discovery may be set aside only after careful consideration of the relevant factors). Indeed, "discovery is normally to be accorded a broad and liberal treatment" because "the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *Wardius v. Or.,* 412 U.S. 470, 473 (1973).

*First*, a stay of discovery would hamper the interests of judicial economy and impede the court's ability to ensure that litigation proceeds expeditiously. *See Kron Med. Corp.,* 119 F.R.D. at 637 ("disruption or prolongation of the discovery schedule is normally in no one's interest"). While the Court must "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants", it must also "remain mindful of its responsibility to expedite discovery and minimize delay." *Medlin v. Andrew,* 113 F.R.D. 650, 652-53 (M.D.N.C. 1987); *see also Parkway Gallery Furniture V. Kittinger/Pennsylvania House Grp., Inc.,* 116

F.R.D. 363, 365 (M.D.N.C. 1987). Departure from the normal trial track creates a "management problem" and allows the dispute "more opportunity for festering." *Kron Med. Corp.,* 119 F.R.D. 636, 637 (M.D.N.C. 1988). Here, because Plaintiffs are likely to survive the motion to dismiss (*see supra* Section A), granting the motion to stay will only have the effect of causing delay and creating case management issues that work against the interests of judicial economy. *Id* at 638. ("A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted" and "a case becomes more of a management problem to the court when it leaves the normal trial track").

*Second,* Defendants fail to offer any support that proceeding with litigation will cause them "undue burden" other than to complain that discovery will be expensive and that Plaintiffs' requests for the production of documents are broad. However, this argument is disingenuous as Defendants' decision to file a motion to stay was rendered before they received Plaintiffs' discovery requests. Moreover, Plaintiffs' requests were specific and narrowly tailored to the needs of this case. *See* RFP. Without support, this argument consists of nothing more than conclusory statements. *See Gulf Oil Co.,* 452 U.S. at 102 (the party seeking a stay of discovery must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"). If, as a rule, this general argument is sufficient to support a stay, such a rule would undercut the Federal Rules' liberal discovery provisions. *Hickman,* 329 U.S. at 507.

Besides, the costs of discovery are overshadowed by the public interests at stake. Here, the public interest in ensuring the safety and well-being of the state's foster children, as well as ensuring the state has a properly functioning child welfare system, significantly outweighs the costs of discovery to be incurred by the moving party.

**Third,** staying discovery in this matter would unduly prejudice the Plaintiffs. Plaintiffs require a timely resolution of this matter. Critically, in this month alone, an abused West Virginia child died and DHHR was sued, in connection with a separate case, on allegations that it failed to adequately protect a young girl.[2] The urgency in this matter is especially appreciated by the citizens of West Virginia. As one such citizen aptly stated, "there is a foster care crisis in our state. We have more children-per-capital in foster care than any other state…caseworkers are overworked and many cases are often not thoroughly investigated…an increased number of older foster children [are] running away… because teens are frequently placed in shelters…tragically, some of these runaways [] become too old for state care before they are found… children get lost in the system…."[3] Moreover, Plaintiffs intend to move for class certification and are at risk of losing the engagement of subject-matter specific experts, who have limited availability, if the Court stays discovery.

Because Defendants are unlikely to prevail on their motion to dismiss, granting a stay until the motion is decided, would cause further irreparable harm to Plaintiffs and the nearly 6,800 children currently in foster care.

## CONCLUSION

For the reasons stated herein, Defendants' have failed to show good cause to justify a stay of discovery pending disposition of their motion to dismiss. As such, this Court should deny Defendants' motion in its entirety.

---

[2] *See* Dad, 2 women arrested in death of abused West Virginia girl, NBC News, Dec. 11, 2019, *available at* https://www.nbcnews.com/news/us-news/dad-2-women-arrested-death-abused-west-virginia-girl-n1099671; A WV girl told adults her father impregnated her. CPS left her in her father's home anyway, lawsuit says, Charleston Gazette-Mail, Dec. 5, 2019, *available at* https://www.wvgazettemail.com/news/legal_affairs/a-wv-girl-told-adults-her-father-impregnated-her-cps/article_4184ba6e-a7e5-5b46-bcc0-ea5e0fe4ddd0.html;
[3] West Virginia's foster care system is FUBAR, The Shepherdstown Chronicle, Dec. 6, 2019, *available at* http://www.shepherdstownchronicle.com/page/content.detail/id/518518/West-Virginia-s-foster-care-system-is-FUBAR.html?nav=5153.

Dated: December 20, 2019

Respectfully submitted,

*/s/ Marcia Robinson Lowry*
Marcia Lowry, *admitted pro hac vice*
mlowry@abetterchildhood.org
Allison Mahoney, *admitted pro hac vice*
amahoney@abetterchildhood.org
Dawn Post, *admitted pro hac vice*
dpost@abetterchildhood.org
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
Brian L. Ooten, WVSB #9358
booten@shafferlaw.net
2116 Kanawha Boulevard East
Charleston, WV 25311
Tel: (304) 344-8716
Fax: (304) 344-1481

*/s/ Jeremiah Underhill*
Disability Rights of West Virginia
Jeremiah Underhill, WVSB #13094
junderhill@drofwv.org
Erin Snyder, WVSB #13094
esnyder@drofwv.org
Lori Waller, WVSB #11303
lwaller@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687

*Attorneys for Plaintiffs*