UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ASHLEY W., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:19-cv-00129-RLY-MPB |
| ) | |
| ERIC HOLCOMB, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO STAY DISCOVERY**

The Named Plaintiffs, through their Next Friends and on behalf of the proposed Class (collectively, "Plaintiffs"), bring this action, seeking declaratory and injunctive relief against Indiana's Department of Child Services and state officials challenging purported structural deficiencies and action or inactions by the various Defendants, which they conclude violate the statutory and constitutional rights of children dependent on the Indiana child welfare system. (Docket No. 16-1 at ECF p. 5, ¶ 13). Defendants filed a *Partial Motion to Stay Burdensome Discovery Pending Adjudication of Fully Briefed Rule 12(b)(1) and 12(b)(6) Dismissal Motion*. (Docket No. 81). This matter is fully briefed with a response (Docket No. 87), reply (Docket No. 89), and supplement to the reply (Docket No. 90). Defendants request that discovery be stayed pending the Court's resolution of its August 14, 2019, motion, except for limited materials that Defendants have agreed to produce. (Docket No. 81; Docket No. 82). For the reasons that follow the Court **GRANTS** Defendants' motion and **ORDERS** the parties manage discovery in conjunction with this Order.

On June 26, 2019, Plaintiffs filed an Amended Class Action Complaint. (Docket No. 16-1). In response to the Amended Complaint, Defendants moved to dismiss on August 14 (Docket

No. 38; Docket No. 43), raising Fed R. Civ. P. 12(b)(1) jurisdictional issues under the *Rooker-Feldman* doctrine and *Younger* abstention, and also asserting under Rule 12(b)(6) that the Amended Complaint fails to state a claim for relief. (Docket No. 81 at ECF p. 4). That motion is ripe. (Docket No. 61; Docket No. 80).

This Court may limit the scope of discovery pursuant to Federal Rules of Civil Procedure 26(c) and (d). However, "[t]he filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion." *Duneland Dialysis LLC v. Anthem Ins. Co., Inc.*, No. 4:09-cv-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010). In deciding whether to enter a stay the following factors may be considered: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Lab. Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004).

Defendants argue that a stay is appropriate because the pending motion to dismiss goes to jurisdictional issues and because all three factors this Court has used to assess the appropriateness of a stay weigh in favor of staying discovery. (Docket No. 81 at ECF p. 6). Defendants only seek a partial stay and will provide some discovery regardless of how the Court rules on the instant motion. (*Id.*). Plaintiffs assert a stay would cause irreparable harm to Plaintiffs and the class members and "create additional backlog in this Court." (Docket No. 87 at ECF p. 5).

A partial stay as the Defendants have proposed in this case is appropriate. A stay is appropriate "where the motion to dismiss can resolve the case, where ongoing discovery is

unlikely to produce facts necessary to defeat the motion," *Duneland Dialysis LLC*, 2010 WL 1418392, at *2, or where the motion raises a threshold issue of standing, jurisdiction or qualified immunity. *Methodist Health Servs. Cor. v. OSF Healthcare Sys.*, No. 13-1054, 2014 WL 1797674 (C.D. Ill. May 6, 2014). The *Younger* doctrine prohibits federal courts from intervening in ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). The *Rooker-Feldman* doctrine holds that district courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Although this magistrate judge does not intend to predict the ruling on Defendants' motion to dismiss, the issues briefed by the parties are complex and the potential exists that this Court may not have jurisdiction to consider this litigation.

The three factors this Court considers in assessing a stay request also weigh in favor of a partial stay. A stay will not unduly prejudice the Plaintiffs. Plaintiffs do not seek preliminary injunctive relief. Plaintiffs have not shown, through particularized argument or demonstrable evidence, how they will be unduly prejudiced by a partial stay. Moreover, while the instant motion has been pending and consistent with the parties' meet and confer conducted pursuant to this magistrate judge's direction, Defendants have produced substantial discovery, including 2,987 documents consisting of 39,759 pages of records. (Docket No. 90; Docket No. 90-1). These records have included production related to the ten named Plaintiff children, DCS policies and reports, and records related to analysis and progress reports. (*Id.*). The Court is mindful that this matter involves children within Defendants' care and custody, thus the public's interest in furthering the truth-seeking function in this case is high. The considerable amount of early-discovery balances the importance of that function with the other needs of this case.

The second factor also weighs in favor of a stay. Plaintiffs' eighty-five-page Amended Class Action Complaint sets forth four counts. (Docket No. 16-1). The purported class includes "at least 22,000 children." (Docket No. 16-1 at ECF p. 11, ¶ 37). An entry on the motion to dismiss may be dispositive of this complex litigation or may narrow the claims moving forward, which could greatly narrow what has already shown to be expansive discovery requests. The third factor also weighs in favor of a stay. Given the allegations involved, the size of the purported class, and the temporal scope of the claims this case is susceptible to burdensome, costly, and contested discovery. Plaintiffs have already served Defendants with 52 requests for production that cover a five-year time span. (Docket No. 81-1). Defendants indicate that some of these requests would require them to review files of tens of thousands of children. (Docket No. 89 at ECF p. 2). A stay will reduce the burden of litigation on the parties and this busy Court as, even at this early stage, it is apparent that much of the discovery in this matter may be disputed. *See Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 WL 4345432 (N.D. Ind. Sept. 15, 2011) ("If the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed.")

For those reasons, Defendants' *Partial Motion to Stay Burdensome Discovery Pending Adjudication of Fully Briefed Rule 12(b)(1) and 12(b)(6) Dismissal Motion* is **GRANTED**. (Docket No. 81). Defendants shall produce the limited materials (e.g., case files on named Plaintiffs, and DCS policies and procedures) in response to any September 3, 2019 Requests for Production, and in alignment with the parties' previous meet and confer discussion, to the extent that they have not already done so. **If this matter is not fully resolved by an entry on Defendants' motion to dismiss, then the parties shall submit an amended, joint-proposed**

**case management plan setting forth revised dates for the remaining deadlines within fourteen days of an entry on the motion to dismiss.**

   **SO ORDERED.**

   Date: 10/31/2019

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana


Served electronically on all ECF-registered counsel of record.