**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

| | |
|---|---|
| **Jonathan R., minor, by Next Friend, Sarah DIXON**, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) Class Action<br>) 3:19-cv-00710 |
| v. | )<br>) |
| **Jim JUSTICE, in his official capacity as the Governor of West Virginia**, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**DECLARATION OF RICHARD W. WALTERS IN SUPPORT OF NAMED PLAINTIFF CHILDREN'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

I, Richard W. Walters, declare the following:

1. I am a Partner of the law firm Shaffer & Shaffer, PLLC ("Shaffer & Shaffer"), and an attorney in good standing in the state and federal courts in West Virginia. Along with co-counsel, I represent the Plaintiffs in the above-captioned matter.

2. Shaffer & Shaffer has extensive experience and background to adequately represent the proposed class, with the assistance of the legal resources of A Better Childhood ("ABC") and Disability Rights of West Virginia ("DRWV").

3. Shaffer & Shaffer, PLLC is a full-service West Virginia law firm started in 1909 and currently employing twelve attorneys within two offices in the State of West Virginia. The firm has experience in class action litigation, complex litigation, and matters involving child abuse and neglect, the ADA, and Section 504 of the Rehabilitation Act. Shaffer & Shaffer has committed a team of attorneys dedicated to this matter including Partner Richard W. Walters and

Associate J. Alexander Meade.

4. I was admitted to practice in West Virginia in 1995. I have been admitted to practice before the U.S. District Court for the Southern District of West Virginia since 1995 as well as the United States Court of Appeals for the Fourth Circuit and U.S. District Court for the Northern District of West Virginia. I have also served as the Municipal Court Judge for the City of Nitro, West Virginia since 2010. I have extensive experience representing clients pursuant to the ADA in state and federal courts as well as the West Virginia Human Rights Commission and the EEOC. I have also been involved in complex and mass litigation. *See, e.g., In re Flood Litig. Coal River Watershed,* 668 S.E.2d 203, 222 W. Va. 574 (W. Va. Mass Litigation Panel); *White v. St. Mary's Med. Ctr., Inc.*, No. 3:17-cv-03916 (S.D. W. Va. 2017) (disability and FMLA discrimination); *Roberts v. GeStamp W. Va., LLC*., No. 2:19-cv-00854 (S.D. W. Va. 2019) (violations of the ADA, FMLA, and WVHRA); *Louk v. Cowin & Co., Inc*., No. 2:12-cv-7581 (S.D. W. Va. 2012) (disability and FMLA discrimination).

5. J. Alexander Meade was admitted to practice in West Virginia in 2016. Likewise, he has been admitted to practice before the U.S. District Court for the Southern District of West Virginia since 2016. Mr. Meade has extensive experience representing adults and children in abuse and neglect actions pursuant to the controlling provisions of W. Va. Code § 49-4-604, et. seq. and Title IV(e) of the Social Security Act as well as families who have suffered civil rights violations as a result of educational deprivations under the Individuals with Disabilities Education Act. *See, e.g., In re: P.A., D.A., and E.A.*, Nos. 17-0715 and 17-0735 (W.Va. 2017) and *C.M., et al. v. Wood County Schools*, No. 19-cv-00108 (S.D. W. Va. April 22, 2019).

6. ABC has been counsel of record in many class action lawsuits representing children in foster care. *See* Declaration of Marcia Lowry, at ¶¶ 3-11.

7. DRWV is the designated protection and advocacy agency for the state of West Virginia pursuant to the Developmental Disabilities Assistance and Bill of Rights Act. They have extensive experience and expertise representing individuals with disabilities in order to cause systemic changes to improve services and access to services for West Virginians with disabilities. Disability Rights is currently representing named plaintiffs, who are seeking claims on behalf of a proposed class, on a special education matter. *See G.T. v. The Bd. of Educ. Of the Cnty. Of Kanawha*, 2:20-cv-00057 (S.D. W.Va. filed Jan. 24, 2020).

8. DRWV Staff Attorney Lori Waller is dedicated to fully litigating this matter. Ms. Waller was admitted to practice in West Virginia in 2010. Ms. Waller has been admitted to the bar and worked in Pennsylvania, New York and West Virginia. In Pennsylvania, she represented parents in abuse and neglect proceedings and in New York, she represented sex offenders subject to civil commitment. In West Virginia, Ms. Waller has worked as both appellate counsel and a juvenile justice attorney. Ms. Waller served as the statewide juvenile justice resource attorney while working for Public Defender Services. She also wrote "Defending Youth in Juvenile Court: Juvenile Law & Procedure in West Virginia,"[1] which serves as a manual for juvenile justice attorneys in the state. At Disability Rights of West Virginia, Ms. Waller specializes in special education cases. In addition to her law degree, Ms. Waller also has a Master of Arts in clinical and forensic psychology with significant work toward a doctorate degree.

9. The Plaintiffs' counsel began investigating the claims at issue in the case at least as early as January 2019. The Plaintiffs' counsel have conducted site visits at facilities holding West Virginia foster children and spoken to dozens of West Virginia children in foster care.

---

[1] Lori Waller & Amanda Powell, Defending Youth in Juvenile Court: Juvenile Law & Procedure in West Virginia, Georgetown Law Juvenile Justice Initiative, 2019, *available at* https://pds.wv.gov/Criminal-Law-Research-Center/publications/Documents/DefendingYouthInJuvenileCourtWV.pdf.

Plaintiffs' counsel have spent hundreds of hours speaking to people involved in the child welfare system, reviewing records, and assessing the status of the West Virginia child welfare system.

10. Plaintiffs' counsel have invested adequate resources in litigating the case and are prepared to litigate the matter to an appropriate outcome. Particularly in light of Ms. Lowry's unique experience litigating such cases, the Plaintiffs' counsel know the resources needed for such litigation. Plaintiffs' counsel have the combination of knowledge and resources to effectively litigate this matter.

11. To date, Plaintiffs' counsel have retained multiple experts at substantial expense. Out-of-state counsel have made numerous trips to West Virginia. Plaintiffs' counsel have pursued four deposition of state defendants under Rule 30(b)(6). Plaintiffs' counsel have obtained and are reviewing hundreds of thousands of pages of discovery materials.

12. Plaintiffs' counsel have no conflicts of interests with the Named Plaintiffs or any known individual within the proposed class or proposed subclasses. Among the Plaintiffs' counsel, none of the counsel have any conflict relating to the defendants.

13. Plaintiffs' counsel have been appointed as class counsel in dozens of cases. *See, e.g. M.D. ex rel. Stukenberg v. Perry*, 294 F.R.D. 7, 46 (S.D. Tex. 2013) (citing counsel's "extensive experience"); *Connor B. ex rel. Vigurs v. Patrick*, 272 F.R.D. 288, 297 (D. Mass. 2011) (citing "many years of experience litigating similar class actions across the country"); *Pettry et al. v. Peabody Holding Comp.*, No. 06-C-124M (W. Va. Circuit Court, Marshall County) (Toxic Chemical/Acrylamide Class Action); *In re Flood Litig. Coal River Watershed*, 668 S.E.2d 203, 222 W. Va. 574 (W. Va. Mass Litigation Panel); *In Re: Opioid Litigation*, No. 19-C-9000 (W. Va. Cir. Ct. Kanawha County) (W. Va. Mass Litigation Panel). None of Plaintiffs' counsel have ever been denied the opportunity to represent a class because of counsel's inadequacy to do

so.

14.     Prior to filing, the Plaintiffs reached out to the defendants to inquire if they would agree to the adequacy of counsel for the purpose of appointment of counsel under Rule 23(g). The defendants refused to stipulate to the adequacy of counsel, but did not give any reasons for counsels' inadequacy, identify any supposed conflicts, or raise any specific concerns under Rule 23(g).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of September 2020, at Charleston, West Virginia.

Respectfully submitted,

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 344-8716
Fax: (304) 344-1481