# Exhibit 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELISA W., et al.,

     Plaintiffs,

 -v-                                                         No. 15 CV 5273-LTS-HBP

THE CITY OF NEW YORK, et al.,

     Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

        The named Plaintiffs in this case are children in the New York City foster care system, who have moved to certify this case as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Plaintiffs request certification of a class consisting of "children who are now or will be in the foster care custody of the Commissioner of New York City's Administration for Children's Services." (See docket entry no. 88, Memorandum of Law in Support of Named Plaintiff Childrens' Amended Motion for Class Certification ("Pl. Opening Mem."), at 17.) For the reasons set forth below, Plaintiffs' motion for class certification is denied without prejudice to renewal.

## DISCUSSION

        In order to certify a plaintiff class, this Court must first determine that the plaintiffs have demonstrated that the four prerequisites of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy of representation. See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011). The Court must then determine whether the plaintiffs have

demonstrated that the requisites of a provision of Rule 23(b) have also been met. See Sykes v. Mel S. Harris and Assocs. LLC, 780 F.3d 70, 80 (2d Cir. 2015). Pursuant to Rule 23(c)(5), the Court may also divide a class into "subclasses that are each treated as a class" for purposes of the action. Plaintiffs have the burden of affirmatively demonstrating that all of the requirements of Rule 23 are in fact met; a rigorous analytical process is required before a motion for class certification may be granted. Wal-Mart, 564 U.S. at 350-51.

Here, while the numerosity of the proposed class is uncontested, the Rule 23(a) questions of commonality, typicality, and adequate representation are. To meet their evidentiary burden to "affirmatively demonstrate . . . compliance with" Rule 23, see Wal-Mart, 564 U.S. at 350, Plaintiffs rely exclusively on the allegations of their Amended Complaint (docket entry no. 91) and published studies of varying degrees of apparent statistical and factual significance in making their arguments for certification. (See generally Pl. Opening Mem. at 2-11.)

Defendants have proffered evidence that calls into question the veracity of some of the factual allegations in the Amended Complaint and the degree to which those allegations reflect the perspective of the named Plaintiffs and those who have represented them in foster care proceedings, as opposed to the views of other stakeholders in Plaintiffs' particular foster care cases whose interests may not be entirely consonant with those of the named Plaintiff children. Defendants' evidence calls into question both the reliability of the specific factual assertions in the Amended Complaint and the consistency of Plaintiffs' broad assertions therein that problems (such as mental health issues, undue length of time in foster care, and lack of successful resolution of obstacles to family reunification) are attributable to faulty management and oversight of the foster care system and thus are central common factual issues that can be addressed with the sort of "one-stroke" determination that is contemplated by the class action

mechanism.  Wal-Mart, 564 U.S. at 350.  In addition to the threshold absence of competent proffers of an evidentiary nature, there is a dearth even of allegations concerning case work and conditions at most of the separate third-party agencies with which New York City contracts to provide foster care, adoption, and reunification services, and thus Plaintiffs have not demonstrated that there are common questions of the breadth claimed by Plaintiffs in connection with the instant motion.  See Wal-Mart, 564 U.S. at 353 (requiring that plaintiffs provide "significant proof" of the allegations supporting compliance with the requirements of Rule 23(a)).

Indeed, the very breadth of the common questions framed by Plaintiffs – e.g., "whether Defendants operate a foster care system with such significant structural deficiencies that Plaintiff Children are not protected from physical, psychological and emotional harm" and "whether Defendants' long-standing and well documented actions and inactions violate Plaintiff Children's rights under the due process clause of the Fourteenth Amendment" (see Pl. Opening Mem. at 18-19) – undermines Plaintiffs' ability to demonstrate that certification of a broad unitary class of children who are or will be in foster care is appropriate.  See Wal-Mart, 564 U.S. at 350.  Even prior to Wal-Mart, in the Marisol A. v. Giuliani foster care litigation, the Second Circuit, while holding that certification of a broad plaintiff class on conceptional grounds was not an abuse of discretion under the law as then in effect, instructed that a further "rigorous analysis of the plaintiffs' legal claims and factual circumstances" was required, "in order to ensure that appropriate subclasses are identified, that each subclass is tied to one or more suitable representatives, and that each subclass satisfies Rule 23(b)(2)."  126 F.3d 372, 378-79 (1997).

On this record, the Court cannot conclude that Plaintiffs have met their burden of

affirmatively demonstrating that each of the Rule 23(a) requirements is met as to the proposed plaintiff class. Plaintiffs' motion for class certification is accordingly denied, without prejudice to renewal on an evidentiary record that demonstrates satisfaction of the requirements of Rules 23(a) and 23(b)(2) as to both the broad class and appropriate subclasses.

## CONCLUSION

Plaintiffs' motion for class certification is denied without prejudice to renewal in a manner consistent with this Memorandum Order. This Memorandum Order resolves docket entry no. 87.

This case remains referred to Magistrate Judge Pitman for general pre-trial management. The next pre-trial conference in this matter is scheduled for November 18, 2016, at 10:30 a.m.

SO ORDERED.

Dated: New York, New York
      September 27, 2016

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge