UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JONATHAN R., *et al.*,

    *Plaintiffs*,

v.

JIM JUSTICE, in his official capacity as Governor of West Virginia, *et al.*,

    *Defendants.*

Case No. 3:19-cv-00710

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE CLAIMS OF NAMED PLAINTIFF JONATHAN R.**

In this case, Plaintiffs bring claims on behalf of a putative class of "children . . . who are or will be in the legal and physical custody of [the Department of Health and Human Resources ('DHHR')]." Compl. ¶ 30.

Named Plaintiff Jonathan R. is no longer in "the legal and physical custody of DHHR," and therefore he is not a number of the putative class, his claims are moot, and he lacks standing to pursue claims in this case, either individually or on behalf of the putative class.

**BACKGROUND**



1

While he continues to receive services and benefits through DHHR, Jonathan is no longer in the legal or physical custody of the Department.

## ARGUMENT

A motion to dismiss is warranted when a complaint fails to "present factual allegations that 'state a claim to relief that is plausible on its face.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In deciding a motion to dismiss, courts may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic," *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

A case is moot, and a court lacks jurisdiction to hear it, "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "[T]he inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *U.S. v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (internal citations omitted).

For the purposes of Article III, a "case or controversy" "must be extant <u>at all stages of review, not merely at the time the complaint is filed</u>.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (emphasis added); *see also Grimm v. Gloucester Cty. Sch. Bd.*, 869 F.3d 286, 290 (4th Cir. 2017)

("[A]t any stage of litigation, a federal court must have jurisdiction to resolve the merits of a dispute. . . .").

In this case, Jonathan R.'s claims are moot because he has reached the age of 18, is no longer in DHHR custody, and is no longer a member of the putative general class or subclasses. *See, e.g.*, W. Va. Code § 49-4-113. Plaintiffs have limited their putative general class, as well as all their putative subclasses, to children "who are or will be in the legal and physical custody of DHHR," Compl. ¶30(a), and they seek relief only "[f]or children in the" putative general class and subclasses, *see* Compl. ¶ 405(a), (b), (c), (d). Because Jonathan is no longer (and will never again be) in the putative general class or any of the subclasses, the relief the Plaintiffs seek "[f]or children in the" putative general class and subclasses will not apply to him. As a result, Jonathan "lack[s] a cognizable interest in the outcome" of this case, *see Powell*, 395 U.S. at 496, and there is no "actual controversy" between him and Defendants, *see Alvarez*, 558 U.S. at 92. *See Sam M. v. Chafee*, 800 F. Supp. 2d 363, 372-73 (D.R.I. 2011); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 511-12 (D. Neb. 2007) (dismissing claims as moot because youth aged out of foster care and thus "have neither a current nor a potential future claim for injunctive relief against HHS arising from its allegedly deficient child welfare system"); *J.B. v. Valdez*, 186 F.3d 1280, 1290 (10th Cir. 1999) (holding that plaintiffs "have reached the age of majority or otherwise fallen outside of state custody and their claims are now moot"); *but see Elisa W. v. City of N.Y.*, No. 15-5273, 2017 WL 3841868, at *2 (S.D.N.Y 2017) (unpublished) (denying motion to dismiss in part because mootness determination "is appropriately litigated in the context of class certification"). ▮

▮

██████████████████████████ "does not place the youth back into the 'custody' of the state,"[1] and therefore the relief sought will not apply to him.

Moreover, Federal Rule of Civil Procedure 23(a) prohibits Jonathan from serving as a class representative because he is no longer a member of the putative class or any subclass. Fed. R. Civ. P. 23(a) ("One or more members of a class may sue . . . as representative parties on behalf of all members. . . ."). As the Supreme Court "has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys. Inc. v. Rodriquez*, 431 U.S. 395, 403 (1977); *see also Sharp Farms v. Speaks*, 917 F.3d 276, 295 (4th Cir. 2019).

In "exceptional situations," claims that have become moot after the complaint is filed will not be dismissed because they are "capable of repetition, yet evade[] review." *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Specifically, a claim may be justiciable even after becoming moot if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

Jonathan R.'s claims do not qualify as such an "exceptional situation." First, the alleged conduct that Plaintiffs challenge in their Complaint is not "too short" in duration "to be fully litigated" prior to those claims becoming moot: the Complaint alleges that children "languish in foster care for years," Compl. ¶ 328, and challenges "the many long-standing systemic deficiencies" in West Virginia's foster system, *id.* at ¶ 367. If, as Plaintiffs allege, children "languish in foster care for years," Plaintiffs' counsel should have no difficulty finding named

---

[1] DHHR, Foster Care Policy Manual, at 220 (updated June 2021), https://dhhr.wv.gov/bcf/policy/Documents/Foster%20Care%20Policy%20June%202021.pdf, *see* W. Va. Code § 49-4-113,

Plaintiffs whose claims do not become moot between the filing of the Complaint and the certification of a class. *See, e.g., Carson P. v. Heineman*, 240 F.R.D. 456, 511 (D. Neb. 2007) (holding that claims of named Plaintiffs who aged out of the child welfare system are not "transitory" because the Complaint alleges that named plaintiffs "were allowed to 'languish' or were required to remain in [state] custody for many years"). Second, there is no "reasonable expectation" that Jonathan "will be subject to the same action again." Jonathan is now 18 and thus cannot come back into DHHR custody. Indeed, Plaintiffs' counsel has not opposed dismissing named Plaintiffs who have aged out of foster care in other cases because there is "not a risk of reentering foster care." Doc. 61 at 8 n.3.

Nor can Jonathan's claims be rendered justiciable via the "relation back" exception, which allows a certified class action to continue despite the mootness of a named plaintiff, under certain circumstances, *see Kremens v. Bartley*, 431 U.S. 119, 129-30 (1977). This "relation back" exception generally does not apply before a class has been certified, and no class has been certified in this case. *See Genesis Healthcare Corp. v. Symcyzyk*, 569 U.S. 66, 74-75 (2013); *see also D.G. ex rel. Stricklin v. Henry*, 2009 WL 1011595, at *2 (N.D. Ok. Apr. 15, 2009) (unpublished) ("As a general rule, a suit brought as a class action must be dismissed when the personal claims of the named plaintiffs are satisfied and no class has been properly certified.").

While some courts have applied the "relation back" doctrine pre-certification when the claims are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires," *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 399 (1980), this exception is inapposite in this case, where Jonathan's claims did not become moot until over 15 months after the Complaint was filed. Indeed, if Plaintiffs had not waited nearly a year to move for class certification, this Court

would have had "enough time to rule on the motion for class certification" before Jonathan's claims became moot. Moreover, as noted above, Plaintiffs' Complaint does not advance "inherently transitory" claims: Plaintiffs allege long-term illegal treatment of foster children. *See e.g.*, Compl. ¶ 10 (describing Defendants' conduct as "chronic"); *id.* ¶ 328 (alleging that children in West Virginia "languish in foster care for years"); Doc. 30 at 1 (describing West Virginia's foster care system as "routinely" violating Plaintiffs' rights). In fact, even if Jonathan's claims are dismissed as moot, along with the claims of the six other named Plaintiffs who Defendants have moved to dismiss as moot, there will still be five named Plaintiffs in this case with live claims, including at least one named Plaintiff in each of the three subclasses. As a result, there is no basis for keeping Jonathan in this case on the ground that the claims are "so inherently transitory" that general mootness rules should not apply.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims of Jonathan R.

Respectfully submitted,

July 1, 2021

*/s/* Philip J. Peisch
Philip J. Peisch (WVSB #24403)
Caroline M. Brown
Rebecca E. Smith
Julia M. Siegenberg
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20001

*/s/* Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301

6

## CERTIFICATE OF SERVICE

I, Rebecca Smith, hereby certify that I caused a true and correct copy of Defendants' Memorandum in Support of Defendants' Motion to Dismiss the Claims of Named Plaintiff Jonathan R. to be delivered to the following via ECF notification:

> Marcia Robinson Lowry
> Dawn J. Post
> Allison Mahoney
> A Better Childhood
> 355 Lexington Ave. Floor 16
> New York, NY 10017
>
> Richard W. Walters
> J. Alexander Meade
> Shaffer & Schaffer, PLLC
> 2116 Kanawha Blvd East
> P.O. Box 3973
> Charleston, WV 25304
>
> Lori Waller
> Disability Rights of West Virginia
> 1207 Quarrier Street, Suite 400
> Charleston, WV 25301

|  |  |
|---|---|
| July 1, 2021 | */s/* Rebecca Smith |
|  | Rebecca E. Smith |
|  | Philip J. Peisch (WVSB #24403) |
|  | Caroline M. Brown |
|  | Julia M. Siegenberg |
|  | Brown & Peisch PLLC |
|  | 1233 20th Street NW, Suite 505 |
|  | Washington, DC 20001 |
|  |  |
|  | */s/* Steven R. Compton |
|  | Steven R. Compton (WVSB #6562) |
|  | West Virginia Attorney General's Office |
|  | 812 Quarrier Street, 2nd Floor |
|  | Charleston, WV |