UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
|     v. | ) |
| | ) |
| JIM JUSTICE, in his official capacity as | )  Case No. 3:19-cv-00710 |
| Governor of West Virginia, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR FEES AND EXPENSES**

Late in the afternoon on July 22, 2021, Plaintiffs' counsel abruptly rescheduled the deposition of Pamela Woodman-Kaehler (a state employee), which Plaintiffs had noticed for the following morning.  By the time Plaintiffs' counsel informed Defendants' counsel of this change, Defendants' counsel had already incurred significant costs preparing for the deposition, including traveling from Washington, D.C. to Charleston, West Virginia.  Accordingly, pursuant to Federal Rule of Civil Procedure 30(g), or in the alternative Federal Rule of Procedure 30(d)(2), Defendants request that the Court order Plaintiffs to reimburse Defendants $11,620.83, which is the amount of reasonable costs and expenses that Defendants have incurred in connection with Plaintiffs' untimely rescheduling of the July 23 deposition.

**BACKGROUND**

On June 18, 2021, Plaintiffs served a notice of deposition for Pamela Woodman-Kaehler, who serves as the West Virginia Foster Care Ombudsman.  Plaintiffs' notice of deposition instructed Defendants to make Ms. Woodman-Kaehler available for a virtual deposition at 10 am on July 23, 2021.  Doc. 214.

On June 21, 2021, Defendants' counsel e-mailed Plaintiffs' counsel to ask if the deposition of Ms. Woodman-Kaehler would be a full-day or half-day. *See* Ex. 1. Plaintiffs' counsel stated that they expected the deposition would last for a half-day. *Id.* Only July 6, 2021, Defendants' counsel e-mailed Plaintiffs' counsel to ask if the starting times for "the upcoming depositions over the next two-and-a-half weeks" – which included the depositions of Amy Hymes, Kevin Henson, Melanie Urquhart, and Pamela Woodman-Kaehler – could be moved to 9 am, instead of 10 am, so that "depositions scheduled for a half-day can around lunchtime to avoid afternoon conflicts, and depositions scheduled for a full day can end as close to close-of-business as possible." Ex. 2. Plaintiffs' counsel agreed to this time change, *see id.*, and the depositions of Ms. Hymes and Mr. Henson began at 9 am. On July 9, Plaintiffs' counsel amended the deposition notice to reschedule Ms. Urquhart's deposition to September, *see* Doc. 230, but did not change the deposition notice for Ms. Woodman-Kaehler.

On July 21, 2021, Defendants' counsel traveled to West Virginia to defend Ms. Woodman-Kaehler's deposition. Ex. 3, ¶¶ 3-5 (Declaration of Caroline Brown). On July 22, 2021, Defendants' counsel met with Ms. Woodman-Kaehler for several hours to prepare her for the deposition scheduled for the following day. *Id.* ¶ 6.

On the afternoon of July 22, the day prior to the scheduled deposition, Defendants' counsel contacted Plaintiffs' counsel to inquire about the Zoom information for the deposition. *See* Ex. 4. In response, in an e-mail at 3:19 pm on July 22, Plaintiffs' counsel informed Defendants that they did not receive "confirmation from Defendants that Ms. Woodman-Kaehler was available for a deposition [on July 23], so [Plaintiffs] did not schedule a court reporter." *Id*. This e-mail, sent less than 16 hours prior to the start of the noticed deposition, was the first time Plaintiffs' counsel informed Defendants' counsel that they did not plan to move forward with the noticed.

2

In response to this e-mail, Defendants' counsel informed Plaintiffs' counsel that Defendants' lawyers had already traveled to West Virginia to defend the deposition, and Ms. Woodman-Kaehler had already cleared her schedule for July 23 to be available for the deposition. Ex. 4. Defendants' counsel further informed Plaintiffs' counsel that Ms. Woodman-Kaehler would be available for the July 23 deposition, and that Defendants' counsel would seek costs if Plaintiffs did not move forward with the deposition on July 23. *See id.* After some additional back-and-forth, Plaintiffs' counsel again stated that they would not appear for the July 23 deposition. *See id.* Finally, at 4:39 pm on July 22, Plaintiffs amended the notice of deposition for Ms. Woodman-Kaehler, to move the deposition from July 23, 2021 to July 29, 2021, *see* Doc. 250.

The following day, Defendants' counsel informed Plaintiffs' counsel that they were planning to seek costs and fees associated with Plaintiffs' untimely cancellation of Ms. Woodman-Kaehler's July 23 noticed deposition. Ex. 4. However, "in the interest of compromise and to avoid the time and expense of litigating a motion for sanctions," Defendants offered to forego their request to recover attorneys' fees if Plaintiffs agreed to reimburse DHHR for Defendants' counsel's travel costs. *Id*. In response, in an e-mail on July 23 and in a call between the parties' counsel on July 26, Plaintiffs stated that they would not pay for any of Defendants' counsel's cost to travel to the July 23 noticed deposition. *See* Ex. 5. The only accommodation offered by Plaintiffs' counsel was "to try to combine [Ms. Woodman-Kaehler's deposition schedule for July 30] with another deposition that is currently on the schedule." *Id.*[1]

In total, Defendants incurred $11,620.83 in unnecessary costs because of Plaintiffs' untimely cancellation of the July 23 deposition. Specifically, Defendants incurred:

---

[1] As demonstrated herein, Defendants' counsel made a good faith effort to confer with Plaintiffs' counsel before filing this motion, in accordance with Fed. R. Civ. P. 37(a) and Local Rule 37.1(b).

- $2,636.83 in costs for Defendants' counsel to travel to and from, and stay in, Charleston. *See* Ex. 3, ¶ 8.
- $8,984.00 in attorney's fees to communicate with Plaintiffs' counsel about issues relating to rescheduling this deposition and reimbursement for costs; communicate with DHHR about the rescheduling of Ms. Woodman-Kaehler's deposition; and prepare and file Defendants' Motion for Fees and Expenses. *Id.* ¶ 9.

## ARGUMENT

It is well-settled that service of a deposition notice triggers a duty on the part of the noticed party to produce the deponent at the time and place in the notice, and the noticed party generally may only avoid this obligation if it moves for a protective order to prevent the taking of the deposition. *See, e.g.*, *Robinson v. Quicken Loans, Inc.*, 2013 WL 1776100, at *3 (S.D. W. Va. April 25, 2013). Similarly, the noticing party is required to "attend and proceed with" a noticed deposition, unless the noticing party timely reschedules or cancels. *See* Fed. R. Civ. P. 30(g). That is, once a party notices a deposition, the noticed party generally has obligation to make the witness available at the date and time in the notice, and the noticing party has an obligation to proceed with the deposition as noticed or timely inform the noticed party that it will not do so.

As a result, "[c]ourts have consistently interpreted Rule 30(g) to allow an award of expenses and attorney's fees where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other party." *Pine Lakes Int'l Country Club v. Polo Ralph Lauren Corp.*, 127 F.R.D. 471, 472 (D.S.C. 1989); *see* Fed. R. Civ. P. 30(g); *see also, e.g.*, *ComScore, Inc. v. Moat, Inc.*, 2013 WL 12147701, at *2 (E.D. Va. Sept. 25, 2013).

That is exactly what happened in this case: Plaintiffs noticed a deposition of Ms. Woodman-Kaehler for July 23, but did not proceed with that deposition and provided Defendants

4

less than 18 hours' notice of the rescheduling, *see* Ex. 4; Doc. 250, which is not sufficient or reasonable. *See, e.g.*, *Pine Lakes Int'l Country Club*, 127 F.R.D. at 472 (cancelling a deposition the day before it is scheduled "constitute insufficient and untimely notice of cancellation"); *Keystone Northeast, Inc. v. Keystone Retaining Wall Systems, LLC*, 2014 WL 4198818, at *2-3 (D.S.C. Aug. 22, 2014) ("Suffice to say, cancelling an out-of-town deposition on the morning it is scheduled is not typically sufficient notice."). In fact, by the time Plaintiffs' counsel informed Defendants' counsel that they would not be taking the deposition, Defendants had already incurred thousands of dollars in costs to travel from Washington to Charleston. *See* Ex. 3, ¶¶ 3-8.

Plaintiffs' counsel have informed Defendants that their failure to timely inform Defendants about the change in dates for the deposition was caused by a good faith oversight. Defendants do not dispute that, but Rule 30(g)(1) "does not require that the noticing party acted in 'bad faith'" for the court to award cost and expenses. *Prism Techs., LLC v. Adobe Sys., Inc.*, 2011 WL 6887121, at *3 (D. Neb. Dec. 29, 2011). Rather, Rule 30(g) allows for the recovery of costs and fees for "conduct which merely fails to meet a reasonableness standard," *id*. (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991)), and cancelling a noticed deposition with less than 18 hours' notice is unreasonable. Regardless of Plaintiffs' intent or motives, Plaintiffs failed to meet their obligation to pursue a noticed deposition (or provide sufficient notice of cancellation), and that failure caused Defendants to incur unnecessary costs through no fault of their own.

Finally, the costs and expenses sought by Defendants here are limited to those costs and expenses incurred because of reasonable steps taken by outside counsel to defend the scheduled deposition, such as the cost of counsel traveling to West Virginia and fees incurred in drafting this motion for costs (which could have been avoided if Plaintiffs' counsel had agreed to reimburse Defendants for counsel's travel costs). *See, e.g. Keystone Northeast, Inc.*, 2014 WL 4198818, at

*3 (ordering noticing party to pay for travel and lodging expenses incurred as a result of cancelled deposition); *ComScore, Inc. v. Moat, Inc*., 2013 WL 12147701, at *2 (finding recovery of travel costs "an appropriate remedy" for the noticing party's "failure to timely notify" the defending party of the cancellation); *General Power Products v. Nolan*, 2010 WL 11538495 (S.D. Ohio Feb. 18, 2010) (ordering noticing party to pay attorney's fees associated with the preparation of the Rule 30(g) motion). Defendants do not seek compensation for less tangible costs associated with Plaintiffs' untimely cancellation of Ms. Woodman-Kaehler's deposition, such as the cost to Defendants' counsel of spending unnecessary time away from other work and family, *see* Ex. 3, ¶10, or the cost of Ms. Woodman-Kaehler clearing her schedule on July 23 to make herself available for deposition. In addition, Defendants do not seek reimbursement for fees associated with analyzing whether there was a basis to move for a protective order to prevent the rescheduling of Ms. Woodman-Kaehler's deposition, *see id.* ¶ 10, or for the fees for meeting with Ms. Woodman-Kaehler the day before her scheduled deposition, because that meeting was used to prepare Ms. Woodman-Kaehler for her deposition, which will be held later this week. Rather, Defendants only seek reasonable costs that Defendants would not have incurred but for Plaintiffs' untimely cancellation of the July 23 deposition, which are recoverable under Rule 30(g).

## CONCLUSION

For the foregoing reasons, Defendants request that Plaintiffs be ordered to reimburse Defendants $11,620.83 for the costs and expenses associated with canceled deposition of Ms. Woodman-Kaehler.

                                Respectfully submitted,

July 27, 2021

                                */s/* Philip J. Peisch
                                Philip J. Peisch (WVSB #24403)
                                Caroline M. Brown
                                Julia M. Siegenberg
                                Brown & Peisch PLLC
                                1233 20th Street NW, Suite 505
                                Washington, DC 20036

                                */s/* Steven R. Compton
                                Steven R. Compton (WVSB #6562)
                                West Virginia Attorney General's Office
                                812 Quarrier Street, 6th Floor
                                Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of Defendants' Memorandum in Support of Defendants' Motion for Fees and Expenses to be delivered to the following via ECF notification:

Marcia Robinson Lowry
Dawn J. Post
Allison Mahoney
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

Lori Waller
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

July 27, 2021

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #24403)
Caroline M. Brown
Julia M. Siegenberg
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301