UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| JIM JUSTICE, in his official capacity as ) | Case No. 3:19-cv-00710 |
| Governor of West Virginia, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS AND,
IF APPROPRIATE, PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

On July 20, 2022, the United States Court of Appeals for the Fourth Circuit reversed this Court's dismissal of Plaintiffs' claims. *Jonathan R. v. Justice*, 41 F.4th 316 (4th Cir. 2022). Defendants believe that the Fourth Circuit's decision misapplies Supreme Court precedent and have filed a petition for a writ of certiorari with the United States Supreme Court. *See Justice v. Jonathan R.*, *petition for cert. filed*, No. 22-240 (U.S. Sept. 12, 2022).

However, this case has been remanded to this Court to "consider West Virginia's substantive arguments for dismissal and, if appropriate, Plaintiffs' motion for class certification." *Jonathan R.*, 41 F.4th at 324. This Court's decisions on these motions – *i.e.*, Defendants' Motion to Dismiss (ECF No. 17) and Plaintiffs' Motion for Class Certification (ECF No. 130) – will determine the scope of discovery, if any, that remains to be conducted and therefore, in the interest of efficiency and economy, Defendants respectfully ask that the Court stay further discovery pending its resolution of the motions.

As further explained below, Plaintiffs' discovery demands in this case have been so ambitious and expansive that this case long ago became the most burdensome case that the

1

Department of Health and Human Resources ("DHHR") has defended against in at least the last 15 years, requiring thousands of hours of time from DHHR staff and contractors. *See* ECF No. 156-1, ¶ 6; Ex. 1 (Peisch Decl.). Although only three weeks of written discovery remained at the time the case was dismissed, *see* ECF No. 209, Plaintiffs have made clear that they intend to re-start discovery immediately and will ask for an additional six months of discovery after the Court rules on class certification, if the Court certifies the class. Yet the scope of any remaining discovery depends on: (1) whether any or all of Plaintiffs' claims should be dismissed under Rule 12(b)(6) for failure to state a cause of action; (2) whether *Younger* abstention is appropriate for children entering DHHR custody as a result of juvenile justice proceedings, an issue on which the Fourth Circuit declined to rule; (3) if there are remaining claims, whether the putative class meets the requirements for certification under Rule 23; and (4) if no class is certified, whether any Named Plaintiffs remain with live claims against Defendant. Staying discovery until these issues are resolved will avoid unnecessary discovery and conserve judicial resources by minimizing discovery disputes.

## BACKGROUND

On September 30, 2019, Named Plaintiffs, on behalf of themselves and a putative class and three subclasses of foster children, sued the West Virginia Department of Health and Human Resources ("DHHR") and several state officials, including Governor Jim Justice (collectively, "Defendants"). ECF No. 1. The Complaint raises five claims based on system-wide allegations about the operation of West Virginia's child welfare system. *See id.*

On November 26, 2019, Defendants moved to dismiss the complaint. ECF No. 17. In the motion to dismiss, Defendants argued that the Court should abstain from exercising jurisdiction over Plaintiffs' claims, *see* ECF No. 18, at 4-14, and that the Complaint failed to state a claim upon

which relief may be granted, *see id.* at 14-38. While the motion to dismiss was pending, Plaintiffs filed a motion for class certification and appointment of class counsel, which Defendants opposed. ECF Nos. 130, 131, 174.

On July 28, 2021, the Court granted Defendants' motion to dismiss on abstention grounds, and the Court granted Defendants' motions to dismiss as moot the claims of six of the named Plaintiffs who had exited DHHR custody. ECF No. 258. Because the Court dismissed the case on abstention grounds, the Court did not reach a decision on Defendants' arguments that Plaintiffs' claims should be dismissed for failure to state a claim under Rule 12(b)(6), and the Court did not decide Plaintiffs' motion for class certification.

## ARGUMENT

Pursuant to Rule 26(c), this Court has broad discretion to stay discovery when there is good cause to do so. *See, e.g.*, Fed. R. Civ. P. 26(c); *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986), *rev'd on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). While "[t]he Fourth Circuit has had little occasion to consider motions to stay discovery because orders granting or denying such motions are not final orders, nor are they appealable interlocutory or collateral orders," *Blankenship v. Napolitano*, No. 19-236, 2019 WL 6173530, *2 n.4 (S.D. W. Va. Nov. 19, 2019) (unpublished), "[a] number of factors, none wholly dispositive," guide courts in assessing whether there is good cause to stay discovery pending a decision on a motion, including but not limited to:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances.

3

*Citynet, LLC v. Frontier West Virginia Inc.*, No. 14-15947, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016) (internal quotations omitted) (unpublished). "Alternatively, a three-factor analysis has been applied when considering whether to grant a motion to stay discovery. These factors are: (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Blankenship*, 2019 WL 6173530 at *3 (internal quotation marks omitted).

This Court has repeatedly observed that staying discovery pending a decision on a dispositive motion "'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Id.* at *2 (quoting *United States v. Daily Gazette Co.*, No. 07-0329, 2007 WL 7575700, *2 (S.D.W. Va. Oct. 18, 2007) (unpublished)); *accord Bragg v. United States*, No. 10-683, 2010 WL 3835080, *1 (S.D. W. Va. Sept. 29, 2010) (unpublished). Similarly, there may be good cause to stay discovery pending a decision on a motion for class certification, particularly when class certification discovery is complete and the moving party has already had "a significant period of time" for discovery, *see* ECF No. 156-10 (Order, *Burges v. Bancorpsouth, Inc.*, Case No. 14-cv-01564 (M.D. Tenn. Mar. 28, 2017)); *see also* ECF No. 156-11 (Order, *Erica P. John Fund, Inc. v. Halliburton*, Case No. 02-cv-01152 (N.D. Tex. July 22, 2014) (unpublished) (granting motion to stay discovery pending decision on class certification)).

In this case, there is good cause to stay discovery pending decisions on Defendants' motion to dismiss and (if necessary) Plaintiffs' motion for class certification, because resolution of those two motions is likely to eliminate the need for, or at least narrow the scope of, discovery.[1] For

---

[1] *Cf., e.g., Oakley v. Coast Prof'l, Inc.*, No. 21-00021, 2021 WL 3520539, *3 (S.D. W. Va. Aug. 10, 2021) (unpublished) (staying discovery in part because "it appears that the discovery, if not very complicated in terms of disputed facts, will be burdensome," and that discovery "will be

4

example, until Defendants' motion to dismiss is resolved, it is not clear if any of Plaintiffs' five claims will move forward, and even if one or more claims survive the motion to dismiss, it is still not clear whether this case involves claims on behalf of the Named Plaintiffs only or on behalf of a putative class. In fact, even if the case is not dismissed entirely, it is not even clear which of the Named Plaintiffs have live claims until the motion for class certification is decided, because the Fourth Circuit held that the Named Plaintiffs who are no longer in DHHR custody should not be dismissed as moot *if* this Court "decides to certify the class." *Jonathan R.*, 41 F.4th at 326.

Similarly, it is not clear whether this case will include claims on behalf of children who entered DHHR custody through the juvenile justice system, in addition to children who entered DHHR custody through abuse-and-neglect proceedings. As the Fourth Circuit explained, "this question closely intertwines with class certification and may resolve itself if the district court concludes no named Plaintiff can adequately represent children who enter the system as part of delinquency proceedings and Plaintiffs choose to go ahead with the Class as is rather than amend their complaint." *See Jonathan R.*, 41 F.4th at 330 n.5.

Amidst this uncertainty, it would be extraordinarily challenging and burdensome for the parties to efficiently engage in discovery, particularly given the expansive scope of discovery that Plaintiffs will pursue if discovery re-opens. In the first 16 months of discovery in this case, Defendants spent over 3000 hours of staff and contractor time producing over 211,000 pages documents in response to Plaintiffs' 151 document requests and on preparing for and defending Plaintiffs' 15 depositions of Defendants' employees, *see* ECF No. 156-1, ¶¶ 1(a), 3, 4, 5; Ex. 1. During this time, Plaintiffs repeatedly sought premature discovery into classwide merits issues,

---

entirely unnecessary if the court dismisses the case, and if the court does not, a short delay should not jeopardize the availability of the evidence").

*see, e.g.*, ECF No. 156-7,[2] resulting in repeated disputes about the scope of permissible discovery, *see, e.g.*, ECF No. 165, at 5 n.4; ECF No. 243 at 7:16-23, 34:17 – 35:16; Ex. 2.

While only three weeks of written discovery remained when this case was dismissed, Plaintiffs indicated prior to dismissal that they planned to seek an extension of the discovery deadlines and that their discovery demands were far from complete. For example, on July 20, 2021, a week before this Court dismissed Plaintiffs' claims, Plaintiffs informed the Court that they plan to seek extensive additional discovery on a number of classwide issues. Ex. 2 (Plaintiffs' July 20, 2021 letter). In addition, at the time this Court granted the motion to dismiss, Plaintiffs had noticed eight (8) additional fact depositions, including depositions of senior DHHR leadership, *see* ECF Nos. 230-236, 250, and had sent Defendants drafts of three (3) additional Rule 30(b)(6) deposition notices, *see* Ex. 1. But much, or all, of this discovery will prove unnecessary if the Court agrees with Defendants that some or all of Plaintiffs' claims should be dismissed under Rule 12(b)(6), or if the Court agrees with Defendants that class certification is inappropriate in this case.

Further, Plaintiffs recently informed Defendants that, "[i]f the court denies class certification, Plaintiffs will seek a stay to appeal the class certification decision to the Fourth Circuit." Ex. 3 (e-mail from Plaintiffs' counsel dated September 12, 2022). Conversely, if the Court certifies the class, Defendants anticipate that they would seek interlocutory review. As a result, there is a substantial risk that some of the information gathered through discovery conducted before a decision on class certification will become stale as one of the parties appeals to the Fourth Circuit.

---

[2] *See, e.g., Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 544 (E.D.N.C. 2019); *Powell v. Huntington Nat'l Bank*, No. 13-32179, 2014 WL 5500729, at *4-*5 (S.D. W. Va. Oct. 30, 2014) (unpublished).

Finally, a stay would not prejudice Plaintiffs. Staying the case will not have any impact on the eight (8) Named Plaintiffs who are no longer in DHHR custody, *see* ECF Nos. 55, 88, 107, 220, and waiting a few more months to determine whether additional discovery is appropriate would not harm the Named Plaintiffs that remain in custody in any way, particularly since the case has been functionally stayed since the Court dismissed the claims over a year ago. *Cf. Settle v. Strepp*, No. 18-1177, 2020 WL 8184395, *2 (S.D. W. Va. Oct. 14, 2020) (Copenhaver, J.) (unpublished) (explaining that a further stay of a case was unlikely to harm the non-moving party in part because the case had already been stayed "for almost one year"). Indeed, if Plaintiffs' counsel believed that delaying resolution of this case would prejudice the Named Plaintiffs, they would not be planning to "seek a stay to appeal" in the event this Court denies their motion for class certification, *see* Ex. 3.

Moreover, Defendants continue to move forward with a number of important initiatives that will benefit putative class members. For example, over the last year DHHR has:

- Reorganized the child welfare operations from the former Bureau for Children and Families ("BCF") into the new Bureau for Social Services ("BSS"), which streamlines the chain of command for child welfare workers and creates two deputy commissioners whose sole focus is child welfare and youth services cases.

- Launched a publicly available data dashboard to show information relating to Child Protective Service placements, referrals, and workloads, among other things.

- Increased caseworker pay by another 15 percent (above the 5 percent given to all state workers by the legislature in the 2022 legislative session).

- Retained an outside consultant to review and analyze caseworker workforce issues, the results of which will inform future agency actions to expand the number of caseworkers in West Virginia.
- Continued to work with the U.S. Department of Justice and the University of Maryland School of Social Work to implement the Memorandum of Agreement to expand access to community-based services for children with serious mental health conditions, including foster children.[3]

In fact, there is value to Plaintiffs in staying discovery: it will permit Plaintiffs to tailor their discovery to only live issues, to the extent any exist after the Court's decisions, and it will reserve more of the remaining discovery time until after this Court issues a decision on the motion for class certification, which Plaintiffs have long claimed they need. As discussed above, prior to this case being dismissed, Plaintiffs had repeatedly stated that they would need additional discovery beyond the discovery deadline set by the Court *after* the Court issued a decision on class certification, given Magistrate Judge Eifert's decisions that Plaintiffs were not entitled to certain burdensome discovery in the absence of class certification, *see,* ECF No. 165, at 5 n.4; ECF No. 243 at 7:16-23, 34:17 – 35:16. ECF No. 165 at 4-6; Ex. 2. And Plaintiffs recently re-iterated their request for additional discovery after the motion for class certification is decided. *See* Ex 3. Granting the motion to stay discovery would give Plaintiffs exactly that: the remaining discovery

---

[3] *See* W.V. BSS, https://dhhr.wv.gov/bss/Pages/default.aspx (last visited Aug. 24, 2022); *Salary Increases Approved for Direct Services Employees and Child Welfare Dashboard to be Published* (May 19, 2022), https://dhhr.wv.gov/News/2022/Pages/Salary-Increases-Approved-for-Direct-Services-Employees-and--Child-Welfare-Dashboard-to-be-Published.aspx#:~:text=Gov.,%2C%20effective%20June%2018%2C%202022; *see also, e.g., Univ. of Md. School of Soc. Work, Agreement between the State of West Virginia and the United States Department of Justice: Report By Subject Matter Expert* (Aug. 2021), available at https://www.justice.gov/crt/case-document/file/1457936/download.

8

would be reserved until after this Court issues a decision on the motion for class certification, if any claims remain after the Court's decision on Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court stay discovery pending resolution of the pending motion to dismiss and motion for class certification.

Respectfully submitted,

September 20, 2022

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #24403)
Caroline M. Brown
Julia M. Siegenberg
Kendra Doty
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of Defendants' Memorandum in Support of Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss and, if appropriate, Plaintiffs' Motion for Class Certification to be delivered to the following via ECF notification:

Marcia Robinson Lowry
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

Lori Waller
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

September 20, 2022

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #24403)
Caroline M. Brown
Julia M. Siegenberg
Kendra Doty
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301