October 19, 2022

The Honorable Thomas E. Johnston
Chief Judge
7009 Robert C. Byrd United States Courthouse
300 Virginia Street East
Charleston, WV 25301

Re: *Jonathan R., et al., v. Jim Justice, et al.*, No. 3:19-cv-00710-TEJ
**Plaintiffs' Report on Outstanding Discovery Issues**

On September 20, 2022, Defendants filed their motion to stay discovery until the Court ruled on their pending motion to dismiss under Rule 12(b)(6) and, if that decision did not dismiss the case in its entirety, until the Court ruled on Plaintiffs' motion for class certification. (ECF 274.) Plaintiffs submitted their response on September 23, 2022 (ECF 277); Defendants' reply was still pending when the Court held its telephone conference on September 28, 2022. Following the telephone conference, in which the parties agreed to engage in discussions on the outstanding discovery issues in this case, the Court ordered a stay on discovery for a limited period of two weeks. (ECF 281.) Plaintiffs submit this report pursuant to that order. The parties have now engaged in discussions for three weeks—Defendants sought, and Plaintiffs did not oppose, to extend the stay by another week (ECF 283)—but have been unable to come to an agreement that would resolve the outstanding discovery issues in this case.

Plaintiffs agreed to a three-week stay of discovery to discuss open discovery issues with Defendants in order to determine whether the parties could resolve those issues on their own. If they could, then Defendants could withdraw their motion to stay discovery and Plaintiffs could receive the discovery they sought without further involvement from the Court. But the parties' good-faith attempts to reach such an agreement have made clear that the parties disagree on the proper scope of discovery prior to a decision on Plaintiffs' motion for class certification.

In seeking to negotiate with Defendants regarding discovery to take place prior to a decision on Plaintiffs' motion for class certification, Plaintiffs compiled a comprehensive summary of the open discovery issues that need to be resolved, independent of a decision on Plaintiffs' motion for class certification, as well as of certain limited discovery that Plaintiffs believe necessary prior to a decision on class certification. That summary, which Plaintiffs sent Defendants on October 7, 2022, is attached here as Exhibit 1.

Defendants replied on October 13, 2022 with a compromise proposal, attached here as Exhibit 2. In that proposal, Defendants agreed to produce only one report from 2020 and to only update productions of their policies and procedures. Plaintiffs replied with their objections to Defendants' compromise proposal on October 14, 2022, attached here as Exhibit 3. On October 17, 2022, Defendants offered to agree to the deposition of a DHHR employee about the creation of ad hoc data reports—which Plaintiffs had requested in connection with certain Requests for Production that Defendants claimed were overly burdensome because they would require the production of new




reports—and to produce email communications. Defendants' email is attached here as Exhibit 4. The parties conferred the next day, on October 18, 2022.

During their conferral, Plaintiffs asked whether Defendants' latest compromise proposal contemplated producing communications in the possession, custody, or control of Defendant Governor Justice or DHHR-contracted agencies, which has been an ongoing dispute throughout this litigation. Defendants indicated that they had not yet considered fixing this deficiency, which had been laid out in Plaintiffs' October 7, 2022 letter. Plaintiffs also asked whether Defendants had already identified the specific DHHR employee who could testify about the creation of ad hoc data reports; Defendants indicated they had not. Plaintiffs informed Defendants later that day that Plaintiffs could not agree to their proposal.

In sum, Plaintiffs cannot agree to Defendants' compromise proposal as it provides little benefit to Plaintiffs and would likely lead to more litigation, rather than less. Defendants' last compromise proposal does not resolve the open discovery disputes, but only invites future disputes. For example, their proposal to produce email discovery after reaching an agreement on search terms would immediately trigger a debate on search terms. Their proposal also does not specify the timing of email discovery production, which could similarly trigger disputes. Their proposal to produce an unidentified DHHR employee to testify on issues related to the creation of ad hoc reports leaves open the possibility that the parties later disagree on who should be deposed, or on the number of depositions. More importantly, the proposal does not contemplate Defendants producing discovery if Plaintiffs concluded after deposing the relevant person(s) that producing documents responsive to Plaintiffs' discovery requests would not, in fact, require Defendants to create new reports resulting in undue burden or expense. Defendants' proposal leaves open so many unresolved issues, and resolving them would look, in reality, no different from routine discovery practice. As pointed out in Plaintiffs' response to Defendants' motion to stay, Defendants' requested stay is not only unwarranted, but it also will not resolve the open issues or provide the necessary discovery to which plaintiffs are entitled.

Plaintiffs continue to oppose a stay for the reasons contained in their response. Although the parties have made good faith efforts to resolve the open discovery issues, these efforts have not succeeded. These open issues on discovery are not dependent on the Court's decisions on the remaining issues in the motion to dismiss or on the Court's decision on class certification. In addition, Plaintiffs are entitled to file new discovery requests that are not dependent on the pending motions. Therefore, Plaintiffs urge the Court to allow discovery to proceed, and deny Defendants' request for a stay of discovery.

Sincerely,

Marcia Robinson Lowry
A Better Childhood
355 Lexington Avenue, Fl. 16
New York, NY 10017
Tel.: (646) 795-4456




Fax: (212) 692-0415
mlowry@abetterchildhood.org

*Counsel for Plaintiffs*

cc: Philip J. Peisch
Caroline M. Brown
Julia Siegenberg
Brown & Peisch PLLC

Steven R. Compton
West Virginia Attorney General's Office

*Attorneys for Defendants*


