

**Via ECF Filing**                                                                October 19, 2022

The Honorable Thomas E. Johnston
Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 2400
Charleston, WV 25301

     RE:    *Jonathan R. v. Justice*, No. 19-cv-00710

Dear Judge Johnston:

On September 20, 2022, Defendants moved to stay discovery pending resolution of Defendants' motion to dismiss and, if appropriate, Plaintiffs' motion for class certification, because decisions on those pending motions will determine the scope of discovery, if any, that remains to be conducted. *See* Doc. 274.

On September 28, 2022, the Court held a telephonic status conference, during which Plaintiffs' counsel represented that Plaintiffs intended to pursue only limited discovery prior to a decision on the motion for class certification. In response to this representation, Defendants' counsel suggested that the parties attempt to negotiate a compromise regarding the scope of discovery to be conducted while the motion for class certification is pending, which would obviate the need for the Court to resolve Defendants' motion to stay discovery. Accordingly, the Court temporarily stayed discovery "to allow the parties to engage in discussions to come to a resolution of all currently outstanding discovery issues," and ordered the parties "to individually file reports detailing their efforts to resolve the outstanding discovery disputes." Doc. 281.

Unfortunately, after written communication back-and-forth and a telephonic meet-and-confer, the parties have been unable to resolve their dispute. Defendants offered Plaintiffs compromises to resolve the dispute, *see* Doc. 286-2; Doc. 286-4, but Plaintiffs did not provide Defendants with any counter-proposals and ultimately declined to compromise, *see* Ex. B.

### A.    Defendants' Proposed Compromise

On September 28, 2022, immediately following the status conference, Defendants' counsel requested that Plaintiffs provide – and Plaintiffs' counsel agreed to provide – a list of "any other discovery that Plaintiffs propose to pursue (e.g., depositions) prior to a decision on class cert." *See* Ex. A.

In response, on October 7, 2022, Plaintiffs sent Defendants a six-page letter, which included a number of complaints about Defendants' document productions over the course of this case. Although the scope of discovery sought by Plaintiffs while the motion to dismiss and motion for class certification are pending was not entirely clear from the text of this letter, as



The Honorable Thomas E. Johnston
October 19, 2022
Page 2

best Defendants can discern Plaintiffs seek to pursue seven (7) categories of discovery prior to decisions on the pending motions.  *See* Doc. 286-1; Doc. 286-2.

As a compromise, Defendants ultimately agreed to immediately move forward with much or all discovery in six (6) of the seven categories sought by Plaintiffs, if Plaintiffs would agree that all other discovery would wait until after the pending motions are decided. Specifically, Defendants agreed to engage in the following discovery immediately, prior to decisions on the motion to dismiss and motion for class certification:

- Negotiate search terms and custodians, and use the agreed-upon search terms and custodians to gather and produce responsive email communications, with respect to Plaintiffs' Fourth Set of Requests for Production, Nos. 35, 37, 40 and Plaintiffs' Fifth Set of Requests for Production, No. 1;[1]

- Individually log documents responsive to Plaintiffs' Fifth Set of Requests for Production, No. 1, which were withheld as privileged and categorically logged;

- Resume the parties' discussions with Magistrate Judge Eifert regarding the number of child-specific reports to be produced, and the scope of redactions made to the reports already produced, in response to Plaintiffs' Third Set of Requests for Production, No. 19, including re-producing documents with modified or withdrawn redactions based on such discussions and possibly producing additional child-specific reports;[2]

- Produce all documents responsive to Plaintiffs' Third Set of Requests for Production, No. 23 that are in the possession of DHHR that have not already been produced;

- Make available for deposition a DHHR employee to answer questions about the burden of creating ad hoc data reports in relation to Plaintiffs' Fourth Set of Requests for Production, Nos. 5, 16, 20, 23, 24, 29-33, and 35-40; and

- Supplement Defendants' document production with respect to the following Requests that relate to Defendants' written policies: Plaintiffs' First Set of Requests for Production, Nos. 6, 8, 9, 12, 18-20, 25-27, 29, 30; Plaintiffs' Second Set of Requests for Production, Nos. 6, 25, 27; Plaintiffs; Third Set of Requests for Production, No. 18.

*See* Doc. 286-2; Doc. 286-4.

---

[1] Initially, Defendants only agreed to negotiate search terms, but Defendants subsequently agreed to also produce responsive emails based on the negotiated search terms.  *See* Doc. 286-4.

[2] Initially, Defendants only agreed to resume the parties' discussions with Magistrate Judge Eifert regarding the scope of redactions and re-produce documents with modified redactions based on those discussions, but Defendants' counsel ultimately agreed – in the parties' October 18 meet-and-confer – to consider also producing additional reports to the extent Magistrate Judge Eifert determined it would not be unduly burdensome to do so, if that would facilitate a compromise on the scope of discovery to be conducted while the motions are pending.



The Honorable Thomas E. Johnston
October 19, 2022
Page 3

Defendants did not agree to Plaintiffs' requests: (1) that Defendants supplement of Plaintiffs' 151 prior document requests, beyond supplementing the 16 requests identified in the last bullet point above; or (2) to depose former DHHR Deputy Secretary Jeremiah Samples. *See* Doc. 286-2; Doc. 286-4. (As Defendants understand it, this is the only discovery sought by Plaintiffs prior to decisions on the pending motions that Defendants did not agree to undertake immediately. However, Plaintiffs' October 7 letter and subsequent communications are not entirely clear on this, and Plaintiffs never provided Defendants with any counter-proposals, *see* Ex. B.)

Defendants oppose supplementing all 151 document requests at this stage, because doing so would require hundreds of hours of work (if not more), and the extent to which such production may be necessary depends on, among other things: the extent to which Plaintiffs' claims should be dismissed under Rule 12(b)(6); whether *Younger* abstention is appropriate for children entering DHHR custody as a result of juvenile justice proceedings; if there are remaining claims, whether the putative class meets the requirements for certification under Rule 23; and if no class is certified, whether any Named Plaintiffs remain with live claims against Defendant. Similarly, Defendants generally oppose moving forward with depositions at this time because the scope of questioning at those depositions depends on the scope of issues that remain in this case, if any, after the Court resolves the pending motions.

Plaintiffs did not accept Defendants' proposed compromise, and did not offer any counter-proposals of their own. *See* Ex. B.

## B.    Defendants' Position

Given that the parties have already engaged in 16 months of extensive and burdensome discovery, and that Plaintiffs continue to seek broad and burdensome discovery that would be more efficiently pursued once the motion to dismiss and motion for class certification are decided, Defendants believe that the most appropriate and efficient approach is to stay discovery, *see* Doc. 274.

Sincerely,

/s/ Philip J. Peisch

Philip J. Peisch