# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JIM JUSTICE, in his official capacity as Governor of West Virginia, *et al.*, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:19-cv-00710 <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants request that the Court issue a protective order requiring the withdrawal of, or staying the response to, Plaintiffs' Second Set of Requests for Admission and Plaintiffs' Seventh Set of Requests for Production, unless and until the existing Scheduling Order is amended to permit written discovery beyond August 20, 2021.

### BACKGROUND

On July 7, 2021, the Court entered an Amended Scheduling Order. Doc. 290. Under this Order, written discovery closed on August 20, 2021. *Id*. Subsequently, the case was dismissed.

After the dismissal of the case was reversed and remanded by the Fourth Circuit, Defendants moved to stay additional discovery pending a decision on Defendants' motion to dismiss and, if necessary, Plaintiffs' motion for class certification, Doc. 274, which Plaintiffs opposed, Doc. 277. The Court held a telephonic status conference on September 28, 2022, *see* Doc. 272, in which the Plaintiffs represented they intended to seek only limited discovery prior to a decision on class certification. The Court then temporarily stayed discovery "to allow the parties to engage in discussion to come to a resolution of all currently outstanding discovery issues." Doc. 281. After written and telephonic negotiations, the parties were unable to resolve their dispute on

1

the appropriate scope of discovery pending resolution of the motion to dismiss and the motion for class certification. *See* Doc. 287. On October 19, 2022, both parties individually filed reports detailing their efforts to resolve the dispute. *See id*.; Doc. 286. Two days later, on October 21, 2022, Defendants filed their reply in support of the pending motion to stay discovery. Doc. 288.

After Defendants' motion to stay was briefed, Plaintiffs did not contact Defendants to discuss amending the Amended Scheduling Order, nor did Plaintiffs move to amend the Amended Scheduling Order. Nevertheless, on November 18, 2022, Plaintiffs served Defendants with their Second Set of Requests for Admissions. *See* Doc. 289; Ex. 1. On November 29, 2022, Plaintiffs served Defendants with their Seventh Request for Production of Documents. *See* Doc. 290; Ex. 2.

After receiving Plaintiffs' discovery requests, Defendants' counsel informed Plaintiffs' counsel that, pursuant to the Amended Scheduling Order, discovery closed on August 20, 2021, and that discovery does not re-open unless and until the Court amends the Amended Scheduling Order to permit it. Ex. 3. Defendants' counsel also asked if Plaintiffs' counsel would be interested in re-starting discussions about a compromise proposal for amending the scheduling order to re-open discovery. *Id*. In response, Plaintiffs' counsel stated that they disagreed that discovery had not restarted, and that "there is no stay in place unless and until the Court decides Defendants' motion to stay." *Id*. Plaintiffs' counsel also declined to reengage in discussions to negotiate a compromise proposal to resolve disagreement regarding discovery. On December 12, 2022, Defendants' counsel again e-mailed Plaintiffs counsel to request a meet-and-confer about the parties' dispute about whether discovery had re-opened. *See* Ex. 3. The parties met and conferred on December 15, 2022, and Defendants proposed that the parties renew discussion of a discovery schedule and that, in the interim, Plaintiffs withdraw their Second Request for Admissions and

2

Seventh Request for Production or agree to stipulate to an extension of Defendants' time to respond. Plaintiffs eventually informed Defendants that they would move to amend the Amended Scheduling Order, but would not agree to withdraw their discovery requests or extend the deadline for their response until after the Court resolves that motion.[1]  *See* Ex. 3.

## ARGUMENT

Rule 26(c) provides that a "Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

In this case, good cause exists to order the withdrawal of (or stay the response to) Plaintiffs' written discovery requests because written discovery ended under the Amended Scheduling Order, *see* Doc. 209, and the Court has not amended that Order to re-open discovery. The scheduling order "controls the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), and "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Goewey v. U.S.*, 886 F. Supp. 1268, 1283 (D.S.C. 1995). Instead, "a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'securing the just, speedy, and inexpensive determination of every action.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D. W. Va. 1995) (quoting Fed. R. Civ. P. 1).

Before even requesting that the Court amend the existing Amended Scheduling Order to re-open discovery and set new deadlines, Plaintiffs have proceeded to serve requests for discovery. For the reasons explained in the Memorandum in Support of Defendants' Motion to Stay discovery, *see* Doc. 275, Defendants do not believe discovery in this case should restart until this

---

[1] As demonstrated herein, Defendants' counsel made a good faith effort to confer with Plaintiffs' counsel before filing this motion, in accordance with Fed. R. Civ. P. 37(a) and Local Rule 37.1(b).

Court has resolved Defendants' pending motion to dismiss and, if necessary, Plaintiffs' pending motion for class certification. Whether such a stay is appropriate or not, Plaintiffs are not free to unilaterally re-start discovery until the Amend Scheduling Order is amended to re-open discovery. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Loc. R. 16.1(f) ("Time limits in the scheduling order for the … completion of discovery … may be modified for good cause by order."); *Citynet, LLC ex rel. U.S. v. Frontier West Virginia, Inc.*, 2022 WL 2376638, at *3 (S.D. W. Va. June 30, 2022). The proper procedure for Plaintiffs to pursue discovery would be through a motion to amend the scheduling order pursuant to Rule 16, and wait for this Court's decision on that motion, not to serve discovery in disregard of the current order. *Cf. Harrison v. Kennedy*, 2019 WL 3712187 (D.S.C. Aug. 7, 2019) (granting motion for a protective order and quashing subpoenas served after the close of discovery).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court issue a protective order requiring the withdrawal of, or stay of response to, Plaintiffs' Second Set of Requests for Admission and Plaintiffs' Seventh Set of Requests for Production, unless and until the Amended Scheduling Order is further amended to permit written discovery beyond August 20, 2021.

Respectfully submitted,

December 19, 2022

*/s/* Philip J. Peisch
Philip J. Peisch (WVSB #24403)
Caroline M. Brown
Julia M. Siegenberg
Kendra Doty
Brown & Peisch PLLC

4

1233 20th Street NW, Suite 505
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of Defendants' Memorandum in Support of Defendants' Motion for a Protective Order to be delivered to the following via ECF notification:

Marcia Robinson Lowry
Julia Tebor
Aarti Iyer
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

Lori Waller
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

December 19, 2022

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #24403)
Caroline M. Brown
Julia M. Siegenberg
Kendra Doty
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301