UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| Jonathan R., minor by Next Friend Sarah DIXON, *et al.*, | ) ) ) ) |
| *Plaintiffs,* | ) ) Case No. 3:19-cv-00710 |
| v. | ) |
| Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*, | ) ) ) |
| *Defendants.* | ) |

## PLAINTIFFS' MOTION FOR MODIFICATION OF SCHEDULING ORDER

Plaintiffs request a modification of the scheduling order entered on June 7, 2021, which contemplated August 20, 2021, as the last date to serve discovery requests and October 4, 2021, as the last date to complete depositions. (ECF 209.) That order was entered before the Court's July 28, 2021 dismissal of this case (ECF 258), and the Fourth Circuit's judgment reversing that dismissal, which took effect on August 23, 2022. (ECF 270.) However, since the Fourth Circuit's judgment took effect, an amended scheduling order has not yet been put in place, resulting in disagreement between the parties as to how, or whether, discovery can proceed.

Defendants moved to stay all discovery on September 20, 2022. (ECF 275.) Plaintiffs opposed this motion on September 23, 2022. (ECF 277.) In September, this Court ordered a stay on discovery for a limited period of two weeks to allow the parties to engage in negotiations regarding outstanding discovery disputes, including the issue of whether Plaintiffs were entitled to additional discovery prior to a ruling on class certification. (ECF 281.) Defendants sought, and Plaintiffs did not oppose, a stay of an additional week to continue negotiations (ECF 282), but no resolution was reached for the reasons explained in Plaintiffs' October 19, 2022 status report. (ECF

286.) The Court has not yet resolved Defendants' motion to stay discovery. Plaintiffs asserted then, and maintain now, that a stay on discovery in this case, which Plaintiffs filed over three years ago, is both improper and inappropriate. As Plaintiffs explained in their opposition to Defendants' motion to stay discovery, Plaintiffs' requested discovery depends on neither a decision on the remaining issues in Defendants' motion to dismiss nor on a decision on Plaintiffs' motion for class certification. (ECF 277.) Plaintiffs believe that discovery is ongoing, and that, in fact, discovery must go forward while the Court resolves any pending motions before it, including Defendants' motions for a stay and dismissal on Rule 12(b)(6) grounds and Plaintiffs' motion for class certification.

Accordingly, Plaintiffs request modifying the scheduling order as follows:

| Deadline | Date |
| --- | --- |
| Period for written discovery requests | Present – 6 months after the motion for class certification is decided |
| Opening Rule 26 expert disclosures | 6 months after motion for class certification is decided |
| Responsive Rule 26 expert disclosures | 7 months after motion for class certification is decided |
| Rebuttal Rule 26 expert disclosures | 7.5 months after motion for class certification is decided |
| Close of discovery (i.e., deposition deadline) | 8 months after the motion for class certification is decided |
| Dispositive motion deadline | 9 months after the motion for class certification is decided |
| Response to dispositive motions | Specific dates to be determined, once motion for class certification is decided |
| Reply to response to dispositive motions | |
| Settlement meeting | |
| Proposed pre-trial order to Defendants | |
| Integrated pre-trial order | |
| Motion in limine deadline | |
| Responses to motions in limine deadline | |
| Pretrial conference | |

| |
|---|
| Final settlement conference |
| Proposed trial |
| Trial |

Plaintiffs' proposed schedule sets discovery deadlines that take into account the significant discovery delays and deficiencies that have impeded timely resolution of this litigation from the beginning. Plaintiffs described some of those issues in their unopposed July 20, 2021 motion to modify the scheduling order by extending the deadline for expert disclosures by 60 days.[1] (ECF 247.) Those issues include: 1) a four-month stay on discovery, delaying the resolution of pending discovery requests; 2) Defendants' months-long delays in producing responsive documents; 3) serious discovery deficiencies such as Defendants' failure to produce any documents at all for many discovery requests; and 4) inappropriate and overbroad redactions in many documents Defendants did produce that conceal important and relevant information.

On December 15, 2022, the parties conferred prior to Plaintiffs' filing of this motion to modify the scheduling order. Plaintiffs understand Defendants' position to be that the discovery period has closed and cannot be reopened until the Court enters a scheduling order indicating otherwise. However, by filing a motion to *stay* discovery only three months ago, Defendants concede that the discovery period did not close in October 2021 pursuant to the scheduling order issued in June 2021. Additionally, nowhere in that motion did Defendants argue that discovery could not go forward due to the June 2021 scheduling order. To the extent that Defendants make that argument now, it is merely a second bite at the apple—a contrivance to create delay and shirk their ongoing discovery obligations.

---

[1] Because the Court issued its opinion dismissing this case on July 28, 2021, Plaintiffs' motion to modify the scheduling order was not resolved.

For the foregoing reasons, Plaintiffs request the above modification to the scheduling order.

                                              Respectfully submitted,

Dated: December 19, 2022

*/s/ Marcia Robinson Lowry*
Marcia Robinson Lowry, *admitted pro hac vice*
Julia K. Tebor, *admitted pro hac vice*
Tavi Unger, *admitted pro hac vice*
Aarti Iyer, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
tunger@abetterchildhood.org
aiyer@abetterchildhood.org

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 344-8716
Fax: (304) 344-1481

*/s/ Lori Waller*
Disability Rights of West Virginia
Lori Waller, WVSB #11303
lwaller@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**Jonathan R., minor by Next**
**Friend Sarah DIXON**, *et. al.*,

    **Plaintiffs,**

v.                                                  Civil Action No. 3:19-cv-00710
                                                   Judge Johnston

**Jim JUSTICE, in his official capacity as**
**The Governor of West Virginia**, *et. al.*,

    **Defendants.**

## CERTIFICATE OF SERVICE

    I, J. Alexander Meade, counsel for the plaintiffs herein, hereby verify that on this 19th day of December, 2022, I electronically filed the foregoing **"Plaintiffs' Motion for Modification of Scheduling Order"** with the Clerk of the Court via the CM/ECF system, which will electronically serve and notify counsel of record as follows:

| | |
|---|---|
| Julia M. Siegenberg, Esq. | Steven R. Compton, Esq. |
| Philip J. Peisch, Esq. | West Virginia Attorney General's Office |
| Caroline M. Brown, Esq. | 812 Quarrier Street |
| Rebecca E. Smith | Second Floor |
| Brown & Peisch PLLC | Charleston, WV 25301 |
| 1233 20th Street NW, Suite 505 | *Counsel for Defendants* |
| Washington, DC 20001 | |
| *Counsel for Defendants* | |

                                                    */s/ J. Alexander Meade*
                                                    J. Alexander Meade (WVSB #13021)