UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| JIM JUSTICE, in his official capacity as ) | Case No. 3:19-cv-00710 |
| Governor of West Virginia, *et al*., ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY OF DISCOVERY AND RENEWED MOTION FOR AN AMENDED SCHEDULING ORDER**

Defendants oppose re-opening discovery prior to a decision on Plaintiffs' motion for class certification (ECF No. 130), for the reasons explained in the Memorandum in Support of Defendants' Motion to Stay Discovery (ECF No. 275). Alternatively, if the Court believes lifting the stay and modifying the Amended Scheduling Order is appropriate at this time, Defendants request that this Court provide the parties with 90 days of additional written discovery, which the parties can jointly decide whether to use before or after a decision on class certification, rather than authorizing the indefinite amount of additional written discovery that Plaintiffs request.

**BACKGROUND**

Discovery in this case began in December 2019, and the Amended Scheduling Order set August 20, 2021 as the deadline for serving written discovery requests, which gave the parties approximately 17 months of written discovery (not counting the several months for which discovery was stayed in 2021). *See* ECF No. 209. This timeframe for discovery significantly exceeded the three to seven months of written discovery recommended in this Court's Worksheet for Report of Parties' Planning Meeting. *See* Local R. Civ. P. 16.1 Form.

In November 2020, after Plaintiffs completed 11 months of discovery and moved for class certification, Defendants moved to stay discovery pending a decision on class certification. *See*

1

ECF Nos. 156, 157. As Defendants pointed out at the time, staying discovery would have preserved the remainder of the time for written discovery (approximately 6 months) until after a decision on the pending motion for class certification had been issued. *See* ECF Nos. 156, 157. However, Plaintiffs opposed this motion and instead chose to move ahead with their allotted time for discovery prior to a decision on class certification. ECF No. 165.

On July 28, 2021, the Court dismissed this case. At that point, the parties had engaged in approximately 16 months of discovery and only 23 days of written discovery remained under the Amended Scheduling Order.

The U.S. Court of Appeals for the Fourth Circuit reversed this Court's decision, issuing its mandate on August 23, 2022. ECF No. 270. Shortly after the case was remanded, Defendants moved to stay discovery pending decisions on the pending motions to dismiss and for class certification, ECF No. 275, after which the parties attempted to negotiate a compromise to permit a limited scope of discovery until the motions were resolved, *see* ECF No. 287. In these negotiations, Defendants agreed to certain discovery prior to this Court's decision on the motion for class certification, if Plaintiffs would agree not to pursue any additional discovery until that motion was resolved. *See* ECF No. 287, at 2 (citing ECF Nos. 286-2, 286-4). Plaintiffs rejected Defendants' compromise proposal. *See* ECF No. 286.

In the intervening four months, Plaintiffs never to moved modify the Amended Scheduling Order to permit written discovery beyond the August 20, 2021 deadline. Nevertheless, on November 18 and November 29, 2022, Plaintiffs served Defendants with their Second Set of Requests for Admissions and their Seventh Set of Requests for Production of Documents. *See* ECF Nos. 289, 290, 291-1, 291-2. In response, Defendants moved for a protective order, on the grounds that written discovery closed on August 20, 2021 and does not re-open unless and until

the Court amends the Amended Scheduling Order to permit it.  ECF No. 291.  Plaintiffs did not file an opposition to Defendants' Motion for a Protective Order, but instead finally moved to modify the Amended Schedule Order, ECF No. 293.

On January 10, 2023, Magistrate Judge Eifert granted in part Defendants' Motion for a Protective Order and ordered that Plaintiffs withdraw their Seventh Set of Requests for Production of Documents, because "no extension of the deadline for written discovery has been granted since the last Scheduling Order, which set the deadline as August 20, 2021."  ECF No. 298.

On January 13, 2023, the Court granted in part and denied in part Defendants' motion to dismiss, which triggered Defendants' obligation to file an Answer within 14 days.  ECF No. 300. On January 27 and February 16, 2023, in light of ongoing settlement discussions, the Court granted Defendants' motions to stay discovery and stay the time to file an Answer.  ECF Nos. 305, 306.

## ARGUMENT

### I. Modifying the Amended Scheduling Order to Re-open Discovery is Not Appropriate at this Time.

The Amended Scheduling Order set August 20, 2021 as the deadline for written discovery requests and therefore, as Magistrate Judge Eifert has held, additional written discovery requests may not be served in this case unless and until the Amended Scheduling Order is modified to permit further written discovery beyond the August 20, 2021 deadline.  See ECF No. 298; see also ECF No. 292 (citing, among other authorities, Fed. R. Civ. P. 16; L. R. 16.1; *Goewey v. U.S.*, 886 F. Supp. 1268, 1283 (D.S.C. 1995); *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D. W. Va. 1995)).

Modifying the Amended Scheduling Order to permit additional discovery is inappropriate until this Court resolves Plaintiffs' motion for class certification (ECF No. 130) because, as explained in the Memorandum in Support of the Defendants' Motion to Stay Discovery (ECF No. 275), the Court's decisions on this motion will determine the scope of discovery that remains to

be conducted. Specifically, the decision on class certification will dictate whether Plaintiffs are entitled to broad discovery on classwide issues; if no class is certified, Plaintiffs can only obtain discovery with respect to the live claims of the individual Named Plaintiffs.[1] Further, if class certification is denied, the individual claims of most of the 13 Named Plaintiffs become moot because they are no longer in state custody, *see* ECF Nos. 55, 88, 107, 220. *See Jonathan R. v. Justice*, 41 F.4th, 316, 326 (4th Cir. 2022).

Moreover, Plaintiffs have informed Defendants that, "[i]f the court denies class certification, Plaintiffs will seek a stay to appeal the class certification decision to the Fourth Circuit," ECF No. 274-3, and, conversely, Defendants anticipate that they would seek interlocutory review if the Court certifies the class. As a result, there is a substantial risk that information gathered through discovery conducted before a decision on class certification will become stale as one of the parties appeals to the Fourth Circuit.

Nor is there prejudice to Plaintiffs in waiting to re-start discovery. This delay will not have any impact on the eight (8) Named Plaintiffs who are no longer in DHHR custody, *see* ECF Nos. 55, 88, 107, 220, and waiting to re-start discovery would not harm the five Named Plaintiffs that

---

[1] *Cf.* ECF No. 275; ECF No. 156-11, Order, *Erica P. John Fund, Inc. v. Halliburton*, Case No. 02-cv-01152 (N.D. Tex. July 22, 2014) (unpublished) (granting motion to stay discovery pending decision on class certification); *Blankenship v. Napolitano*, No. 19-236, 2019 WL 6173530, *3 (S.D. W. Va. Nov. 19, 2019) (unpublished) ("A three-factor analysis has been applied when considering whether to grant a motion to stay discovery," and those three factors are "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party."); *Citynet, LLC v. Frontier West Virginia Inc.*, No. 14-15947, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016) (internal quotations omitted) (unpublished) (in determining whether there is good cause to stay discovery, courts consider a number of factors, including, among others: the type of motion; "whether the motion is a legal challenge or dispute over the sufficiency of allegations"; "the nature and complexity of the action"; "whether other parties agree to the stay"; "the posture or stage of the litigation"; and "the expected extent of discovery in light of the number of parties and complexity of the issues in the case").

remain in custody in any way. Indeed, if Plaintiffs' counsel believed that delaying resolution of this case would prejudice the Named Plaintiffs, they would not be planning to "seek a stay to appeal" if this Court denies their motion for class certification, *see* ECF No. 274-3. In fact, there is value to Plaintiffs in saving all additional discovery time until after the pending motion for class certification has been resolved, as Plaintiffs have repeatedly claimed that they will need additional discovery after the Court issues a decision on class certification, in part because of Magistrate Judge Eifert's decisions that Plaintiffs were not entitled to certain burdensome discovery in the absence of class certification, *see* ECF No. 165, at 5 n.4; id. at 4-6; ECF No. 243 at 7:16-23, 34:17 – 35:16.

Because of all the uncertainty until the motion for class certification is resolved, Plaintiffs cannot even identify specific dates to propose for any of the deadlines in the scheduling order. Rather than propose specific dates and timeframes, Plaintiffs have proposed to modify the Amended Scheduling Order with "deadlines" that are either a certain number of months "after the motion for class certification is decided" or are "to be determined, once the motion for class certification is decided." *See* ECF No. 293. It makes little sense to modify a scheduling order before the parties are able to propose new dates for the deadlines in that order.[2]

## II. Alternatively, if the Court Lifts the Stay and Modifies the Amended Scheduling Order, the Court Should Limit the Additional Time for Written Discovery to 90 Days.

In November 2020, after Plaintiffs completed 11 months of discovery and moved for class certification, Defendants moved to stay discovery pending a decision on that motion, which would have preserved the remainder of the time for written discovery (approximately 6 months) until

---

[2] Plaintiffs have also asked that the Court lift the stay on Defendants' deadline to file an Answer. Defendants do not oppose the lifting of the stay to file an Answer, but Defendants respectfully request that the Court provide the Defendants with 45 days to file it, given that Plaintiffs' Complaint is over 100 pages long and contains allegations relating to 13 Named Plaintiffs.

after a decision on class certification was issued. *See* ECF Nos. 156, 157. Plaintiffs opposed this motion and instead chose to move ahead with their allotted time for discovery prior to a decision on class certification, ECF No. 165, such that only 23 days of written discovery remained when this case was dismissed in July 2021.

Plaintiffs now seek to avoid the ramifications of their decision to use their time for written discovery while the class certification motion was pending by seeking at least an additional 6-12 months of written discovery.[3] *See* ECF No. 307 (renewing the request in ECF No. 293). Further, instead of choosing whether to pursue this additional discovery immediately or save it until after a decision on class certification, Plaintiffs want to have-their-cake-and-eat-it-too, *i.e.*, Plaintiffs seek a scheduling order that authorizes an indefinite period of additional written discovery until the motion for class certification is resolved *plus* an additional six months after that motion is resolved. *Id.*

A more reasonable and efficient approach would be to wait to re-open discovery until the pending motion for class certification is resolved, for the reasons explained in the previous section. Alternatively, if the Court concludes that lifting the stay and modifying the Amended Scheduling Order is appropriate now, Defendants respectfully request that the Court limit the additional written discovery to 90 days, with an instruction that Plaintiffs choose and inform Defendants how much (if any) of that additional 90 days will occur prior to a decision on class certification, with the remainder of those 90 days saved for after a decision on class certification. This would give Plaintiffs substantially more time for written discovery than the 23 days remaining when the case

---

[3] For example, if the Court takes one month to decide the motion for class certification, Plaintiffs' request will result in seven months of additional written discovery. If the Court takes six months to decide the motion for class certification, Plaintiffs request will result in 12 months of additional written discovery.

6

was dismissed, and it would provide the parties with a total of approximately 20 months of written discovery in this case, far in excess of the three to seven months of written discovery recommended in this Court's Worksheet for Report of Parties' Planning Meeting, *see* Local R. Civ. P. 16.1 Form. Further, both parties are free to move to further modify the scheduling order if either party believes a further modification is appropriate based on the Court's subsequent decision on the motion for class certification (and both parties are free to oppose any such motion).[4]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion

Respectfully submitted,

March 27, 2023

*/s/* Philip J. Peisch
Philip J. Peisch (WV Bar #24403)
Caroline M. Brown
Julia M. Siegenberg
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20036

*/s/* Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301

---

[4] In addition to seeking an amendment to the scheduling order to re-open discovery, Plaintiffs request their Seventh Set of Requests for Production "be reinstated," even though Magistrate Judge Eifert ordered that it be withdrawn because it was served in violation of the Amended Scheduling Order, *see* ECF No. 298. Even if Plaintiffs prevail in their request to amend the scheduling order to re-open discovery prior to a decision on class certification, the Court should not "reinstate" their Seventh Set of Requests for Production, which were improperly served prior to the re-opening of discovery, as Magistrate Judge Eifert concluded. Rather, if Plaintiffs would like responses to those document requests, Plaintiffs must re-serve those document requests when discovery re-opens.

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of the foregoing to be delivered to the following via ECF notification:

Marcia Robinson Lowry
Julia Tebor
Tavi Unger
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Brian L. Ooten
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

Lori Waller
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

March 27, 2023

/s/ Philip J. Peisch
Philip J. Peisch (WV Bar #24403)
Caroline M. Brown
Kendra Doty
Julia M. Siegenberg
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301