UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| **Jonathan R., minor, by Next Friend Sarah DIXON, *et al.*,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:19-cv-00710<br>) |
| **Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*,** | )<br>)<br>) |
| Defendants. | ) |

### PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO LIFT STAY OF DISCOVERY AND RENEWED MOTION FOR AN AMENDED SCHEDULING ORDER

Defendants' opposition (the "Opposition") (ECF No. 308) to Plaintiffs' Motion to Lift the Stay of Discovery and Renewed Motion for an Amended Scheduling Order (the "Motion") (ECF No. 307) requests that the Court continue a stay of discovery until after deciding Plaintiffs' Motion for Class Certification and/or only grant the parties 90 days of additional written discovery.[1] However, Defendants' Opposition entirely ignores several important facts. First, the Opposition ignores that a significant reason for the delay in discovery is due to Defendants' own delays and deficiencies, in that Defendants have consistently refused to produce documents, produced insufficient documents and/or produced documents with significant redactions of highly relevant information. Plaintiffs request a modified schedule that will allow the parties adequate time in which to address those ongoing deficiencies and issues. Second, Defendants' Opposition ignores that the information and documents Defendants produced are at least two years old and are limited in scope due both to Defendants' deficiencies and to the fact that the Court had not certified a class. Plaintiffs are seeking

---

[1] Defendants state that they do not oppose the lifting of the stay to file an Answer, but request that the Court provide them with 45 days to file it. ECF No. 308 at 5 n.2. Plaintiffs do not oppose this request.

injunctive relief to rectify significant problems with West Virginia's foster care system and require recent information and documents to do so. The process of updating information provided can and should start now to ensure the efficiency of this litigation. Third, Defendants' Opposition continues to ignore any consideration of the effect of a stay on the thousands of West Virginian children for whom they are responsible. The Court should lift the stay now so as to allow Plaintiffs to speedily and efficiently obtain relief for them.

## ARGUMENT

### I. DEFENDANTS' ARGUMENT IGNORES THEIR OWN DELAYS IN PRODUCTIONS, DISCOVERY DEFICIENCIES, AND REFUSAL TO PRODUCE CERTAIN DOCUMENTS AND INFORMATION

Defendants fail to note that a significant reason for the length of time required for discovery is due to Defendants' own delays and refusal or inability to produce various requested documents. As discussed in Plaintiffs' previous motions, including their December 19, 2022 motion to modify the scheduling order (ECF No. 293) and July 20, 2021 motion to modify the scheduling order (the "July 20, 2021 Motion") (ECF No. 247), Plaintiffs' proposed schedule sets discovery deadlines that take into account Defendants' delays and deficiencies that have inhibited timely resolution of this litigation. As stated previously, those issues include: (1) a four-month stay on discovery, delaying the resolution of pending discovery requests; (2) Defendants' months-long delays in producing responsive documents; (3) serious discovery deficiencies, such as Defendants' failure to produce any documents for many discovery requests; and (4) inappropriate and overbroad redactions in many documents Defendants produced. ECF No. 293.

For example, as discussed in Plaintiffs' July 20, 2021 Motion, on June 8, 2021, Defendants produced documents, including district reviews, on-site reviews, and district-level corrective action plans which were responsive to Request No. 19 in Plaintiffs' Third Requests for Production, which Plaintiffs served eight (8) months earlier. ECF No. 247 at 4. Moreover, as late as July 15, 2021,

Defendants produced documents responsive not only to Plaintiffs' Third and Fourth Requests for Production, but also to Plaintiffs' First Request for Production, served on December 3, 2019, and Plaintiffs' Second Request for Production, served on February 20, 2020. *Id.*; *see also* ECF No. 277 at 12 (discussing deficiencies and delays in Defendants' productions and that nearly half of the documents Defendants produced were Named Plaintiffs' case files, which Defendants took more than three months to produce, after which they admitted a failure to produce an array of case file records due to a "technical error.").

As noted in Plaintiffs' July 20, 2021 Motion, Defendants had yet and have yet to produce documents at all for many discovery requests, including reports regarding children placed in out-of-state facilities. ECF No. 247 at 6. Further, Defendants refused to produce certain documents or produced documents with numerous redactions of highly relevant information, leading the parties to need to engage in extensive discovery disputes and often leading to the parties filing discovery motions with the Court. *See* ECF No. 247 at 5-7 (discussing sixteen requests to which Defendants refused to produce documents, including those related to foster children who had run away from their placements, investigations into reports of abuse and neglect at congregate care facilities, reports of abuse and neglect in uncertified foster homes, and backlogs in investigations into reports of abuse and neglect). Indeed, many of these discovery disputes remain pending.[2] *See, e.g.,* ECF No. 246 (pending motion before Magistrate Judge Eifert regarding extensive redactions to on-site reviews and Defendants' withholding of other on-site reviews).

The Court issued its initial decision on the Motion to Dismiss on July 28, 2021 (ECF No. 258)

---

[2] As Defendants note (ECF No. 308 at 2), the parties attempted to negotiate a scope of discovery prior to the Court issuing a decision on Plaintiffs' Motion for Class Certification (and at that time Defendants' Motion to Dismiss) in September and October of 2022. Defendants' "compromise" proposal provided little benefit to Plaintiffs, however, and rather than resolving ongoing disputes, invited more discovery litigation. ECF No. 286 at 2.

and these issues were never resolved. Plaintiffs have not received additional discovery since that time.

Given Defendants' deficiencies and delays that are ongoing, ninety days, as Defendants request, is simply an insufficient amount of time to complete discovery.[3] Additionally, aside from the delays and deficiencies due to Defendants' own actions, Defendants' Opposition fails to note that almost two years have passed since the Court initially dismissed this Action and since Defendants provided any discovery to Plaintiffs. Plaintiffs seek injunctive relief to rectify a broken child welfare system and, as such, require updated information about the current status of foster children in Defendants' care. This is especially so given Defendants' prior arguments about "important initiatives" that they are making that will "benefit putative class members." ECF No. 275 at 7. In discussing pre-class certification discovery, Defendants refused to update the discovery they provided to Plaintiffs other than providing updated policies and procedures. *See* ECF No. 286-3 at 3. The Court should grant Plaintiffs' Motion and their requested discovery schedule so as to allow Plaintiffs sufficient time to conduct the necessary discovery.[4]

## II. DEFENDANTS' ARGUMENT IGNORES THE URGENT NEED TO ADDRESS THE ISSUES OF WEST VIRGINIA'S CHILD WELFARE SYSTEM

Further, for the reasons stated in Plaintiffs' Opposition to Defendants' Motion to Lift the Stay (ECF No. 277), the Court should not stay discovery until after a decision on Plaintiffs' Motion for Class Certification. As Plaintiffs have noted previously, a party "seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."

---

[3] While Defendants repeatedly note that the timeframe for discovery exceeds the three to seven months recommended by this Court's Worksheet for Report of Parties' Planning Meeting, they ignore that this form applies to all cases and is not tailored to complex class-action litigation. *See* ECF No. 308 at 7. As stated above, Defendants also ignore that their own delays and deficiencies contributed to the need for additional time for discovery.

[4] Defendants state that Plaintiffs' Seventh Request for Production should not be reinstated and must be re-served once an amended litigation schedule is ordered. Plaintiffs disagree, as this would serve only to add to ongoing delays in this action.

*Wiliford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127-28 (4th Cir. 1983) (denying a stay and stating that "[o]f particular significant in balancing the competing interest of the parties . . . are the human aspects of the needs of [the] plaintiff . . . as opposed to the practical problems" raised by defendants). As in Defendants' previous briefing, the Opposition continues to ignore the urgency of the need to obtain relief for the foster children of West Virginia.[5] West Virginia's foster children continue to languish in care and given Defendants' delays and deficiencies as discussed above, the parties should restart discovery now so as to enable Plaintiffs to move forward speedily to obtain relief for those children.[6]

Moreover, Defendants' argument that somehow Plaintiffs should only have a specific allotted time for discovery and that they should be forced to choose whether to perform this discovery before or after a class is certified ignores the realities of the case. As noted by Defendants themselves and by Plaintiffs in previous motions, Defendants have refused to produce a significant number of relevant documents and information on the basis that the Court has not yet certified a class. ECF No. 308 at 5. Thus, Plaintiffs will still require significant discovery post-class certification. But, this is no reason to delay discovery in the interim. In order to quickly and efficiently move the litigation forward and to obtain relief for West Virginian foster children, the Court should restart discovery now.

---

[5] Defendants argue without support that "waiting to re-start discovery would not harm the five Named Plaintiffs that remain in custody in any way." ECF No. 308 at 4-5. However, as stated in Plaintiffs' Opposition to Defendants' Motion to Stay (ECF No. 277 at 15), the prior DHHR commissioner admitted that "West Virginia has the highest entry rate of children in foster care of any state in the country," and that "the longer a child is in placement without achieving permanency, the more difficult it is to achieve permanency. So if a child has been in state's custody for two years, which is a long time, the chances of them finding a forever family is diminished considerably." Thus, by Defendants' own statements, the Named Plaintiffs in care are increasingly harmed the longer this case continues unresolved.

[6] While Plaintiffs understand that the West Virginia Legislature has enacted or is working on enacting certain legislation seeking to address issues in the child welfare system, including a bill to split DHHR into three entities, this legislation does not address Defendants' ongoing constitutional and federal law violations addressed in this action.

## **CONCLUSION**

Plaintiffs respectfully request that the Court grant their Motion.

Dated: March 29, 2023        Respectfully submitted,

*/s/ Marcia Robinson Lowry*
A Better Childhood
Marcia Robinson Lowry, *admitted pro hac vice*
Julia K. Tebor, *admitted pro hac vice*
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 344-8716
Fax: (304) 344-1481

*/s/ Lori Waller*
Disability Rights of West Virginia
Lori Waller, WVSB #11303
lwaller@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| **Jonathan R., minor, by Next Friend Sarah DIXON, *et al.*,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*,** )<br>)<br>Defendants. ) | Case No. 3:19-cv-00710 |

## CERTIFICATE OF SERVICE

I, J. Alexander Meade, counsel for the plaintiffs herein, hereby verify that on this 29th day of March, 2023, I electronically filed the foregoing "**Plaintiffs' Reply in Further Support of Their Motion to Lift Stay of Discovery and Renewed Motion for an Amended Scheduling Order**" with the Clerk of the Court via the CM/ECF system, which will electronically serve and notify counsel of record as follows:

Philip J. Peisch, Esq.
Caroline M. Brown, Esq.
Julia M. Siegenberg, Esq.
Rebecca E. Smith
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20001
*Counsel for Defendants*

Steven R. Compton, Esq.
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
*Counsel for Defendants*

        */s/ J. Alexander Meade*
        J. Alexander Meade (WVSB #13021)

7