IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN R., et al.,

        Plaintiffs,

v.                                            CIVIL ACTION NO. 3:19-cv-00710

JIM JUSTICE, et al.,

        Defendants.

ORDER

On September 2, 2020, Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel. [ECF No. 130]. Prior to ruling on the class certification motion, the court granted Defendants' Motions to Dismiss Plaintiffs' Complaint [ECF Nos. 17, 55, 88, 107, 167] based on mootness and the *Younger* abstention doctrine and directed the Clerk to remove this matter from the docket, thereby closing the case. [ECF No. 258]. Plaintiffs appealed the court's judgment to the United States Court of Appeals for the Fourth Circuit. [ECF No. 260]. On July 20, 2022, the Fourth Circuit affirmed in part, reversed in part, and remanded the case, instructing this court to "consider West Virginia's substantive arguments for dismissal and, if appropriate, Plaintiffs' motion for class certification." [ECF No. 265, at 11, 42].

On January 13, 2023, this court granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF No. 17]. [ECF No. 300]. The Order

dismissed all of the substantive due process claims asserted by the proposed ADA and Aging Out Subclasses and nearly all of the claims made by the proposed Kinship Subclass. *Id.* at 17–19. The court also dismissed Plaintiffs' claims under the First, Ninth, and Fourteenth Amendments to the United States Constitution and their claims under the Adoption Assistance and Child Welfare Act. *Id.* at 27, 36. Most of the substantive due process claims asserted by the General Class and one claim made by the Kinship Subclass remain pending, as do the ADA Subclass's claims under the Americans with Disabilities and Rehabilitation Acts. *Id.* at 13–17, 43. The court did not address class certification in its Order, and Plaintiffs' certification motion is now nearly three years old.

Given the court's recent Order dismissing several of Plaintiffs' claims as well as the substantial amount of time that has passed since Plaintiffs filed their Motion for Class Certification, the court finds that Plaintiffs' original motion is stale and a new motion on class certification is necessary. Plaintiffs are therefore **ORDERED** to file a new motion for class certification, if they still desire to move for certification, within **fourteen (14) days** from the entry of this Order. The motion must be accompanied by a supporting memorandum that complies with the page limitation articulated in the local rules of procedure. Additionally, Plaintiffs' motion, if they choose to file one, should consider the current status of the case when defining proposed classes. Response and reply memoranda shall be filed in accordance with the time limitations set forth in the local rules.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 2, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE