IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN R., et al.,

          Plaintiffs,

v.                                CIVIL ACTION NO.   3:19-cv-00710

JIM JUSTICE, et al.,

          Defendants.

## SCHEDULING ORDER

The Court has reviewed the Report of the Parties' Planning Meeting [ECF No. 328] filed pursuant to Federal Rule of Civil Procedure 26(f).  It is **ORDERED** that the scheduling conference previously scheduled for June 26, 2023, be cancelled.  Pursuant to Rule 16(b) and Local Rule of Civil Procedure 16.1(e), it is further **ORDERED** that this case shall proceed as follows:

| | |
|---|---|
| Amendment of pleadings and joinder of parties | 10/16/2023 |
| Deadline for written discovery requests. | 12/29/2023 |
| Expert disclosure by party with burden of proof. | 12/14/2023 |
| Expert disclosure by opposing party. | 1/15/2024 |
| Expert disclosure for rebuttal purposes. | 1/29/2024 |
| Deposition deadline and close of discovery. | 2/12/2024 |
| Filing of dispositive motions. | 3/4/2024 |
| Responses to dispositive motions. | 3/18/2024 |
| Reply to response to dispositive motion | 3/25/2024 |
| Settlement meeting deadline. | 5/6/2024 |
| Filing of motions in limine. | 5/13/2024 |
| Responses to motions in limine. | 5/20/2024 |
| Plaintiff draft of pretrial order to defendant. | 5/8/2024 |

| | |
|---|---|
| Integrated pretrial order filed by defendant. | 5/15/2024 |
| Pretrial conference. | **5/30/2024 10:00 AM in Charleston** |
| Proposed findings of fact and conclusions of law | 6/18/2024 |
| Bench Trial | **6/25/2024 9:00 AM in Charleston** |

The amendment of any pleading and the joinder of any party is subject to Rule 15 and 16, and the accompanying rules governing the joinder of parties.

The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1), and (2), but not disclosures required by Federal Rule of Civil Procedure 26(a)(3), shall be completed. Pursuant to Local Rule 26.1(c), the court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

Regarding the settlement meeting, the parties and their lead trial counsel, if any, shall meet and conduct negotiations looking toward the settlement of the action, and counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so. Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations.  If the action is not settled during the settlement meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session.

The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule 16.7(b).

At both the pretrial and final settlement conferences, lead trial counsel shall appear fully prepared to discuss all aspects of the case.  Individuals with full authority to settle the case for

each party shall be present in person or immediately available by telephone.

The original and one copy of proposed findings of fact and conclusions of law on substantive theories of recovery or defense and damages shall be exchanged and submitted to the presiding judicial officer. On that same date, the respective submissions shall also be provided to the undersigned on compact disc saved in Word compatible format or emailed to chambers according to instructions provided by the court's law clerk.

Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required herein, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required herein, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Rule 16(f).

It is further **ORDERED** that the unopposed motion for an extension of time to file reply to plaintiffs' opposition to defendants' motion to stay discovery [ECF No. 282], the motion for modification of scheduling order [ECF No. 293], and the motion to lift stay of discovery and renewed motion for an amended scheduling order [ECF No. 307] are all **DENIED as moot**.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 12, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE