UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| JONATHAN R., *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) |
| JIM JUSTICE, in his official capacity as Governor of West Virginia, *et al.*, | ) Case No. 3:19-cv-00710 |
| *Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISQUALIFY NEXT FRIENDS**

Defendants move to disqualify Sarah Dixon as the Next Friend for Serena S. and Katherine Huffman as the Next Friend for Chris K., Calvin K., and Carolina K., on the grounds that they both lack the authority and standing under Federal Rule of Civil Procedure 17 to represent these Named Plaintiffs, each of whom has adoptive parents qualified to serve as their representatives. *See* Fed. R. Civ. P. 17(c). In the absence of any evidence that the adoptive parents of Serena S., Chris K., Calvin K., and Carolina K. are incapable of representing their children's interests, the Court should disqualify Ms. Dixon and Ms. Huffman as Next Friends. Only the children's parents, not court-appointed representatives, should make the decision regarding the best interests of their children in this litigation.

**BACKGROUND**

In this case, Plaintiffs bring claims on behalf of a putative class of "children . . . who are or will be in the legal and physical custody of [the Department of Health and Human Resources ('DHHR')]." Compl. ¶ 30. The Plaintiffs' Complaint alleged that the twelve Named Plaintiffs who brought this case in 2019 were then all minors in the custody of DHHR, and therefore sued by way of "next friends." Plaintiffs moved to appoint next friends under Federal Rule of Civil

1

Procedure 17 on January 23, 2020.  ECF No. 45.  At the time that Plaintiffs filed the motion to appoint next friends, Plaintiffs' counsel had not yet disclosed to Defendants the real identities of the children (all of whom appear by pseudonyms), and Defendants did not contest the appointment. ECF No. 45.  The Court granted the motion to appoint the next friends on January 29, 2020.  ECF No. 51.

### A. Named Plaintiffs Chris K., Calvin K., and Carolina K.

When Plaintiffs' counsel disclosed the children's actual identities to Defendants, Defendants discovered that Chris K., Calvin K., and Carolina K. had been adopted on December 10, 2019, *see* Ex. 1 (filed under seal), six weeks before Plaintiffs filed their motion to appoint Katherine Huffman as their next friend for this case.  ECF No. 45.  Neither the motion to appoint Ms. Huffman as next friend nor Ms. Huffman's affidavit in support of the motion – in which she stated that she knew the children and had "provided details of the circumstances surrounding their involvement with DHHR" – disclosed the fact that they now had adoptive parents.  ECF No. 45-5.

Upon learning that Chris, Calvin and Carolina had been adopted, Defendants immediately moved to dismiss their claims as moot.  ECF No. 55.  While that motion included arguments that Plaintiffs' counsel and Ms. Huffman lacked the authority to represent Chris, Calvin and Carolina in light of the fact that these children have adoptive parents, Defendants did not independently move to disqualify Ms. Huffman as an inappropriate next friend under Rule 17.  *Id*.  The Court granted Defendants' motion and dismissed Chris, Calvin and Carolina's claims as moot.  ECF No. 258.

On July 20, 2022, the United States Court of Appeals for the Fourth Circuit reversed the order dismissing Chris, Calvin, and Carolina's claims as moot.  *Jonathan R. v. Justice*, 41 F.4th

316 (4th Cir. 2022). Because Chris, Calvin and Carolina continue in this case as Named Plaintiffs, Defendants now move to disqualify Katherine Huffman as the next friend for these adopted children.

### B. Named Plaintiff Serena S.

Named Plaintiff Serena S. was adopted on September 3, 2020, *see* Ex. 2 (filed under seal). Defendants promptly moved to dismiss her claims as moot. ECF No. 168. While that motion included arguments that Ms. Dixon now lacked the authority to represent Serena, Defendants did not independently move to disqualify Ms. Dixon as an inappropriate next friend under Rule 17. *Id*. The Court granted Defendants' motion and dismissed Serena's claims as moot. ECF. No. 258.

On July 20, 2022, the United States Court of Appeals for the Fourth Circuit reversed this Court's dismissal of Serena's claims. *Jonathan R.*, 41 F.4th 316. Because Serena S. continues as a Named Plaintiff in this litigation, Defendants now move to disqualify Sarah Dixon as the next friend for Serena S.

### ARGUMENT

Federal Rule of Civil Procedure 17 provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem," and that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). Courts have understood this to mean that, where a minor has a parent or legal guardian, neither a next friend nor a lawyer can represent that minor without an evidentiary showing that the parent or legal guardian is not an appropriate representative for the child. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997) ("Unless … the court find the child's general representative to be inadequate, it should not allow the general representative to be bypassed by appointing a special

3

representative to litigate on behalf of his ward."); *Developmental Disabilities Advocacy Ctr., Inc. v. Melton*, 689 F.2d 281, 285 (1st Cir. 1982) (refusing to appoint next friend for minor plaintiff given that "there was no indication in the record that [the child's parent] abused her trust" in disapproving of the suit."); *cf. Troxel v. Granville*, 530 U.S. 57, 68 (2000) ("There is a presumption that fit parents act in the best interest of their children."); *Parham v. J.R.*, 442 U.S. 584, 559-604 (1979) (same).

These cases construing who can be appointed to represent a minor under Rule 17 reflect "the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *D.B. v. Cardell*, 826 F.3d 721, 740-41 (4th Cir. 2016); *see also Troxel*, 530 U.S. at 66; *Alyssha R. v. Nicholas H.*, 233 W.Va. 746, 753-54 (2014) (explaining that "[t]he right of a parent to make decisions concerning the care, custody, and control of her children in among the most cherished fundamental liberty interests," and that "this Court [has] held that courts must defer to the preferences of the parent where there has been no showing of unfitness with regard to that parent").

Rule 17(b) states that capacity to sue or be sued is governed by state law, and courts have concluded that state law also applies to an individual's capacity to represent a minor as a next friend under Rule 17(c). *Wolfe by Hedges v. Bias*, 601 F. Supp. 426, 427-28 (S.D. W. Va. 1984) ("The district court's power to appoint under Rule 17(c) should not be used to circumvent the mandate in Rule 17(b) to observe state law."); *see also Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 86 (1st Cir. 2010) ("State law generally governs an individual's capacity to represent a minor or incompetent person in federal court."). West Virginia law recognizes that "from the moment an adoption order is entered, an adoptive parent has the same rights 'as if the child had been born to' him or her." *In re Adoption of J.S.*, 245 W.Va. 164, 169 (2021) (quoting W. Va. Code § 48-

22-701(d)). The adoptive parents are now responsible for Serena, Chris, Calvin and Carolina's well-being and protecting their interests.

The Court should not allow Ms. Huffman and Ms. Dixon to continue acting as the next friends for Chris, Calvin, Carolina and Serena. Having been adopted, the children's appropriate representatives under Rule 17 are their parents, and the parents should determine how to go about pursuing this litigation on their behalf. *See Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) ("A federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child.").

## CONCLUSION

For the foregoing reasons, the Court should disqualify Ms. Dixon as the Next Friend for Serena S. and Ms. Huffman as the Next Friend for Chris K., Calvin K., and Carolina K.

Respectfully submitted,

August 14, 2023

*/s/* Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Brown & Peisch PLLC
1225 19th Street NW
Washington, DC 20036

*/s/* Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip Peisch, hereby certify that I caused a true and correct copy of Defendants' Memorandum in Support of Defendants' Motion to Disqualify Next Friends to be delivered to the following via ECF notification:

>Marcia Robinson Lowry
>Julia Tebor
>Tavi Unger
>A Better Childhood
>355 Lexington Ave. Floor 16
>New York, NY 10017
>
>Richard W. Walters
>J. Alexander Meade
>Brian L. Ooten
>Shaffer & Schaffer, PLLC
>2116 Kanawha Blvd East
>P.O. Box 3973
>Charleston, WV 25304
>
>Lori Waller
>Disability Rights of West Virginia
>1207 Quarrier Street, Suite 400
>Charleston, WV 25301

August 14, 2023

*/s/* Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Brown & Peisch PLLC
1225 19th Street NW
Washington, DC 20036

*/s/* Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301