UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| Jonathan R., minor by Next Friend Sarah DIXON, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | )   Case No. 3:19-cv-00710 |
| Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*, | ) ) ) ) |
| *Defendants*. | ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY NEXT FRIENDS

For nearly four years, Plaintiffs Chris K., Calvin K., and Carolina K. have been represented by Next Friend Katherine Huffman and Plaintiff Serena S. has been represented by Next Friend Sarah Dixon. Defendants now seek to disrupt the long-standing relationship that has existed between these Plaintiffs and their next friends, requesting that the Court disqualify Katherine Huffman and Sarah Dixon from representing Plaintiffs because they were adopted in 2019 and 2020. Katherine Huffman and Sarah Dixon have dutifully represented these Plaintiffs thus far, and Defendants provide no legal basis for the Court to disqualify them.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Disqualify Next Friends ("the Motion"). (ECF No. 341).

## LEGAL STANDARD

There are two requirements for a next friend to have standing: "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action";

1

and "[s]econd, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Rule 17(c) also provides that "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary" "may sue or defend on behalf of a minor . . . ." Fed. R. Civ. P. 17(c)(1).[1]

## ARGUMENT

On January 29, 2020, this Court granted Plaintiffs' unopposed motion to, *inter alia*, appoint Katherine Huffman as the next friend for Chris K., Calvin K., and Carolina K. (ECF No. 51; *see* Plaintiffs' Uncontested Motion for an Order Appointing Next Friends, ECF No. 45). Because Defendants raised no concerns with respect to Sarah Dixon representing Plaintiff Serena S. as her next friend, Plaintiffs did not include Serena S. in that motion.[2]

---

[1] There is some debate among district courts within the Fourth Circuit about whether courts must look to state law when exercising their authority under Fed. R. Civ. P. 17(c). *See, e.g.*, *A.R. v. Wake Cnty. Bd. of Educ.*, No. 5:22-cv-45-D, 2022 U.S. Dist. LEXIS 206651, at *6-7 (E.D.N.C. Nov. 15, 2022) (recognizing disagreement among courts but noting that several district courts and federal circuit courts have concluded that district courts need not consider state law when acting pursuant to Fed. R. Civ. P. 17(c)); *Anderson v. Dorchester Cnty.*, No. 2:20-cv-2084 (DCN)(MGB), 2021 U.S. Dist. LEXIS 61013, at *14 n.7 (D.S.C. Mar. 30, 2021) (noting "[a]s Wright and Miller posit, 'A close reading of Rule 17(c) discloses that although no reference is made to state law, the language is sufficiently permissive to accommodate the application of state law,'" but finding that "[t]he court need not fully reckon with the dilemma of whether to apply state or federal law in this instance, since both authorize the court's finding that" the next friend at issue was appropriate representative (citation omitted)). Here, the relevant West Virginia statutes do not substantially differ from federal law. *See, e.g.*, W.V. R. Civ. P. 17 (c); W. Va. Code § 56-4-9 ("Any minor entitled to sue may do so by his next friend or guardian. When the action or suit is brought by his next friend, the court may, for good cause, substitute the guardian in lieu of the next friend, or any other person as the next friend.").

[2] While Plaintiffs' motion was uncontested, it was necessitated by Defendants' refusal to produce discovery concerning any named Plaintiff whose next friend was not the child's guardian ad litem or someone with a preexisting relationship with the child, or who had been appointed by

Defendants do not dispute that Katherine Huffman and Sarah Dixon ("the Next Friends") meet the two requirements for next friend standing. *See Whitmore*, 495 U.S. at 163; *see also* Fed. R. Civ. P. 17(c)(2). Defendants do not contest that Chris K., Calvin K., Carolina K., and Serena S. ("Named Plaintiffs") are minors unable to represent themselves or that the Next Friends are truly dedicated to the best interests of the children they represent. Moreover, there is no dispute that at the commencement of the litigation, the Next Friends had standing to represent Named Plaintiffs. *See, e.g.*, *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) ("Standing is determined at the commencement of a lawsuit."); *Z.W. v. Salvation Army*, No. 2:19-cv-00699, 2020 U.S. Dist. LEXIS 135298, at *6 (S.D. W. Va. July 30, 2020) (analyzing relationship between guardians and minor at time complaint was filed to determine guardians' standing under Rule 17(c)). Additionally, neither Next Friend is a stranger to the children who they represent. Katherine Huffman was a foster parent in West Virginia; knows Chris K., Calvin K., and Carolina K.; and had frequent interactions with them while they were in foster care. (*See* Affidavit of Katherine Huffman, Ex. 4 to Plaintiffs' Uncontested Motion for an Order Appointing Next Friends, ECF No. 45-4; Compl. ¶ 152, ECF No. 1). Sarah Dixon was Serena S.'s guardian ad litem for over a year at the time that the complaint was filed. (*See* Plaintiffs' Memorandum in Support of Plaintiffs' Uncontested Motion for an Order Appointing Next Friends at 2; Compl. ¶ 66).

Unable to attack either standing element, Defendants make the novel argument that the Next Friends lack standing because the children who they represent have been adopted. Defendants fail to identify a single case in which the court disqualified a next friend on that basis. To the contrary, courts have permitted non-relatives to represent children as next friends despite

---

this Court. (*See* Plaintiffs' Memorandum in Support of Plaintiffs' Uncontested Motion for an Order Appointing Next Friends at 2, ECF No. 46). Sarah Dixon was Serena S.'s guardian ad litem, and therefore, Defendants did not challenge her representation of Serena S.

the existence of biological or foster parents. *See, e.g.*, *Wheeler v. Goodman*, 298 F. Supp. 935, 943 (W.D.N.C. Mar. 5, 1969) (declining to substitute plaintiffs' parents for plaintiffs' current next friend where "court took the view that the court should be guided by the best interests of the minor plaintiffs rather than by the desires of the parents . . . ."); *S.M. v. City of New York*, No. 20-cv-5164 (JPO), 2023 U.S. Dist. LEXIS 54400 (S.D.N.Y. Mar. 29, 2023) (finding attorney maintained standing to sue on behalf of foster child even after child was returned to her biological father's custody); *Doe v. Russell Cnty. Sch. Bd.*, No. 1:16-cv-00045, 2017 U.S. Dist. LEXIS 56479, at *11 (W.D. Va. Apr. 13, 2017) (finding individual who lacked pre-existing relationship with foster child was dedicated to child's best interests and could serve as child's next friend, even though child had foster parents).

In focusing on the rights of parents to, in general, make decisions on behalf of their children, Defendants ignore that in this case, Named Plaintiffs are acting as class representatives and are no longer themselves in DHHR's custody. Named Plaintiffs' claims are essentially moot because they have been adopted, but they maintain their ability to represent the class(es) because their claims relate back to the filing of the complaint. *See Jonathan R. v. Justice*, 41 F. 4th 316, 326 (4th Cir. 2022). At the time that the complaint was filed, Named Plaintiffs were and had been in DHHR's custody. It is their experiences while in custody that are relevant to this case and representative of those of the class members, and it is precisely those experiences that Plaintiffs' Next Friends are familiar with. The Next Friends are familiar with the West Virginia foster care system, with the children before they were adopted, and with the children's experiences while they were in foster care, which renders them more appropriate next friends than the children's adoptive parents. *Cf. Sam M. v. Carcieri*, 608 F.3d 77, 92 (1st Cir. 2010) ("In determining whether a proposed Next Friend is 'truly dedicated to the best interests' of the minor, courts may consider

the individual's familiarity with the litigation, the reasons that move her to pursue the litigation, and her ability to pursue the case on the child's behalf.'"). Anything that has happened to Named Plaintiffs since they have been adopted is not at issue in this case, and none of the Next Friends' decisions will affect the care or custody of the Named Plaintiffs because they have already been adopted.

In filing the Motion, Defendants attempt to circumvent the Fourth Circuit's holding reinstating Named Plaintiffs' claims by yet again seeking to dismiss them, this time under the guise of seeking to disqualify Named Plaintiffs' next friends. In fact, Defendants made the same arguments that they make now in their motions to dismiss Chris K., Calvin K., and Carolina K. (*see* ECF No. 56 at 6 ("Ms. Huffman lacks the authority and standing, to represent Chris, Calvin and Carolina in light of the fact that these children have adoptive parents")), and Serena S. (*see* ECF No. 168 at 5 ("Ms. Dixon lacks the authority and standing, to represent Serena in light of the fact that Serena has adoptive parents")). This Court granted those motions, and the Court of Appeals subsequently reversed. While Defendants claim that this Motion is different because it requests that the Court disqualify the Next Friends rather than dismiss the Named Plaintiffs (*see* ECF No. 342 at 2-3), Defendants simply regurgitate arguments that have already been rejected to attempt once again to have Named Plaintiffs' claims dismissed.

Defendants provide no legal basis for the Court to remove the Next Friends and replace them with their adoptive parents. In support of their argument, Defendants erroneously cite to *T.W. by Enk v. Brophy*, 124 F.3d 893 (7th Cir. 1997). *T.W.* merely demonstrates that the Seventh Circuit takes a rigid approach to the "substantial relationship" doctrine, preferring that minors are represented by individuals with whom they have a close relationship as opposed to strangers. *T.W.*

5

has no bearing on this case, where the Next Friends know the children who they represent and have been representing them for years. *Id.* at 898.

*Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281 (1st Cir. 1982), also cited by Defendants, is equally inapposite. There, the person seeking to represent two disabled individuals did not have a personal relationship with them and had interests at odds with their natural guardians. The Court's findings in that case are not applicable here, where the Next Friends have relationships with the children who they represent, and there is no evidence that Named Plaintiffs' adoptive parents disapprove of the Next Friends' representation or that there are conflicting interests, particularly since this case addresses only the children's experiences in the foster care system, prior to when they were adopted.[3]

Defendants cite no case in which a court disqualified a next friend who remained committed to the best interests of the represented child, let alone where the claims of the individual children affected have become moot but the interests of the class, of which they are representative, have not, which is the case here. It is in Named Plaintiffs' best interests that this case proceed expeditiously—an interest that would be undermined by the unnecessary removal of their qualified Next Friends. Named Plaintiffs also have a substantial interest in maintaining anonymity, which

---

[3] Courts have found that individuals other than a child's biological parents are appropriate next friends, even in circumstances where the child's biological parent has custody of him or her. Courts distinguish these cases from *Developmental Disabilities* on the grounds that in that case, there was a conflict between the child's biological parent and the next friend. *See, e.g.*, *Rudolph v. Lowndes Cnty. Bd. of Educ.*, 242 F. Supp. 2d 1107, 1118 (M.D. Ala. 2003) (finding plaintiff's stepfather was appropriate next friend for plaintiff even though plaintiff's parents maintained parental rights, and distinguishing case from *Dev. Disabilities* where conflict of interest existed between next friend and family member); *S.M.*, 2023 U.S. Dist. LEXIS, at *16, 16 n.2 (finding non-relative next friend maintained standing to sue on behalf of foster child despite child's reunification with biological father, and distinguishing case from *Dev. Disabilities*, in which "the general guardian . . . opposed the lawsuit, while the non-parent next friend would have facilitated the litigation against the true guardian's wishes.").

would be compromised if their adoptive parents appeared in this action and thereby revealed their identities.

## CONCLUSION

For the above-mentioned reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Disqualify Next Friends.

Dated: August 24, 2023

Respectfully submitted,

/s/ *Marcia Robinson Lowry*_____
Marcia R. Lowry, *admitted pro hac vice*
Julia Tebor, *admitted pro hac vice*
Jonathan Borle, *pro hac vice pending*
Lindsay Gus, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
jborle@abetterchildhood.org
lgus@abetterchildhood.org

*/s/ Richard W. Walters*_____
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 244-8716
Fax: (304) 344-1481

/s/ *J. Marty Mazezka*_____
Disability Rights of West Virginia
J. Marty Mazezka, WVSB #4572
jmazezka@drofwv.org

5088 Washington St. W., Suite 300
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687