UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., minor, by Next Friend SARAH DIXON, *et al.* )<br><br>Plaintiffs, )<br><br>v. )<br><br>JIM JUSTICE, in his official capacity as the Governor of West Virginia, *et al.* )<br><br>Defendants. ) | No. 3:19-cv-00710-JRG |

**SECOND AMENDED PROTECTIVE ORDER**

By signing this Protective Order, the parties to the above-captioned matter ("the parties") have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby ORDERED as follows:

**I.     INFORMATION SUBJECT TO CONFIDENTIALITY PROTECTIONS**

A.     In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information under the state and federal laws cited in paragraph I.C.

B.     The parties anticipate production of the following categories of protected information: case files of the minor Named Plaintiffs and other Plaintiff class members, identities of the Named Plaintiffs and other Plaintiff class members, and identities of the Named Plaintiffs' and other Plaintiff class members' foster parents, biological parents, and/or other family members. Defendants and Plaintiffs both agree that they will not disclose the identity of any Named Plaintiff Child to any person not listed in this Protective Order.

C.     Discoverable information will likely include protected information,

including protected health information as described in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, 45 C.F.R. 164.512; drug and alcohol treatment information as described in 42 U.S.C. § 290dd-2(g) and its implementing regulations, 42 C.F.R. Part 2; information protected by West Virginia Code ch. 49, Art. 5, including West Virginia Code §§ 49-5-101, 49-5-103; information protected by West Virginia Code § 27-3-1; and information concerning the physical and mental condition and treatment of plaintiffs, health and other public benefits they receive, and other records associated with the administration of West Virginia Department of Health and Human Services ("DHHR") programs as they pertain to plaintiffs.

D. The parties shall treat information protected by one of the statutes or regulations cited in this section as "CONFIDENTIAL." This provision does not preclude a party from designating other information that includes sensitive personal information, but which is not described above as "CONFIDENTIAL."

E. Motions and other documents filed with the Court shall use pseudonyms (and not the real names) for the following categories of information: the names and nicknames of plaintiffs and their family members, foster families, guardians (not including guardians ad litem), friends, and acquaintances (for the Named Plaintiffs, the pseudonyms under which they appear in the Complaint may be used); names of the plaintiffs' teachers; names of plaintiffs' health care providers; names of the plaintiffs' school(s) (current or former); and names of towns and cities in which a child or family member lives or has lived. To the extent the parties need to file supporting papers identifying the above-listed individuals and locations—such as, reports, medical records, and deposition testimony—the supporting papers should be filed as exhibits, with an

accompanying motion to seal. As these names arise in the course of this litigation, both parties agree to meet and confer as to the pseudonyms to be used.

## II.   GENERAL PROVISIONS

A. Subject to the provisions of this Protective Order, the parties and their attorneys are hereby AUTHORIZED to use and disclose confidential information relating to the Named Plaintiffs and other Plaintiff class members, including information protected by the statutes and regulations described above, to the extent necessary to prosecute or defend the claims in the above- captioned matter, including in any appeals, subject to the provisions of this Protective Order. This includes, but is not necessarily limited to, disclosure to the parties' attorneys, experts, consultants, Next Friends (limited to the information related to the specific Named Plaintiff child whom they represent, but not other Plaintiff Children), court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process, subject to the provisions of this Protective Order.

B. The parties shall take reasonable steps to protect the identity of the Named Plaintiffs, including by using the pseudonyms under which they appear in the Complaint only when referring to the Named Plaintiffs and their family members in public court filings and complying with the provisions of paragraph I.E.

C. This Order authorizes the disclosure of information maintained by DHHR related to Named Plaintiffs and other Plaintiff class members, which will be released, consistent with West Virginia Code § 49-5-101, to Plaintiffs' counsel, who have been appointed class counsel in this case and therefore are attorneys for all Plaintiff class members for the purposes of West Virginia Code § 49-5-101(b).

D. To the extent information related to any person who is not a Plaintiff class

3

member appears in documents that are discoverable under the Federal Rules of Civil Procedure, the Court ORDERS Defendants to disclose all such information and documents to Plaintiffs' counsel, irrespective of the limitations and requirements in West Virginia Code § 49-5-101, without redacting identifying information of any such person. Nothing in this paragraph shall be interpreted as limiting any party's ability to object to any discovery request on any ground, except that Defendants shall not object to producing identifying information based on West Virginia Code § 49-5-101.

### III.   DISCOVERY PHASE

A.   If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as "CONFIDENTIAL." The designating party shall endeavor, to the extent practical, to designate only those portions of a document, deposition, transcript or other material that contain the protected information, except for Plaintiffs' case records and ESI as described in paragraph B of this section, the entirety of which may be designated as confidential.

B.   The parties agree that, given the large volume of ESI that may be sought in this case, the producing party may designate ESI as confidential and restricted as described in paragraph A of this section without manually reviewing the ESI to determine whether any specific document in the ESI is privileged or contains confidential information.

C.   If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL," the parties and/or attorneys shall attempt to

resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "CONFIDENTIAL" designation shall do so by filing an appropriate motion.

D. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "CONFIDENTIAL," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

E. Any document or other material which is marked "CONFIDENTIAL," or the contents thereof, may be used by a party, or a party's attorneys and their employees who assist counsel of record in this action and are informed of the duties hereunder, Next Friends, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL," or the contents thereof, at any deposition taken in this action.

F. If a party or attorney wishes to disclose any document or other material which is marked "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, consultant), as well as Next Friends, the person making the disclosure shall do the following:

    i. Provide a copy of this Protective Order to the person to whom disclosure is made;

    ii. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

    iii. Require the person to whom disclosure is made to sign an

5

       acknowledgment and receipt of this Protective Order (*see* Exhibit A);

   iv.   Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL" material;

   v.   Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person; and

   vi.   At the conclusion of the action, gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

## IV. SPECIFIC AUTHORIZATION WITH RESPECT TO PROTECTED HEALTH INFORMATION

    A.    This Section applies to "protected health information," as defined by HIPAA and HITECH Act implementing regulations (45 C.F.R. Parts 160, 164), and any "confidential information," as defined by W. Va. Code 27-3-1.

    B.    In accordance with 45 C.F.R § 164.512(e)(1), the parties and their attorneys are AUTHORIZED to use and disclose the protected health information related to the Named Plaintiffs and other Plaintiff class members to the extent necessary to prosecute or defend the claims in the above- captioned matter. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, Next Friends, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process, subject to the provisions of this Protective Order. To the

extent that the documents, testimony, and other materials may contain protected health information under HIPAA, information concerning the physical and mental condition and treatment of plaintiffs, and other DHHR records pertaining to plaintiffs, good cause exists to disclose the information.

C.  All uses and disclosures of protected health information shall comply, to the extent practicable, with the minimum necessary standard set forth in 45 C.F.R. § 164.502.

D.  In accordance with 45 C.F.R § 164.512(e)(1), the attorneys, employees, agents, or designees of each party or each party's legal counsel in this case, and all duly noticed persons, are expressly and specifically AUTHORIZED and ORDERED to respond to valid discovery requests served pursuant to the Federal Rules of Civil Procedure, including where such responses require the disclosure of protected health information, and disclose to the Court protected health information as may be necessary for the conduct of the litigation consistent with the terms of this Protective Order. Additionally, each deponent duly noticed for deposition and each witness called for any purpose in the litigation, is expressly and specifically AUTHORIZED and ORDERED to use or to disclose to the attorneys, agents, employees, and designees of each party or each party's legal counsel in this case protected health information that is responsive to deposition questions or a valid subpoena duces tecum at such duly-noticed deposition. Attorneys participating in the deposition are hereby AUTHORIZED to disclose protected health information to a deponent during the course of a deposition or to a witness, if such disclosure is necessary to the formulation of a question seeking relevant information in the above-captioned litigation.

E.  This Court hereby finds that the confidential information referred to in W. Va. Code § 27-3-1 is relevant to the above-captioned proceedings, and that it is sufficiently

important to outweigh the confidentiality established by W. Va. Code § 27-3-1. The parties are permitted to use and disclose "confidential information," as described in by W. Va. Code § 27-3-1, to the same extent, and subject to the same restrictions, as they are permitted to use and disclose protected health information.

F. Any person or entity authorized or ordered by this Protective Order to use or disclose protected health information is expressly and specifically AUTHORIZED and ORDERED to do so with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case.

G. All parties are prohibited from using or disclosing any protected health information, as defined by HIPAA and HITECH Act implementing regulations (45 C.F.R. Parts 160, 164), disclosed during the course of the above-captioned litigation for any purpose other than the prosecution or defense of the litigation.

## V. DISCLOSURE OF DOCUMENTS INADVERTENTLY NOT DESIGNATED AS CONFIDENTIAL

A. In the event that a party disclosing information (the "Disclosing Party") mistakenly produces confidential information without a confidentiality designation as permitted by the Protective Order, the following procedures shall apply:

B. The Disclosing Party shall, within 30 days of the discovery that the production contains non-designated confidential information, notify the party receiving the information (the "Receiving Party") in writing, identifying, the confidential information by Bates-stamped number. If the confidential information is not Bates-stamped, the Disclosing Party shall identify the confidential information in a manner that reasonably permits the Receiving Party to easily locate the confidential information at

issue. Within 30 days thereafter, the Disclosing Party shall provide a replacement copy of the confidential information, marked "CONFIDENTIAL" and properly Bates-stamped with the original number, if applicable. The Receiving Party shall promptly destroy or return the confidential information mistakenly produced without a confidentiality designation, including any copies it has, and replace it with the confidential information properly designated as confidential.

      C.      If a Receiving Party disputes the Disclosing Party's claim of confidentiality, the Receiving Party may move the Court to challenge the confidential designation in accordance with the provisions of paragraph III.B. If a Receiving Party elects to file such a motion, the Receiving Party may retain possession of the confidential information, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the Receiving Party's motion is denied, the parties shall promptly comply with the provisions of this Order regarding confidential information.

      D.      The production of such documents does not constitute a waiver of any claim of confidentiality, unless otherwise determined by the court.

## VI. POST-DISCOVERY PHASE

      A.      If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of

persuasion that the document or material should be withheld from the public record in accordance with (a) L. R. Civ. Pro. 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Virginia Dep't of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

  B. Within 30 days after the conclusion of the action, each party shall gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as "CONFIDENTIAL," so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be "CONFIDENTIAL" and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents.

  C. The restrictions on disclosure and use of confidential information survive the conclusion of this action.

      D.      No original or copies of any CONFIDENTIAL information will be retained by any person or entity to which disclosure was made, except the parties may retain an electronic copy of all documents filed in the court record, all depositions taken, and all exhibits to the deposition and all exhibits introduced into evidence, and any named Plaintiff may use, disclose, or retain his or her own CONFIDENTIAL information or records. With respect to any such retained materials, this Order shall survive the final termination of the above-captioned litigation.

**VII.    REQUESTS TO SEAL**

      A.      This Protective Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with L.R. Civ. P. 26.4(c). If any papers are filed with the court and contain references to documents, testimony, written responses or other materials produced in this case that have been designated as Confidential, but do not contain the actual documents themselves, or contain them in redacted form, they need not be filed under seal, so long as they comply with paragraph I.E of this Protective Order.

                                                **ENTERED**:

                                                _____

                                                United States Magistrate Judge

For Plaintiffs:

/s/
J. Marty Mazezka, WVSB #4572
Disability Rights of West Virginia
jmazezka@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301


/s/
Marcia Lowry, *admitted pro hac vice*
Julia Tebor, *admitted pro hac vice*
Jonathan Borle, *admitted pro hac vice*
Lindsay Gus, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16 New York, NY 10017

/s/
Richard W. Walters, WVSB #6809
J. Alexander Meade, WVSB #13021
Shaffer & Shaffer, PLLC
330 State Street
P.O. Box 38

For Defendants:

/s/
Philip J. Peisch, WVSB #13731
Caroline M. Brown, *admitted pro hac vice*
Julia M. Siegenberg, *admitted pro hac vice*
Brown & Peisch PLLC
1225 19th Street NW, Suite 700
Washington, DC 20036

/s/
Steven R. Compton, WVSB #6562
West Virginia Attorney General's Office 812 Quarrier Street, 2nd Floor Charleston, WV

# EXHIBIT A

<u>*Jonathan R. et al. v. Jim Justice as Governor, Case No.3:19-cv-00710*</u>

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Name: _____

Date: _____