UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*,              ) | |
|                                       ) | |
| *Plaintiffs*,                         ) | |
|            v.                         ) | |
|                                       ) | |
| JIM JUSTICE, *et al.*,               ) | Case No. 3:19-cv-00710 |
|                                       ) | |
| *Defendants*.                         ) | |

**DEFENDANTS' SURREPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs' Reply in support of their Motion for Sanctions mischaracterizes the testimony of the General Counsel of the Department of Health and Human Resources ("DHHR"), who was deposed as a Rule 30(b)(6) witness on November 21, 2023, almost a month after Plaintiffs filed their Motion for Sanctions.

In their Reply, Plaintiffs claim that Ms. Robertson failed to follow up on various aspects of the "Litigation Hold" she issued on December 4, 2019 and that the failure to do so "is so baffling that it can only be understood as deliberate." Doc. 402, at 5.

However, Ms. Robertson stated multiple times throughout her testimony that she did not take additional steps because she was not responsible for managing the litigation, and that this was the responsibility of the associate general counsel and retained outside counsel. *See, e.g.*, Doc. 402-2, Robertson Tr. 25:12-16; 46:20-47:4; 58:15-21; 59:10-60:17. Suggesting that Ms. Robertson's lack of personal follow-up on the Litigation Hold is meaningful, Plaintiffs flatly misstate the character of her testimony, in which she explained her limited role in the management of the litigation hold and the steps taken to preserve ESI.

Furthermore, Plaintiffs incorrectly represent that Ms. Robertson was not "aware of anyone else at DHHR following up with any DHHR employee who received the litigation hold." Doc.

1

402 at 5.  This is an astonishing mischaracterization of the testimony, as Ms. Robertson testified that she was "sure" that the associate general counsel had conversations with the DHHR personnel who were the subject of the litigation hold. Doc. 402-2, Robertson Tr. 59:4-9.  In fact, Ms. Robertson was correct: the then-associate general counsel *did* in fact follow up with recipients after the litigation hold was issued to remind them of their continuing obligation to preserve documents. *See* Ex. 1.

Finally, Plaintiffs' Reply suggests that DHHR made no efforts to preserve relevant documents following the issuance of the Litigation Hold on December 4, 2019.  This is incorrect. For example, as Defendants have more fully illustrated in their previous response:

- From 2019 through the present, Defendants and their contractors have spent thousands of hours working with DHHR employees to retrieve, preserve, and produce tens of thousands of documents other than e-mails, including but not limited to policies, internal memoranda, audits, reports, case file documents, and other documents.

- In early 2020, shortly after the Litigation Hold was issued, Defendants worked with WVOT to retrieve and preserve tens of thousands of e-mails and attachments from the files of the custodian named in the 2019 Litigation Hold, as well as many additional custodians.  *See* Doc. 377-2; Doc. 377-3.

- In 2021, the then-associate general counsel followed up with recipients of the Litigation Hold to remind them of their continuing obligation to preserve documents, as mentioned above.  *See* Ex. 1

- Defendants have preserved all relevant data relating to the child welfare system and the Medicaid program, reams of which have been produced to Plaintiffs' counsel.

- In 2022 and 2023 Defendants have taken the following additional steps to preserve ESI:

- o  Defendants again worked with WVOT to retrieve and preserve additional emails. As of the date of this filing, Defendants have produced to Plaintiffs hundreds of thousands of emails and attachments of requested custodians. *See* Doc. 399 at 2.
- o  On October 10, 2023, Ms. Robertson issued a new Litigation Hold instructing WVOT to retain all emails for dozens of DHHR employees and confirmed with WVOT that these accounts would be preserved even if custodians leave employment. Doc. 399-1, ¶ 12.

Ms. Robertson's testimony also made clear that she was not aware of WVOT's policy of purging employee e-mail accounts 30 days after separation. *See* Doc. 402-2, Robertson Tr. 18:20-19:2. With the benefit of hindsight, it appears that additional steps could have been taken to ensure that those accounts were preserved. However, nothing in Ms. Robertson's testimony supports Plaintiffs' motion for the severe sanctions that Rule 37(e) reserves for occasions when a party deliberately destroys evidence "with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2).

## CONCLUSION

For these reasons and the reasons set forth in their Opposition to Motion for Sanctions, Defendants respectfully request that this Court deny Plaintiffs' motion.

December 4, 2023

Respectfully submitted,

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Rebecca Wolfe
Brown & Peisch PLLC
1225 19th Street NW, Suite 700

3

Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

4

## CERTIFICATE OF SERVICE

I, Philip Peisch, hereby certify that I caused a true and correct copy of the above Surreply to be filed on the Court's CM/ECF system, which sends notification to:

Marcia Robinson Lowry
Julia Tebor
Tavi Unger
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Brian L. Ooten
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

Lori Waller
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

|  |  |
|---|---|
| December 4, 2023 | /s/ Philip J. Peisch |
|  | Philip J. Peisch (WVSB #13731) |
|  | Caroline M. Brown |
|  | Julia M. Siegenberg |
|  | Rebecca L. Wolfe |
|  | Brown & Peisch PLLC |
|  | 1225 19th Street NW, STE 700 |
|  | Washington, DC 20036 |
|  |  |
|  | /s/ Steven R. Compton |
|  | Steven R. Compton (WVSB #6562) |
|  | West Virginia Attorney General's Office |
|  | 812 Quarrier Street, 6th Floor |
|  | Charleston, WV 25301 |