**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **Jonathan R., minor, by Next Friend, Sarah DIXON, *et al.,*** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Class Action |
| | ) | 3:19-cv-00710 |
| v. | ) | |
| | ) | |
| **Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.,*** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR**
**MODIFICATION OF SCHEDULING ORDER**

Pursuant to Local Rule Civ. P. 16.1(f), Plaintiffs hereby request the extensions below for fact and expert discovery as well as dispositive motions and motions in limine. "Time limits in the scheduling order for the . . . filing of motions, and completion of discovery . . . may be modified for good cause by order." L. R. Civ. P. 16.1(f). Good cause exists for the extension to these deadlines. As discussed further below, Defendants' delay in producing documents and information even after agreeing to do so and their production of inadequate and deficient information has severely hampered Plaintiffs' ability to comply with the current Court-ordered schedule. Plaintiffs have no recourse but to ask for a modification of the scheduling order. Plaintiffs have conferred with Defendants and Defendants do not oppose this request.[1]

---

[1] Defendants have informed Plaintiffs that they do not oppose Plaintiffs' motion, but have asked Plaintiffs to include the following in Plaintiffs' motion: "Defendants do not oppose Plaintiffs motion to extend the deadlines, provided that trial is not delayed beyond September or October of 2024. If the Court's schedule does not accommodate a trial in September or October of 2024, Defendants would oppose delaying trial beyond the currently scheduled June 25, 2024 trial date."

1

The proposed Amended Scheduling order is set forth below. Under this proposed schedule, Plaintiffs request that the following deadlines be extended:

| Deadline | Deadline Under the Current Court Order (ECF No. 390) | New Proposed Date |
|---|---|---|
| Expert Disclosures by Party with the Burden of Proof | January 22, 2024 | March 22, 2024 |
| Expert Disclosures by Opposing Party | February 21, 2024 | April 22, 2024 |
| Expert Disclosures for Rebuttal Purposes | March 8, 2024 | May 8, 2024 |
| Deposition deadline and close of discovery | March 15, 2024 | May 15, 2024 |
| Filing of Dispositive Motions | March 18, 2024 | May 17, 2024 |
| Responses to Dispositive Motions | April 8, 2024 | June 7, 2024 |
| Reply to Response to Dispositive Motions | April 15, 2024 | June 14, 2024 |
| Settlement Meeting Deadline | May 6, 2024 | July 5, 2024 |
| Plaintiffs Draft of Pretrial Order to Defendants | May 8, 2024 | August 12, 2024 |
| Filing of Motions in Limine | May 13, 2024 | August 16, 2024 |
| Responses to Motions in Limine | May 20, 2024 | August 20, 2024 |
| Integrated Pretrial Order Filed by Defendants | May 15, 2024 | August 19, 2024 |
| Pretrial Conference | May 30, 2024 | August 23, 2024 |
| Findings of Fact and Conclusions of Law | June 18, 2024 | September 16, 2024 |
| Bench Trial | June 25, 2024 | September 23, 2024[2] |

Plaintiffs request the above extensions for fact discovery, expert reports, dispositive motions, and pre-trial-related deadlines. Plaintiffs acknowledge that this extension will also necessitate an extension of the trial date. This extension is necessary because Defendants still have yet to provide much of the information requested in Plaintiffs' Requests for Production and have

---

[2] Plaintiffs propose the above date, but understand that the date will be based on the Court's schedule.

provided deficient responses to many of the Requests. Plaintiffs have already filed one motion to compel, which was granted in significant part, and a motion for sanctions in connection with Defendants' spoliation of electronic data. Plaintiffs anticipate that they will need to file additional motions to compel.

As stated above, good cause exists to request these extensions. *See Gardner v. Kanawha Cty. Comm'n*, No. 2:17-cv-03934, 2020 U.S. Dist. LEXIS 195464, at *3 (S.D. W. Va. Oct. 21, 2020) (the "'good cause' standard primarily considers the diligence of the party seeking the amendment") (quoting *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D. W. Va. 1995)).

The District Court initially dismissed this action on July 21, 2021. ECF No. 247. The Fourth Circuit Court of Appeals overturned this dismissal on July 20, 2022. ECF No. 265. On September 20, 2022, Defendants filed a Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss and, if Appropriate, Plaintiffs' Motion for Class Certification. ECF No. 274. Plaintiffs objected on September 23, 2022 (ECF No. 277), and Defendants submitted a reply on October 21, 2022. ECF No. 288. The Court granted a stay on February 16, 2023 because, as stated in the Court's order, "[t]he Court is aware that the parties are actively engaged in settlement discussions, working to resolve this case. As such, the Court GRANTS Defendants' motion and hereby orders that all discovery be STAYED." ECF No. 306. The parties' settlement negotiations ended without a resolution and Plaintiffs filed a motion to lift the stay of discovery on March 13, 2023. ECF No. 307. Defendants opposed this motion on March 29, 2023 (ECF No. 308) and Plaintiffs filed their reply on March 29, 2023. ECF No. 209. The Court issued a scheduling order on June 12, 2023, and denied Plaintiffs' motion to lift the stay of discovery as moot. ECF No. 329.

Since discovery reopened in July 2023, Plaintiffs have diligently served several requests for production. Declaration of Marcia Robinson Lowry ("Decl.") ¶2. The parties thereafter engaged in conferrals regarding numerous discovery disputes. *Id.* While the parties have been able to negotiate some of these discovery requests and have litigated others,[3] many disputes remain, including a motion for sanctions in connection with Defendants' spoliation of evidence. ECF No. 377.

While this case has been ongoing since 2019, between July 2021, the date of the initial dismissal order, and August 28, 2023, Plaintiffs received no discovery from Defendants. *See* Decl. ¶3. Moreover, while Defendants have now produced documents, they have yet to produce a large portion of requested, relevant documents. *Id.* Plaintiffs have also had to move to compel certain documents (*see* ECF No. 374) that Defendants refused to produce and will likely need to move to compel additional documents as Defendants continue to delay production or produce deficient and inadequate responses. Plaintiffs provide several examples below of Defendants' dilatory tactics and deficient productions.

For example, Plaintiffs' Tenth RFP asked for sample case files of children in DHHR custody. Plaintiffs requested that Defendants produce the documents by November 17, 2023, so that they and their experts could have time to review these files. Decl. ¶4. Defendants previously informed Plaintiffs that they "hope to have production completed by November 17, 2023," but "cannot guarantee production by that date." *Id*. On November 17, Defendants started making piecemeal productions of parts of case files responsive to some, but not all, of the Tenth RFP. *Id.* Defendants continued making piecemeal productions of case files such that Plaintiffs were unable

---

[3] The Court recently granted in part Plaintiffs' motion to compel certain information that Defendants refused to provide (ECF No. 411), ordering production of the disputed discovery by January 12, 2024.

to understand when case files were complete or whether they were deficient. *Id.* Defendants made their last production on December 20, 2023. *Id.* Plaintiffs need to provide these case files to their expert with sufficient time to analyze them and issue a report. Under the current schedule, expert reports are due on January 22, 2024. ECF No. 390. Defendants' delays have left Plaintiffs with only one month (of which one week is the week of Christmas) between the completion of production and the exchange of expert reports.

Second, as stated above, Defendants' refusal to produce relevant data forced Plaintiffs to file a motion to compel, which Magistrate Judge Eifert granted in significant part on December 13, 2023. ECF No. 411. Defendants have 30 days from the date of the order to produce the responsive data, which means that Plaintiffs will not receive this data until January 12, 2024 and may need to move to compel if further deficiencies in the data are identified. *Id.*

Additionally, Defendants have still failed to produce much of the data responsive to Plaintiffs' Requests for Production even after the parties held extensive negotiations in September and October 2023 and Defendants agreed to produce relevant information. Decl. ¶5. Even then, the data that Defendants have provided is inadequate and deficient, and Plaintiffs expect that they will need to move to compel additional information and may need to take additional depositions to understand Defendants' deficient data. *Id.*

Defendants have still failed to produce any documents responsive to Requests for Production directed at Defendant Governor Justice. Decl. ¶6. Defendants alerted Plaintiffs for the first time on October 6, 2023 that Governor Justice does not use email. ECF No. 377-7 at 5. Plaintiffs have now asked for emails from members of the Governor's staff—Brian Abraham, Chief of Staff, and Ann Urling, Deputy Chief of Staff. Decl. ¶6. Defendants provided a hit report for search terms on November 3, 2023, and stated that they would not produce documents based

on the size of the hits. *Id.* Plaintiffs updated their request on November 7, 2023 by removing one search term and narrowing others. *Id.* Defendants again responded on November 17, 2023 with a further updated search term report but still maintained that the original search terms were overly broad. *Id.* Plaintiffs provided updated search terms on November 22, 2023. *Id.* Defendants did not provide an update on search terms until December 19, 2023, at which point they agreed to produce responsive documents. *Id.* Given that Defendants still need to collect and review those documents, it is unclear when Plaintiffs will receive the relevant emails.

Last, Defendants made a production on December 18, 2023 of 45,605 documents, including emails from as early as January 2019. Decl. ¶7. Plaintiffs need time to review and understand what is in these documents.

Plaintiffs as well as their experts need to be able to review the relevant documents for the purpose of expert reports and witness depositions. Defendants' delay in producing relevant documents as well as their deficient productions have put Plaintiffs in a terrible bind. While Plaintiffs do not wish to delay the trial of this matter, Plaintiffs have no recourse but to request a modification of the scheduling order.

<u>RELIEF REQUESTED</u>

Accordingly, Plaintiffs respectfully requests that the Court modify the litigation schedule as requested above.

Respectfully submitted,

/s/ *Marcia Robinson Lowry*
Marcia R. Lowry, *admitted pro hac vice*
Julia K. Tebor, *admitted pro hac vice*
Jonathan Borle, *admitted pro hac vice*
Lindsay Gus, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16

6

New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
jborle@abetterchildhood.org
lgus@abetterchildhood.org

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 244-8716
Fax: (304) 344-1481

*/s/ J. Marty Mazezka*
Disability Rights of West Virginia
J. Marty Mazezka, WVSB #4572
jmazezka@drofwv.org
5088 Washington St. W., Suite 300
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **Jonathan R., minor, by Next** | ) | |
| **Friend Sarah DIXON, *et al.*** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00710 |
| | ) | |
| **Jim JUSTICE, in his official capacity as the** | ) | |
| **Governor of West Virginia, *et al.*** | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I, J. Alexander Meade, counsel for Plaintiffs, hereby certify that I have this 26th day of December, 2023, electronically filed the foregoing "***Plaintiffs' Unopposed Motion for Modification of Scheduling Order***" with the Clerk of the Court using the CM/ECF system, which provided a copy of said filing to the following counsel of record:

Philip J. Peisch, Esquire
Caroline M. Brown, Esquire
Julia Siegenberg, Esquire
Rebecca Wolfe, Esquire
Brown & Peisch PLLC
1233 20th Street NW, Suite 505
Washington, DC 20001

Steven R. Compton, Esquire
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301

*/s/ J. Alexander Meade*
J. Alexander Meade, WVSB #13021