# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

JONATHAN R., *et al.*,                              )
                                                    )
*Plaintiffs*,                                       )
                                                    )
                            v.                      )
                                                    )        Case No. 3:19-cv-00710
                                                    )
JIM JUSTICE, *et al.*,                              )
                                                    )
*Defendants*.                                       )

## DEFENDANTS' LEGAL MEMORANDUM
## IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

On October 27, 2023, Defendants moved to compel Plaintiffs to produce certain records relating to the 11 Named Plaintiffs.  ECF No. 380.  On December 18, 2023, this Court ordered the parties to file "legal memoranda addressing" three questions relating to the relevance of Named Plaintiffs' individual facts in this class action.  ECF No. 416.

As explained below, evidence about Named Plaintiffs' individual facts and circumstances is neither necessary nor sufficient to prove class-wide injury.  Nonetheless, Defendants believe that Plaintiffs plan to introduce such evidence at trial as "exemplars" of the injuries they allege. Accordingly, Defendants are entitled to conduct discovery into the Named Plaintiffs' medical, educational, and court histories to rebut that evidence.  However, Defendants are also willing to forego such discovery if the parties stipulate not to introduce evidence about the Named Plaintiffs at trial.

1

1. **How do Plaintiffs establish that Defendants' practices placed them at an "unreasonable risk of serious harm" in this action?  Specifically, must the named Plaintiffs prove that they suffered actual injury to show risk of harm to the class members?  If not, why not?**

In its class certification decision, this Court explained that Plaintiffs have the burden of proving, among other things, that certain "policies" or "practices" cause "an unreasonable risk of serious harm" to absent class members.  *See* ECF No. 351, at 17-22.  This decision must be read in light of Supreme Court case law making clear that "the irreducible constitutional minimum of standing contains three elements":

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks, and footnote omitted).

The requirement that Plaintiffs must establish that they "have suffered, or will imminently suffer, actual harm" applies equally in class actions as in individual actions.  *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996) ("It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm.") (class action); *Beck v. McDonald*, 848 F.3d 262, 272 (4th Cir. 2017) ("[T]he well-established tenet that a threatened injury must be 'certainly impending' to constitute an injury-in-fact is hardly novel.") (class action).

Defendants do not know what evidence Plaintiffs intend to introduce at trial regarding class-wide "actual harm" or "imminent harm," or how that harm is "fairly traceable" to the "policies" or "practices" that Plaintiffs allege.  In Defendants' view, evidence related to the alleged

injuries of the Named Plaintiffs themselves is neither necessary nor sufficient to establish class-wide harm.  *See, e.g.*, *Lewis*, 518 U.S. at 349 ("[T]he success of respondents' systemic challenge was dependent on their ability to show *widespread actual injury*, and . . . the court's failure to identify anything more than isolated instances of actual injury renders its finding of a systemic [legal] violation invalid." (emphasis added)); *Connor B. v. Patrick*, 774 F.3d 45, 55-57 (1st Cir. 2014) (in a case bringing Substantive Due Process claims on behalf of a class of foster children, agreeing that the record established that the named plaintiffs suffered a constitutional harm, but holding that "class-wide liability has not been shown").  While potentially *relevant* to class-wide "actual" or "imminent injury," the experiences of 11, non-randomly selected foster children is not nearly sufficient to prove such class-wide injury by a preponderance of the evidence.  Rather, Plaintiffs would also need to introduce class-wide data and other class-wide information to support their allegations of class-wide actual or imminent injury.  *See, e.g.*, *Connor B.*, 774 F.3d at 53-56, 59, 60-62.

To the extent Plaintiffs intend to introduce evidence related to the individual Named Plaintiffs as proof of class-wide harm, Defendants are entitled to gather evidence to rebut those allegations.  Further, it appears that Plaintiffs do intend to introduce such evidence relating to the individual Named Plaintiffs at trial: Plaintiffs declined Defendants' compromise offer—to resolve this and other discovery disputes—to stipulate that neither party would introduce evidence about the Named Plaintiffs at trial, and Plaintiffs declined Defendants' offer to stipulate that "[e]vidence about the Named Plaintiffs' individual facts, circumstances, and experiences is not probative of a class-wide policy, a class-wide practice, or class-wide harm and is not probative of any of the elements of Plaintiffs' class claims."  Ex. 1.  In declining Defendants' offers, Plaintiffs' counsel

stated that: "*The Named Plaintiffs are relevant to and exemplars of Plaintiffs' class-wide claims*." *Id*. (emphasis added).

Plaintiffs' apparent plan to introduce evidence about Named Plaintiffs at trial is consistent with the approach that lead counsel for Plaintiffs in this case has taken in other class action trials litigated against other state child welfare agencies. For example, in *Connor B. v. Patrick*, Plaintiffs' lead counsel in this case opposed a Motion in Limine to exclude evidence about the named plaintiffs, arguing that evidence of the experiences of the named plaintiffs is "undoubtedly relevant in this lawsuit which asserts that Defendants' policies and practices result in harm, and the risk of harm, to these children." Pls.' Opp. to Mot. in Limine at 1, 985 F. Supp. 2d 129 (D. Mass. Jan. 4, 2013) (1:10-cv-30073), ECF No. 259 (attached as Ex. 2). Plaintiffs' lead counsel further argued that evidence of the named plaintiffs' "case histories will assist the Court in understanding the way in which children in . . . foster care suffer harm as a result of [the state child welfare agency's] deviation from reasonable standards of care and child welfare practice, as well as the long-lasting nature of this harm." *Id*.

In sum, to the extent Plaintiffs seek to introduce evidence about the Named Plaintiffs to prove their allegations of class-wide injury or any other element of their claims, Defendants should have the opportunity to gather information about the Named Plaintiffs to rebut the evidence that Plaintiffs may introduce. To the extent Plaintiffs do *not* seek to introduce evidence about the Named Plaintiffs to prove their claims, Plaintiffs should be willing to stipulate to that to obviate the need for discovery and fact-gathering about the Named Plaintiffs. However, Plaintiffs cannot have it both ways by refusing to agree not to introduce evidence about the Named Plaintiffs at trial, while simultaneously stifling Defendants' efforts to conduct discovery into the Named Plaintiffs' medical, educational, and court histories.

**2. Are the named Plaintiffs' medical, educational, and court records relevant to establish that Defendants are "deliberately indifferent" to the alleged risk of harm?**

The Named Plaintiffs' individual facts and circumstances are *not* relevant to determining whether Defendants' alleged class-wide policies or practices constitute "deliberate indifference." That is, evidence about Defendants' actions with respect to 11, non-randomly selected foster children is not probative of whether Defendants' policies or practices are "deliberately indifferent" with respect to the General Class.

However, as explained in response to Question 1, *supra*, Defendants believe that Plaintiffs intend to introduce evidence at trial about the 11 Named Plaintiffs, in an effort to support their claims, and therefore Defendants are entitled to conduct discovery into the Named Plaintiffs' individual facts and circumstances to rebut the evidence that Plaintiffs plan to introduce at trial.

**3. How are the named Plaintiffs' medical, educational, and court records relevant to the class's claims for prospective relief; particularly, given that Plaintiffs do not seek monetary damages?**

The Named Plaintiffs' medical, educational, and court records are *not* relevant to determining the appropriate class-wide prospective relief if Plaintiffs prevail at trial.

<div style="margin-left:50%;">

Respectfully submitted,

</div>

December 28, 2023

<div style="margin-left:50%;">

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Rebecca L.  Wolfe
Brown & Peisch PLLC
1225 19th Street NW, Suite 700
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

</div>

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of the foregoing Legal Memorandum in Support of Defendants' Motion to be delivered to the following via ECF notification:

Marcia Robinson Lowry
Julia Tebor
Jonathan Borle
Lindsay Gus
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

John Mazezka
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

December 28, 2023

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Rebecca L. Wolfe
Brown & Peisch PLLC
1225 19th Street NW, Suite 700
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301