UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

JONATHAN R., *et al.*,   )
                         )
*Plaintiffs*,            )
                         )
        v.               )
                         )   Case No. 3:19-cv-00710
                         )
JIM JUSTICE, *et al.*,   )
                         )
*Defendants*.

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO PRODUCE DOCUMENTS**

On December 13, 2023, the Court granted in part Plaintiffs' motion to compel Defendants to produce documents. *See* ECF No. 411. With respect to Plaintiffs' Ninth Request, Nos. 24 and 37 (hereafter "RFP Nos. 9.24 and 9.37"), the Court ordered Defendants to "produce any remaining responsive documents to Plaintiffs within twenty-one (21) days of [the] Order." *Id*. at 10.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Defendants move for a 21-day extension of this deadline to produce documents responsive to RFP Nos. 9.24 and 9.37. This would extend Defendants' deadline from January 3, 2024 to January 24, 2024.[1]

\* \* \* \*

Federal Rule of Civil Procedure 6 provides that a deadline in a court order may be modified or extended for "good cause." *See* Fed. R. Civ. P. 6(b)(1).

In this case, good cause exists for a 21-day extension in light of the extensive efforts required by both Defendants *and third parties* to comply with the Court's Order, and the diligence

---

[1] Defendants' counsel consulted with Plaintiffs' counsel about this motion, and Plaintiffs' counsel informed Defendants' counsel that they would assent to a 10-day extension, but will oppose a 21-day extension.

1

Defendants have exercised to attempt to comply with the Order. Since the Order was issued, Defendants and their contractors (including counsel) have spent dozens of hours searching for, collecting and producing responsive documents to Plaintiffs' requests. *See* Ex. 1, ¶ 5. However, as Defendants explained both in their written objections to these requests and in response to Plaintiffs' subsequent motion to compel, responding to these requests requires collecting documents going back several years from dozens of third parties. *See id*., ¶¶ 3-4. Despite the best efforts of Defendants, it proved impossible for Defendants to obtain all responsive documents that are in the actual possession of third parties by January 3, 2024. *See id*., ¶ 6.

For example, RFP No. 37 seeks documents sufficient to show the number of internal investigations performed by third-party residential treatment providers, from July 1, 2019 to the present. *See* ECF No. 411, at 8 (quoting Request No. 37 in full). While Defendants have the legal right to obtain the information requested by Plaintiffs, the actual records are not in Defendants' possession, but are in the possession of 27 different third-party providers operating 63 different residential treatment programs. *See* Ex. 1, ¶¶ 3-4. Each of those programs maintains records of investigations based on individual practice, including, for example, archiving records from the period of time covered by this request. Defendants have been working diligently with the provider organizations and residential treatment programs to search for, collect and review responsive documents, but given the significant volume of information that must be gathered, the competing duties and obligations of the providers, and staffing limitations due to holiday leave, Defendants will not be able to meet the January 3, 2024 deadline to complete this production.

RFP No. 9.24 similarly seeks information that is in the possession of third parties, *i.e.*, all safety assessments and on-site reviews of children in out-of-state residential treatment programs by the Out-of-State Review and Regional Clinical Review Teams, from July 1, 2019 to the

present.[2] *See* ECF No. 411, at 7. These reviews are conducted by teams of external community members, *see* DHHR, *West Virginia 2023 Annual Progress and Service Review*, at 220-222, https://dhhr.wv.gov/bss/reports/Documents/2022%20Annual%20Service%20Plan%20Review.pdf (last visited Jan. 2, 2024), and they are coordinated and overseen by "Regional Clinical Coordinators," who are under contract with a third-party grantee of the State (the Regional Clinical Coordinators are not state employees). Further, since July 2019, at least 555 children have been reviewed by the Regional Clinical Review Team or the Out-of-State Review Team. Accordingly, to comply with the Court's Order, Defendants must work with the third party Regional Clinical Coordinators – each of whom maintains records based on individual preference and practice – to collect documents and assessments related to those reviews going back five years. *See* Ex. 1, ¶¶ 3-4. Defendants have been working diligently with the Regional Clinical Coordinators to search for, identify, collect and produce responsive documents, but given the significant volume of information that must be gathered, the competing duties and obligations of the Regional Clinical Coordinators, as well as staffing limitations due to holiday leave, Defendants will not be able to meet the January 3, 2024 deadline to complete this production. *See id.*, ¶ 6.

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' request for an extension of time until January 24, 2024 to allow them to comply with the Court's December 13 Order.

---

[2] RFP No. 9.24 also sought all assessments conducted by the West Virginia Interagency Consolidated Out-of-State Monitoring Team. Defendants have completed production in response to this part of the request.

|  |  |
|---|---|
| | Respectfully submitted, |
| January 2, 2024 | /s/ Philip J. Peisch <br> Philip J. Peisch (WVSB #13731) <br> Caroline M. Brown <br> Julia M. Siegenberg <br> Rebecca Wolfe <br> Brown & Peisch PLLC <br> 1225 19th Street NW, Suite 700 <br> Washington, DC 20036 <br><br> /s/ Steven R. Compton <br> Steven R. Compton (WVSB #6562) <br> West Virginia Attorney General's Office <br> 812 Quarrier Street, 6th Floor <br> Charleston, WV 25301 |

4

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of the foregoing Motion for an Extension of Time to be delivered to the following via ECF notification:

Marcia Robinson Lowry
Julia Tebor
Jonathan Borle
Lindsay Gus
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

John Mazezka
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

| | |
|---|---|
| January 2, 2024 | /s/ Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Rebecca Wolfe
Brown & Peisch PLLC
1225 19th Street NW, Suite 700
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301 |