# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| Jonathan R., minor, by Next Friend Sarah DIXON, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 3:19-cv-00710-JRG |
| | ) | |
| Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.* | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' ELEVENTH REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiffs hereby request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Defendants produce all the Documents requested below in their possession, custody, or control at the offices of Shaffer & Shaffer PLLC, 330 State Street, Madison, West Virginia 25130, and A Better Childhood, 355 Lexington Avenue, Floor 16, New York, New York 10017, within thirty days (30) after service of this Eleventh Request for Production of Documents.

**DEFINITIONS**

1. "Communications" includes, but is not limited to, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, or question by any medium, whether written, oral, or other means (including, but not limited to, electronic communications and electronic mail).

2. "You," "Your," and "Defendants" means any or all the Defendants to this Action, including Governor Jim Justice, Former DHHR Secretary Bill Crouch, Former DHHR Interim Secretary Jeff Coben, DHHR Interim Secretary Sherri Young, Former DHHR Deputy Secretary Jeremiah Samples, DHHR Deputy Secretary Russell Crane, Former Commissioner of the Bureau for Children and Families Linda Watts, Incoming Secretary of the Department of Human Services

1

Cynthia Persily, Commissioner of the Bureau for Social Services Jeffrey Pack, Commissioner of the Bureau for Family Assistance Janie Cole, DHHR, and any later-created entities arising from DHHR's anticipated split, effective January 1, 2024, including the Department of Health, the Department of Human Services, and the Department of Health Facilities.

3. "Department of Health and Human Resources" or "DHHR" means individually and collectively, Defendant Department of Health and Human Resources, and each of its affiliates, executives, employees, attorneys, representatives, agents, assigns, and any contracting entities, including any Child Placement Agency, Foster Care Placement, or Congregate Care Facility, which are obligated to allow DHHR access to books, documents, papers or other records in order for DHHR to audit, examine, transcribe and copy said documents, and any later-created entities arising from DHHR's anticipated split, effective January 1, 2024, including the Department of Health, the Department of Human Services, and the Department of Health Facilities.

4. "Documents" means any document or electronically stored information as defined in Federal Rule of Civil Procedure 34.

5. "Including" means including and but not limited to.

6. "Present" means the present-day, not the date that these requests are served. For example, if a request asks for documents to be produced "in six-month increments from July 1, 2019 to Present" then Defendants should continue to produce supplemental documents every six months for the duration of this litigation.

## INSTRUCTIONS

1. You shall produce all Documents within Your custody or control.

2. The use of the singular shall be deemed to include the plural, and the use of masculine, feminine, or neutral genders shall include each gender, as appropriate in context.

3. You shall construe each request herein independently and not with reference to any

other request for the purposes of limitation.

4. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. The terms "all," "any," "each," and "every" shall be construed as both "each" and "every" to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.

6. The terms "reflect," "reflecting," "related to," "refer to," "relating to," and "referring to," mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

7. To the extent a request seeks information regarding any of the Defendants' Communications, it excludes Communications between Defendants' counsel and Plaintiffs' counsel regarding this litigation.

8. Documents should be produced pursuant to agreements, stipulations or orders regarding the Collection and Production of Documents and Electronically Stored Information to be entered in this Action.

9. If You believe that any person or entity might have custody or control of any Document that is not within Your custody or control but is otherwise responsive to any part of this request, You shall state so and shall identify the person or entity that You believe might have custody or control of that Document.

10. You shall specifically identify the source(s) or derivation(s) of each Document.

11. You shall produce each Document in its entirety, without abbreviation or redaction.

12. You shall produce all Documents in the order and manner that they are kept in the

usual course of business. You shall produce all Documents in their original folders, binders, covers, or containers (or You shall provide properly sequenced photocopies thereof).

13. You shall produce as a separate Document any Document that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document without such marks.

14. If any portion of any Document is responsive to any of these requests, You shall produce the entire Document including, but not limited to, all cover sheets, appendices, or attachments.

15. If You contend that part of a request is objectionable, You shall state the basis for Your objection with specificity, and You shall respond to that part of the request that You do not contend is objectionable.

16. If You contend that You do not understand the definition of any term or phrase used in a request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the request that You do understand.

17. If You contend that any part of a request is overbroad, You shall explain in detail why it is that You consider that part of the request to be overbroad, and You shall respond to the remainder of the request that You do not consider to be overbroad.

18. If no Document exists which is responsive to a particular request, You shall state so.

19. If, after responding to these requests, You obtain or become aware of any additional Documents that are directly or indirectly responsive to any part of any of these requests, You shall promptly produce any additional responsive Documents. If, after answering these requests for production, You learn that any part of any answer or objection to any of these requests is incomplete, incorrect, or improper, You shall promptly provide a supplementary written answer and shall produce any additional responsive Documents.

20. If any Document covered by these requests is withheld by reasons of a claim of privilege, a log is to be furnished identifying any such Document for which the privilege is claimed by providing the information required by law.

## TIME PERIOD

Unless otherwise stated, these Requests cover the period from July 1, 2019, to the Present. Your responses should indicate separately the answer for each year from 2019 through the Present. When a request seeks data in six-month increments, please provide data from a uniform date at the end of each period requested.

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

1. Documents sufficient to show whether a caseworker made face to face contact with a child who was the subject of a report to Child Protective Services: (1) within 24 hours; (2) within 72 hours; (3) within 14 days; (4) within more than 14 days; or (5) not at all, in six month increments from July 1, 2019 to the Present. *See* CPS Policy §3.4.

2. Documents sufficient to show when a Child Protective Services caseworker exceeded the maximum response time recommended by a supervisor following an initial report to Child Protective Services, in six month increments from July 1, 2019 to the Present. *See* CPS Policy §3.4.

3. Documents sufficient to show (1) the length of time until an Initial Assessment was completed for each child about whom a Child Protective Services report was made, and (2) the length of time between the completion of the Initial Assessment and the completion of the Family Assessment, in six month increments from July 1, 2019 to the Present.

4. All Documents and Communications regarding the adoptive children of Donald Ray Lantz and Jeanne Kay Whitefeather discovered in Sissonville, West Virginia, including any Documents and Communications regarding any investigation into allegations of abuse and neglect.

5. For those cases where DHHR filed a petition for termination of parental rights,

5

Documents sufficient to show the length of time between the child entering foster care and the filing of the petition for termination, in six-month increments from July 1, 2019 to the Present.

Dated: November 7, 2023

/s/ *Marcia Robinson Lowry*
Marcia Robinson Lowry, *admitted pro hac vice*
Julia K. Tebor, *admitted pro hac vice*
Jonathan Borle, *admitted pro hac vice*
Lindsay Gus, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
jborle@abetterchildhood.org
lgus@abetterchildhood.org


/s/ *Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 344-8716
Fax: (304) 344-1481

/s/ *J. Marty Mazezka*
Disability Rights of West Virginia
J. Marty Mazezka, WVSB #4572
jmazezka@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687