# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| Jonathan R., minor, by Next Friend, Sarah DIXON, et al., ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 3:19-cv-00710 |
| ) | |
| Jim JUSTICE, et al., ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' ELEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Jim Justice, in his official capacity as Governor of West Virginia, Sherri Young, in her official capacity as Interim Secretary of the West Virginia Department of Health and Human Resources, Jeffrey Pack, in his official capacity as Commissioner of the Bureau for Social Services, and the West Virginia Department of Health and Human Services ("DHHR") (collectively, the "Defendants") respond to Plaintiffs' Eleventh Request for Production of Documents, subject to the following General Statements. Defendants intend the General Statements to apply to each and every request.

**General Statement**

1. In light of the massive volume and scope of Plaintiffs' requests, Defendants reserve the right to supplement specific objections if problems arise in gathering responsive documents that are currently unknown to or unanticipated by Defendants.

2. If any documents are withheld from production pursuant to an objection or immunity based on attorney-client, work product, or government deliberative process privilege, those documents will be identified on a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A), which will be provided to Plaintiffs within a reasonable time after production is complete.

3. Inadvertent production of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any privilege, or of another ground for objecting, with respect to that information, any other information or its subject matter, or of Defendants' right to object to the use of any such information during any proceeding in this case or otherwise.

4. When used in these Responses, Defendants intend terms to have meanings ascribed to them by, and consistent with, the definitions provided by Chapter 49 of the West Virginia Code.

5. By providing information responsive to Plaintiffs' Requests, Defendants do not concede the materiality of the subject to which the Request refers. Defendants' Responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any information produced, or of the subject matter thereof, in any proceeding including the trial of this action.

6. "Third Party" shall refer to any person or entity that is not a Plaintiff or Defendant in this action.

## Objections to Time Period, Instructions and Definitions

1. Defendants object to any Request that seeks documents not in the possession of DHHR as overbroad, unduly burdensome, and not proportional to the needs of the case, and Defendants are producing documents located only on a DHHR electronic server or in a DHHR office. Defendants have not sought, searched or produced documents in the custody or control of the Governor, the Office of the Governor, the West Virginia legislature, DHHR contractors, or other Third Parties.

2. Defendants object to the general time period requiring Defendants to "provide data from a uniform date at the end of each period requested" for requests for data in six-month increments, to the extent this requires Defendants to produce information in a form in which it is not usually maintained and on the grounds that it is overly broad, not proportional to the needs of the case, unduly burdensome, and beyond the requirements of the Federal Rules, *see* Fed. R. Civ. P. 34(b)(2)(E). Defendants incorporate their objection to Plaintiffs' Definition No. 6 in objecting to Plaintiffs' use of "to the present" to define the Plaintiffs' general time period for these requests.

3. Defendants object to Plaintiffs' requests to the extent they seek information about individuals who are not in the custody of DHHR, except for statistics and data related to such individuals. Such requests are overbroad, unduly burdensome, and seek information the disclosure of which is legally protected by HIPAA and its implementing regulations, 45 C.F.R. § 164.512; 42 U.S.C. § 290dd-2(g) and its implementing regulations, 42 C.F.R. Part 2; West Virginia Code ch. 49, Art. 5, including West Virginia Code §§ 49-5-101, 49-5-103; and/or West Virginia Code § 27-3-1. Defendants do not agree to produce any such information, except with respect to class members.

4. Defendants object to Definition No. 1 regarding "Communications." The Definition is overbroad and unduly burdensome to the extent it attempts to expand Defendants' discovery obligations beyond the scope of what is contemplated by the Federal Rules of Civil Procedure and Local Rules. For the purposes of these responses, Defendants will interpret the term "communications" consistent with how it is defined by Local Rule 26.2(c)(1).

5. Defendants object to Definition No. 2 regarding "You, "Your," and "Defendants." To the extent it calls for Defendants to provide responses to Interrogatories on behalf of former

    DHHR officials who are no longer parties to this Action or are no longer employed by DHHR, this definition is overly broad and exceeds the scope of discovery contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.2.

6. Defendants object to Definition No. 3 regarding "Department of Health and Human Resources" or "DHHR." The Definition is overbroad and unduly burdensome to the extent it attempts to expand the scope of Plaintiffs' Requests to documents that are not in the possession, control or custody of Defendants, but instead are in the custody, control or possession of a Third Party. For purposes of these responses, "Department of Health and Human Resources" or "DHHR" shall refer to the West Virginia Department of Health and Human Resources.

7. Defendants object to Definition No. 6 on the grounds that Plaintiffs' definition of "Present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants do not agree to interpret "present" as "the present-day" such that Defendants would be required to supplement responses to Plaintiffs' document requests all the way through trial. Defendants are open to conferring with Plaintiffs to determine an agreeable cutoff date for supplemental productions. For example, Defendants would consider agreeing to a cutoff date of 30 days before trial, unless Defendants are otherwise required to supplement their productions under the Federal Rules of Civil Procedure (*i.e.*, Defendants learn that a prior production or response is materially incomplete or incorrect, *see* Fed. R. Civ. P. 26(e)(2)). Absent agreement on a cutoff date for supplemental productions, Defendants will continue to interpret "to the present" as used by Plaintiffs in their Requests as meaning the date of service of Plaintiffs' requests, *i.e.,* November 7, 2023. Defendants incorporate this objection into Defendants' above objection to Plaintiffs' general time period.

8. Defendants object to Instruction No. 9 on the grounds that it is vague and unduly burdensome. This Instruction would require Defendants to speculate regarding the responsiveness of documents not in their control or possession, would expand the scope of Defendants' obligations under Fed. R. Civ. P. 34(a)(1), and would be overbroad, unduly burdensome, and not proportional to the needs of the case.

9. Defendants object to Instruction No. 10 on the grounds that it is unduly burdensome and not proportional to the needs of this case. This Instruction would greatly expand the scope of Defendants' obligations under Fed. R. Civ. P. 26(b) and 34.

10. Defendants object to Instruction No. 11 to the extent that it would require Defendants to produce information protected by attorney-client privilege, work product immunity, or the governmental deliberative process privilege.

11. To the extent any of Plaintiffs' Instructions vary or expand upon the standards for production and discovery set forth in the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure, Defendants object to those Instructions.

**Responses and Specific Objections**

Now, subject to the foregoing General Statements and Objections to Definitions and Obstructions, Defendants answer Plaintiffs' specific numbered requests as follows.

**Document Request No. 1:** Documents sufficient to show whether a caseworker made face to face contact with a child who was the subject of a report to Child Protective Services: (1) within 24 hours; (2) within 72 hours; (3) within 14 days; (4) within more than 14 days; or (5) not at all, in six month increments from July 1, 2019 to the Present. *See* CPS Policy § 3.4.

**Defendants' Response**:

> Defendants object to this Request as not relevant to the subject matter of this case and Plaintiffs' remaining claims in light of the Court's Order dismissing Plaintiffs' case planning, placement stability, and familial association claims, and significantly narrowing Plaintiffs' Substantive Due Process claims, Doc. 300. Documents related to timely face to face contact, including with children who are not foster children in DHHR custody, are not relevant to Plaintiffs' remaining Substantive Due Process claims for which class certification has been granted. *See id*. at 12-17; Doc. 351.

> Defendants further object on the grounds that this Request is overly broad, not proportional to the needs of the case, and unduly burdensome. To date, Defendants and their contractors have spent thousands of hours producing over 890,000 pages of documents responsive to hundreds of document requests, including reams of data with thousands of data points responsive to the overwhelming majority of Plaintiffs' previous 51 different data, much of which was produced after extensive negotiations between the parties to attempt to arrive at a "global data compromise" to resolve all of Plaintiffs' data requests, none of which included the data sought in this Request, *see* Doc. 381-1. Asking Defendants to produce more and different data at this late stage of discovery – even after the parties have engaged in negotiations over a "global data compromise" – is an unnecessary "fishing expedition" that is unduly burdensome and not proportional to the needs of the case. Further, to the extent that this Request would require Defendants to create new document(s) or report(s), it would require Defendants to devote hundreds of staff and/or contractor hours to develop new reliable computer code able to create such new document(s) or report(s) from DHHR's legacy FACTS system and DHHR's new system, PATH, or to manually review thousands of case files to retrieve the information requested.

> To the extent that this Request requires Defendants to produce information in a form in which it is not usually maintained, Defendants object on the grounds that it is overly broad, not proportional to the needs of the case, and unduly burdensome and beyond the requirements of the Federal Rules, *see* Fed. R. Civ. P. 34(b)(2)(E).

> To the extent this Request seeks documents before December 14, 2019, Defendants object to this Request as unreasonably cumulative and duplicative of Request No. 38 in Plaintiffs' Fourth Request for Production. Defendants incorporate their objections and responses to

Request No. 38 in Plaintiffs' Fourth Request for Production in their response to this Request.

Defendants incorporate their objections to Plaintiffs' general time period as applicable to this request. Defendants object to this Request based on the time period as continuing "to the present," on the grounds that such a request is vague and ambiguous. In responding to these Requests, Defendants will interpret the general time period provided by Plaintiffs as ending on the date this Request was served, *i.e.*, November 7, 2023.

Defendants incorporate their objections to Plaintiffs' Definitions and Instructions into this Response.

For the foregoing reasons, Defendants are not producing any documents in response to this Request.

**Document Request No. 2:** Documents sufficient to show when a Child Protective Services caseworker exceeded the maximum response time recommended by a supervisor following an initial report to Child Protective Services, in six month increments from July 1, 2019 to the Present. *See* CPS Policy § 3.4.

**Defendants' Response:**

Defendants object to this Request as not relevant to the subject matter of this case and Plaintiffs' remaining claims in light of the Court's Order dismissing Plaintiffs' case planning, placement stability, and familial association claims, and significantly narrowing Plaintiffs' Substantive Due Process claims, Doc. 300. Documents related to timely face to face contact upon receiving a report of alleged abuse or neglect are not relevant to Plaintiffs' remaining Substantive Due Process claims for which class certification has been granted. *See id*. at 12-17; Doc. 351.

Defendants further object on the grounds that this Request is overly broad, not proportional to the needs of the case, and unduly burdensome. To date, Defendants and their contractors have spent thousands of hours producing over 890,000 pages of documents responsive to hundreds of document requests, including reams of data with thousands of data points responsive to the overwhelming majority of Plaintiffs' previous 51 different data, much of which was produced after extensive negotiations between the parties to attempt to arrive at a "global data compromise" to resolve all of Plaintiffs' data requests, none of which included the data sought in this Request, see Doc. 381-1. Asking Defendants to produce more and different data at this late stage of discovery – even after the parties have engaged in negotiations over a "global data compromise" – is an unnecessary "fishing expedition" that is unduly burdensome and not proportional to the needs of the case. Further, to the extent that this Request would require Defendants to create new document(s) or report(s), it would require Defendants to devote hundreds of staff and/or contractor hours to develop new reliable computer code able to create such new document(s) or report(s) from DHHR's legacy FACTS system and DHHR's new system, PATH, or to manually review thousands of case files to retrieve the information requested.

To the extent that this Request requires Defendants to produce information in a form in which it is not usually maintained, Defendants object on the grounds that it is overly broad, not proportional to the needs of the case, and unduly burdensome and beyond the requirements of the Federal Rules, *see* Fed. R. Civ. P. 34(b)(2)(E).

Defendants incorporate their objections to Plaintiffs' general time period as applicable to this request. Defendants object to this Request based on the time period as continuing "to the present," on the grounds that such a request is vague and ambiguous. In responding to these Requests, Defendants will interpret the general time period provided by Plaintiffs as ending on the date this Request was served, *i.e.*, November 7, 2023.

Defendants incorporate their objections to Plaintiffs' Definitions and Instructions into this Response.

For the foregoing reasons, Defendants are not producing any documents in response to this Request.

**Document Request No. 3:** Documents sufficient to show (1) the length of time an Initial Assessment was completed for each child about whom a Child Protective Services report was made, and (2) the length of time between the completion of the Initial Assessment and the completion of the Family Assessment in six month increments from July 1, 2019 to the Present.

**Defendants' Response:**

Defendants object to this Request as not relevant to the subject matter of this case and Plaintiffs' remaining claims in light of the Court's Order dismissing Plaintiffs' case planning, placement stability, and familial association claims, and significantly narrowing Plaintiffs' Substantive Due Process claims, Doc. 300. Documents related to timely completion of Initial Assessments and Family Assessments are not relevant to Plaintiffs' remaining Substantive Due Process claims for which class certification has been granted. *See id*. at 12-17; Doc. 351.

Defendants further object on the grounds that this Request is overly broad, not proportional to the needs of the case, and unduly burdensome. To date, Defendants and their contractors have spent thousands of hours producing over 890,000 pages of documents responsive to hundreds of document requests, including reams of data with thousands of data points responsive to the overwhelming majority of Plaintiffs' previous 51 different data, much of which was produced after extensive negotiations between the parties to attempt to arrive at a "global data compromise" to resolve all of Plaintiffs' data requests, none of which included the data sought in this Request, *see* Doc. 381-1. Asking Defendants to produce more and different data at this late stage of discovery – even after the parties have engaged in negotiations over a "global data compromise" – is an unnecessary "fishing expedition" that is unduly burdensome and not proportional to the needs of the case. Further, to the extent that this Request would require Defendants to create new document(s) or report(s), it would require Defendants to devote hundreds of staff and/or contractor hours to develop new reliable computer code able to create such new document(s) or report(s) from DHHR's legacy FACTS system and DHHR's new

system, PATH, or to manually review thousands of case files to retrieve the information requested.

To the extent that this Request requires Defendants to produce information in a form in which it is not usually maintained, Defendants object on the grounds that it is overly broad, not proportional to the needs of the case, and unduly burdensome and beyond the requirements of the Federal Rules, *see* Fed. R. Civ. P. 34(b)(2)(E).

Defendants incorporate their objections to Plaintiffs' general time period as applicable to this request. Defendants object to this Request based on the time period as continuing "to the present," on the grounds that such a request is vague and ambiguous. In responding to these Requests, Defendants will interpret the general time period provided by Plaintiffs as ending on the date this Request was served, *i.e.*, November 7, 2023.

Defendants incorporate their objections to Plaintiffs' Definitions and Instructions into this Response.

For the foregoing reasons, Defendants are not producing any documents in response to this Request.

**Document Request No. 4:** All Documents and Communications regarding the adoptive children of Donald Ray Lantz and Jeanne Kay Whitefeather discovered in Sissonville, West Virginia, including any Documents and Communications regarding any investigation into allegations of abuse and neglect.

**Defendants' Response:**

Defendants object to this Request as not relevant to the subject matter of this case and Plaintiffs' remaining class claims in light of the Court's Order dismissing Plaintiffs' case planning, placement stability, and familial association claims, and significantly narrowing Plaintiffs' Substantive Due Process claims, Doc. 300. Documents related to investigations of allegations of abuse or neglect are not relevant to Plaintiffs' remaining Substantive Due Process claims for which class certification has been granted. *See id*. at 12-17; Doc. 351. Documents concerning allegations or investigations of abuse and neglect of children who are not foster children in DHHR custody (*i.e.*, children *not* in the class) are not relevant to Plaintiffs' remaining claims.

Further, as class certification has been granted in this case, documents and communications pertaining to a single specific investigation, child or family, is of minimal relevance or value given that "Plaintiffs' claims focus on systemic violations of *all* West Virginia foster children's substantive due process and federal statutory rights." Doc. 396, at 1 (emphasis in original). Therefore, Defendants also object to this Request as overbroad, unduly burdensome, and not proportional to the need of this case because it would require Defendants to spend dozens of staff and/or contractor hours to search servers, e-mails, and paper files to locate "all Documents and Communications" related to the specific case referenced in Plaintiffs' Request.

Defendants object to the extent this Request seeks documents from Third Parties that are

7

not in the possession, custody, or control of the Defendants.

Defendants do not interpret this Request as seeking information protected by deliberative process privilege, attorney-client privilege, or work product doctrine. However, to the extent Plaintiffs are seeking documents protected by governmental deliberative process privilege, documents that involve communications to or from attorneys, information shared for the purpose of seeking legal advice, or the work product of attorneys, Defendants object to this Request based on deliberative process privilege, attorney-client privilege, and/or work product doctrine.

Defendants incorporate their objections to Plaintiffs' Definitions and Instructions into this Response.

For the foregoing reasons, Defendants are not producing any documents in response to this Request.

**Document Request No. 5:** For those cases where DHHR filed a petition for termination of parental rights, Documents sufficient to show the length of time between the child entering foster care and the filing of the petition for termination, in six-month increments from July 1, 2019 to the Present.

**Defendants' Response:**

Defendants object to this Request as not relevant to the subject matter of this case and Plaintiffs' remaining claims in light of the Court's Order dismissing Plaintiffs' case planning, placement stability, and familial association claims, and significantly narrowing Plaintiffs' Substantive Due Process claims, Doc. 300. Documents related to the time in which DHHR moves to terminate parental rights are not relevant to Plaintiffs' remaining Substantive Due Process claims for which class certification has been granted. *See id*. at 12-17; Doc. 351.

Defendants further object on the grounds that this Request is overly broad, not proportional to the needs of the case, and unduly burdensome. To date, Defendants and their contractors have spent thousands of hours producing over 890,000 pages of documents responsive to hundreds of document requests, including reams of data with thousands of data points responsive to the overwhelming majority of Plaintiffs' previous 51 different data, much of which was produced after extensive negotiations between the parties to attempt to arrive at a "global data compromise" to resolve all of Plaintiffs' data requests, none of which included the data sought in this Request, *see* Doc. 381-1. Asking Defendants to produce more and different data at this late stage of discovery – even after the parties have engaged in negotiations over a "global data compromise" – is an unnecessary "fishing expedition" that is unduly burdensome and not proportional to the needs of the case. Further, to the extent that this Request would require Defendants to create new document(s) or report(s), it would require Defendants to devote hundreds of staff and/or contractor hours to develop new reliable computer code able to create such new document(s) or report(s) from DHHR's legacy FACTS system and DHHR's new system, PATH, or to manually review thousands of case files to retrieve the information

8

requested.

To the extent that this Request requires Defendants to produce information in a form in which it is not usually maintained, Defendants object on the grounds that it is overly broad, not proportional to the needs of the case, and unduly burdensome and beyond the requirements of the Federal Rules, *see* Fed. R. Civ. P. 34(b)(2)(E).

Defendants object to this Request as unreasonably cumulative and duplicative of Request No. 6 in Plaintiffs' Seventh Request for Production. Defendants incorporate their objections and responses to Request No. 6 in Plaintiffs' Seventh Request for Production in their response to this Request.

Defendants incorporate their objections to Plaintiffs' general time period as applicable to this request. Defendants object to this Request based on the time period as continuing "to the present," on the grounds that such a request is vague and ambiguous. In responding to these Requests, Defendants will interpret the general time period provided by Plaintiffs as ending on the date this Request was served, *i.e.*, November 7, 2023.

Defendants incorporate their objections to Plaintiffs' Definitions and Instructions into this Response.

For the foregoing reasons, Defendants are not producing any documents in response to this Request.

                                        Respectfully submitted,

December 7, 2023

/*s*/ Philip J. Peisch
Philip J. Peisch (WVSB # 24403)
Caroline M. Brown
Julia M. Siegenberg
Rebecca Wolfe
Brown & Peisch PLLC
1225 19th Street NW
Washington, DC 20036


/*s*/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of Defendants' Response to Plaintiffs' Eleventh Request for Production of Documents to be delivered to the following via electronic mail:

Marcia Robinson Lowry
Julia Tebor
Tavi Unger
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Brian L. Ooten
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

Lori Waller
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

December 7, 2023
/s/ Philip J. Peisch
Philip J. Peisch (WVSB # 24403)
Caroline M. Brown
Julia M. Siegenberg
Rebecca Wolfe
Brown & Peisch PLLC
1225 19th Street NW
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 2nd Floor
Charleston, WV 25301