IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN R., *et al.*,

      **Plaintiffs,**

v.                                                                                    Case No.:  3:19-cv-00710

JIM JUSTICE, *et al.*,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Compel. (ECF No. 433). Defendants have filed a response in opposition, (ECF No. 438), and Plaintiffs have filed a reply memorandum. (ECF No. 448). After considering the Motion, the Court **GRANTS** same and **ORDERS** Defendants to provide the relevant information within **fourteen days** of the date of this Order.

Plaintiffs seek information pertaining to a high-profile incident in which children were found last October living in appalling conditions in Sissonville, West Virginia. As the story has unfolded in the press, allegations have surfaced that Child Protective Services ("CPS"), part of the West Virginia Department of Health and Human Resources ("DHHR"), was called on multiple occasions—beginning as early as May—by concerned neighbors who suspected abuse and neglect. However, CPS failed to respond and perform an adequate investigation. As a result, the children were left to suffer at the hands of their adoptive parents for months, until law enforcement officers eventually found the children locked in their house or in a detached shed, deprived of food, water, bathroom facilities,

hygiene products, and beds. The parents were arrested, and the children were placed in State custody. They are now part of the General Class in this class action litigation against the DHHR and other defendants.

Defendants have objected to producing the information on the grounds that the children were not members of the class when the alleged abuse and neglect occurred, making the information irrelevant, and that the requested information is not proportional to the needs of the case because collecting it would be burdensome. Defendants claim the burden on them to obtain the information would outweigh any minimal relevancy the documents might have to the claims and defenses in this case. According to Defendants, the retrieval of the information would take 25 to 50 hours of staff and contractor time.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery in this action. It states, in relevant part:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). "Relevance is not, on its own, a high bar." *Ceresini v. Gonzales*, No. 3:21-CV-40 (GROH), 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022) (citation omitted). As stated in the rule, information "need not be admissible in evidence to be discoverable." *Id.* (quoting Fed. R.

Civ. P. 26(b)(1)). "Federal courts have long understood that relevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Id.*

Even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a 'high bar,' its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Ceresini*, 2022 WL 628520, at *3. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Jonathan R. v. Just.*, No. 3:19-CV-00710, 2023 WL 8629147, at *2 (S.D.W. Va. Dec. 13, 2023); *McEvoy v. Diversified Energy Co. Plc*, No. 5:22CV171, 2023 WL 6192769, at *1 (N.D.W. Va. May 15, 2023); *Fine v. Bowl Am., Inc.*, No. CV SAG-21-1967, 2023 WL 8479250, at *2 (D. Md. Dec. 7, 2023); *Perez v. Huneycutt*, No. 5:22-CV-00120-MR, 2023 WL 8813553, at *2 (W.D.N.C. Dec. 20, 2023); *Doe v. Mast*, No. 3:22CV00049, 2023 WL 8481049, at *2 (W.D. Va. Dec. 7, 2023); *United States v. White*, No. 2:23-CV-00001-BO, 2023 WL 8451744, at *7 (E.D.N.C. Dec. 6, 2023). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.*

While Defendants are correct that the children were not members of the class when the alleged abuse and neglect occurred, one of the allegations in this case is that the DHHR regularly failed to protect foster children from physical and mental abuse. In addition, Plaintiffs claim that DHHR's caseworkers, who are responsible for the welfare of children in this State, are understaffed and overworked, resulting in systemic failures including slow or nonexistent responses to reports of abuse or neglect, as well as lack of appropriate follow-up. Plaintiffs argue that evidence of incidents which corroborate their claims is key to establishing Defendants' unconstitutional policies and practices.

The Court agrees that information regarding the children found in Sissonville is relevant to show the DHHR's general response to allegations of abuse and neglect, as well as to establish that caseworkers are understaffed and overworked. While statistics showing overall numbers and generalized data that tracks the DHHR's responses to reports of abuse and neglect of children are helpful to proving a claim or defense, information regarding individual cases is also useful. The Court disagrees that the children must have been in the State's custody at the time of their abuse and neglect in order for the information to be relevant, unless Defendants are claiming that they apply a different or lesser standard of care to children who are *not* in the State's custody. That does not appear to be a defense asserted by Defendants. Although this litigation centers on foster children, proof of repeated and widespread failures on the part of the DHHR, as it carries out its obligation to West Virginia children, can help Plaintiffs demonstrate the DHHR's customs and practices.

With regard to Defendants' argument that responding to the discovery requests is overly burdensome when compared to the usefulness of the anticipated result, Defendants have failed to support that contention with evidence. Conclusory and

4

unsubstantiated allegations are simply insufficient to support an objection based on burdensomeness. *Convertino v. United States Department of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome"). Frankly, considering the attention given to the children's condition, it seems likely that the DHHR has already collected and analyzed this information, or much of it, in order to determine whether, or how, the agency failed these children.

The Clerk is directed to provide a copy of this Order to counsel of record.

ENTERED:  February 12, 2024

Cheryl A. Eifert
United States Magistrate Judge

5