UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| Jonathan R., minor, by Next Friend Sarah DIXON, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-cv-00710-JRG |
| Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO DE-DESIGNATE CONFIDENTIAL
FOSTER CHILD INFORMATION AND FOR LEAVE TO FILE UNDER SEAL**

Contemporaneously with their Supplemental Memorandum of Law, ECF No. 449-4, Plaintiffs filed a motion to de-designate as confidential certain protected information of a foster child contained in their Supplemental Memorandum, and for leave to file that information under seal, ECF No. 450. The Department of Human Services (DoHS) and other Defendants **support** the motion to file both Exhibit 3 to Plaintiffs' Supplemental Memorandum and the unredacted version of Plaintiffs' Memorandum summarizing that Exhibit under seal. However, Defendants **oppose** the motion to de-designate the information used in Plaintiffs' Supplemental Memorandum as confidential, which would allow Plaintiffs to file an unredacted version of the Supplemental Memorandum and make it available publicly. While the information Plaintiffs seek to designate does not contain the foster child's name or location, it contains other information that is protected as confidential under state law and sufficient detail that, taken together, could identify the child in question.

1

The Second Amended Protective Order ("Protective Order"), ECF No. 386, governs disputes of confidentiality in this matter and was jointly drafted by the parties to this litigation, *see* ECF No. 382. The Protective Order designates as "confidential" all information protected by, *inter alia*, West Virginia Code § 49-5-101 and "information concerning the physical and mental condition and treatment of plaintiffs, health and other public benefits they receive." ECF No. 386, ¶ I(C)-(D). The Protective Order contemplates that documents containing confidential information shall be filed under seal or in redacted form. *Id.* I.E, VII.A.

The redacted portion of Plaintiffs' Supplemental Brief, ECF No. 449-4, at 12-13, clearly contains information about the medical and psychiatric treatment of a child as well as other distinctive personal and private information about the child and the child's parents – including the child's age, the child's placement history, allegations against the child's caretakers, sexual abuse allegations, details about the child's parents, the child's behavioral history, and the child's specific psychiatric symptoms -- all of which is protected information under the Protective Order and state law and appropriately designated as confidential.

Under the Protective Order, if the parties cannot resolve a confidentiality disputes among themselves, "[t]he proponent of continued confidentiality," in this case DoHS, "will have the burden of persuasion that the document or material should be withheld from the public record." ECF No. 386, ¶ IV.A. Relevant authorities to support continued confidentiality include Local Rule of Civil Procedure 26.4 and controlling court precedent. *Id.* In light of the highly sensitive information contained in Exhibit 3 and Plaintiffs' description of that exhibit in their Supplemental Memorandum, Defendants urge the court to maintain the confidentiality designation so that only a redacted version of the memorandum is filed publicly. The decision of whether to restrict access to public records is "best left to the sound discretion of the district court, a discretion to be

exercised in light of the relevant facts and circumstances of the particular case." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598–99 (1978)).

For cases in which the information at issue may be protected by state law, the Fourth Circuit has considered: 1) "whether the records sealed came within the statute's coverage" and 2) "whether the right of access nevertheless outweighed the public policy expressed" by the statute. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). In this case, the public interest in discovery proceedings does not outweigh the statutorily protected privacy right of the foster child in question. State law protects as confidential "all records *and information* concerning a child or juvenile which are maintained by… the Department of Human Services." W. Va. Code Ann. § 49-5-101(a) (West) (emphasis added). There is no applicable statutory exception for de-identified information, although the information Plaintiffs proffer in their brief is so distinctive as to be identifying to members of the child's community, especially with all information taken together. *See Dep't of Air Force v. Rose*, 425 U.S. 352, 380 (1976) (holding in a FOIA case that whether case summaries were identifying "must be weighed not only from the viewpoint of the public, but also from the vantage of those who would have been familiar" with the individuals whose records may be released). So important is this protection that the law imposes a criminal penalty, including up to six months' imprisonment, for the impermissible disclosure of foster child information. W. Va. Code Ann. § 49-5-101(f) (West). Here, Plaintiffs recite foster child information from internal DoHS correspondence produced as part of discovery for this litigation. *See* ECF No. 449-4, Ex. 3. The information pertains to a child and the email clearly reflects records maintained by DoHS, and there can be little doubt that the email and information deriving from it are protected by § 49-5-101.

To support their claim that the child's information should be published, Plaintiffs offer only a single sentence stating that the information is useful "as an example of the importance of ESI" and to "note the failure of DHHR." ECF No. 450, ¶ 4.  Plaintiffs do not contend that this information is of any particular value to the public, considering the narrow scope of redactions and the minimal relevance to their brief at large.

Finally, the child is an absent class member who has not consented to be involved in this litigation, much less to have his or her information publicized unnecessarily during discovery briefing, which is wholly outside the merits of the case.  Defendants are troubled by Plaintiffs' request to publicize this distinctive and sensitive information about a child who has had no opportunity to consent to this exposure, especially outside the context of the merits.  Given the statutory protections over this information, the highly personal and distinctive nature of the information, and the fact that information pertains to a minor who has not consented to its public use, the information should remain designated as confidential and subject to redaction.

## CONCLUSION

Plaintiffs' motion to de-designate confidential foster child information, and to file same without redactions, should be denied.

Respectfully submitted,

February 12, 2024

/s/ Philip J. Peisch
Philip J. Peisch (WVSB # 13731)
Caroline M. Brown, *pro hac vice*
Julia M. Siegenberg, *pro hac vice*
Rebecca L. Wolfe, *pro hac vice*
Brown & Peisch PLLC
1225 19th Street NW
Washington, DC 20036

                                         */s/* Steven R. Compton
                                         Steven R. Compton (WVSB #6562)
                                         West Virginia Attorney General's Office
                                         812 Quarrier Street, 6th Floor
                                         Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of Defendants' Response to Plaintiffs' Motion to De-Designate Confidential Foster Child Information and For Leave to File Under Seal to be delivered to the following via electronic mail:

Marcia Robinson Lowry
Julia K. Tebor
Jonathan Borle
Lindsay Gus
Laura Welikson
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Shaffer, PLLC
P.O. Box 3973
Charleston, West Virginia 25339

J. Marty Mazeka
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

| | |
|---|---|
| February 12, 2024 | /s/ Philip J. Peisch<br>Philip J. Peisch (WVSB # 13731)<br>Caroline M. Brown, *pro hac vice*<br>Julia M. Siegenberg, *pro hac vice*<br>Rebecca L. Wolfe, *pro hac vice*<br>Brown & Peisch PLLC<br>1225 19th Street NW<br>Washington, DC 20036 |
| | /s/ Steven R. Compton<br>Steven R. Compton (WVSB #6562)<br>West Virginia Attorney General's Office<br>812 Quarrier Street, 6th Floor<br>Charleston, WV 25301 |