IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN R., *et al.*,

    **Plaintiffs,**

v.                                               Case No.:  3:19-cv-00710

JIM JUSTICE, *et al.*,

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion to De-designate as Confidential and for Leave to File Under Seal. (ECF No. 449). The parties have fully briefed the issues and oral argument would not assist in resolving the matter in dispute. For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the Motion.

By way of background, the Court is considering a motion filed by Plaintiffs seeking sanctions for Defendants' alleged spoliation of evidence. After oral argument on the motion, the Court requested supplemental briefing on specific legal and factual questions. Plaintiffs filed their supplemental memorandum of law and attached several exhibits to it. (ECF Nos. 449-3, 449-6, 449-7, 449-8). The instant motion concerns one exhibit, as well as the discussion contained in Plaintiffs' memorandum regarding the exhibit. The parties agree that the exhibit itself should sealed, but they disagree as to whether information contained in the exhibit should be de-designated as "confidential" to allow Plaintiffs to submit their memorandum without redactions. Given that there is no dispute over sealing the exhibit, the Court **GRANTS** the motion to seal Exhibit

1

3. (ECF No. 449-8). The Clerk is directed to file Exhibit 3 as sealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302.

In this case, Exhibit 3 shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the exhibit, but in view of the nature of the information set forth in the Exhibit—which is information disclosed and used in the discovery process and generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Moreover, the information provided in the supplemental memorandum and attached exhibits are submitted to the Court for the purpose of resolving a discovery dispute, rather than for disposition of substantive claims in this action. Accordingly, the Court finds that sealing Exhibit 3 does not unduly prejudice the public's right to access court documents.

With respect to the discussion in the supplemental memorandum, found at pages 12-13, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiffs' request to de-designate the information contained therein. The Court acknowledges that public access to judicial records "is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus–America Discovery Group v. Atlantic*

2

*Mut. Ins. Co.,* 203 F.3d 291, 303 (4th Cir.2000).[1] The right of the public to access materials filed with the court derives from two independent sources: the First Amendment and the common law. *Stone v. University of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir.1988). The First Amendment right of access provides greater substantive protection to the public, but "has been extended only to particular judicial records and documents." *Id.* at 180–81 (citing *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988) (documents filed in connection with summary judgment motion in civil case); *In re Washington Post,* 807 F.2d 383, 390 (4th Cir.1986) (documents filed in connection with plea hearings and sentencing hearings in criminal cases)). When a First Amendment right is present, the court may restrict access only if "(1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 377 (4th Cir. Jan. 14, 2021) (citations omitted).

In contrast, the common law presumes a right of access to all judicial records and documents, *id.,* but the presumption may be rebutted "if countervailing interests heavily outweigh the public interests in access." *Rushford,* 846 F.2d at 253. "At common law, a district judge must weigh the competing interests of the public's access to judicial proceedings and the interests of the individuals in keeping the information private and of the government in ensuring integrity in its processes." *Gonzalez*, 985

---

[1] "'Judicial records' are generally defined as 'documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights.'" *Cochran v. Volvo Group North America, LLC,* 2013 WL 784502, at *1 (M.D.N.C. March 1, 2013) (quoting *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(d),* 707 F.3d 283, 290 (4th Cir.2013)).

F.3d at 376. The party seeking restriction of records bears the burden "of showing some significant interest that outweighs the presumption." *Rushford,* 846 F.2d. at 253. Factors that the court should consider in weighing the competing interests "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Gonzalez,* 985 F.3d at 376 (quoting *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir. 1984)).

Materials attached to discovery motions arguably are not "judicial records" at all. *See Kinetic Concepts, Inc. v. Convatec, Inc.,* 2010 WL 1418312 at *7 (M.D.N.C. April 2, 2010). In *Kinetic Concepts,* the district court quoted an unpublished opinion in which the Fourth Circuit "joined other courts in '[h]olding that the mere filing of a document with a court does not render the document judicial.'" *Id.* (quoting *In re Policy Mgt. Sys. Corp.,* 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995)). Although the Fourth Circuit has not explicitly resolved the question of whether discovery motions and materials attached to discovery motions are judicial records, the Court has stated that the right of public access to judicial records attaches only when the records "play a role in the adjudicative process, or adjudicate substantive rights." *In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290 (4th Cir. 2013). "Because discovery motions … involve procedural rather than 'substantive' rights of the litigants, the reasoning of *In re Policy Management* supports the view that no public right of access applies [to discovery motions]." *Kinetic Concepts, Inc.,* 2010 WL 1418312, at *9; *see also In re Providence Journal Com.,* 293 F .3d 1, 9 (1st Cir.2002); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d

4

1304, 1312 (11th Cir.2001); *United States v. El–Sayegh,* 131 F.3d 158, 163 (D.C.Cir.1997); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3rd Cir.1993). Consequently, in the absence of a public right to access materials, the court considering a motion to seal applies the "good cause" standard set forth in Fed .R. Civ. P. 26(c). *Pintos v. Pacific Creditors Ass'n.,* 565 F.3d 1106, 1115 (9th Cir.2009); *Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*, No. 1:20CV472, 2022 WL 2489054, at *9 (M.D.N.C. July 6, 2022).

The relevant discussion in the supplemental memorandum involves one child's experience in West Virginia's foster care system. The memorandum has been supplied in support of a discovery motion; as such, the public arguably has no First Amendment or common law right to the information. However, this case involves important issues of public concern, and the discovery matter at hand centers on a claim of spoliation of evidence by an agency of the State of West Virginia, which is also of great public concern. Thus, redacting an entire argument from Plaintiffs' memorandum is unfair to Plaintiffs, as well as any reader of the document. On the other hand, there is good cause to protect the child's privacy and setting forth in detail the child's personal experiences is simply not necessary for the argument's point to be made.

Therefore, the Court **ORDERS** that the copy of Plaintiffs' supplemental memorandum of law in support of the motion for sanctions, (ECF No. 449-3), remain sealed. The Court further **ORDERS** Plaintiffs to file, within three business days, another copy of the supplemental memorandum of law with the following redactions: (1) **on page 12**, Plaintiffs shall redact the age of the child and the portion of the first full paragraph beginning at line 8 with the sentence "After his parents" through the words "on other foster children. *Id.*", which are found at line 13 of the first full

5

paragraph. In total, three lines should be redacted from that paragraph; and (2) **on page 13**, Plaintiffs shall redact the recitation of the email, which is the single-spaced and indented language identified as coming from Bates-stamped Document No. D411436 of Exhibit 3. The reason for requiring these redactions is that the information in those lines may identify the child to members of the general public. The child's privacy—at least at this stage of the litigation—should be protected to the extent feasible. The redaction of these lines will not affect the comprehensibility of Plaintiffs' argument, and the remainder of the discussion in the supplemental memorandum of law concerning Exhibit 3 shall be de-designated. Although the supplemental memorandum will be newly filed, for purposes of resolving the pending motion, the Court will consider it as having been filed on January 29, 2024.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** March 1, 2024

Cheryl A. Eifert
United States Magistrate Judge

6