IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JONATHAN R.**, *et al.*,

      **Plaintiffs,**

v.                        Case No.:  3:19-cv-00710

**JIM JUSTICE**, *et al.*,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiffs' Motion for Leave to Take an Additional Rule 30(b)(6) Deposition and for Additional Deposition Hours and the supporting memorandum. (ECF Nos. 465, 466). Defendants have filed a memorandum in opposition to the Motion, and Plaintiffs have replied. (ECF Nos. 475, 481). Oral argument is not necessary to resolve this Motion. For the reasons that follow, the Motion is **GRANTED**, in part, and **DENIED**, in part. Plaintiffs' request to take an additional Rule 30(b)(6) deposition is granted, and Plaintiffs shall be allowed 45 total hours to complete their depositions.

**I.**     **Opinion**

Federal Rule of Civil Procedure 30(a)(2) states that the court may grant leave to a party to take additional depositions when the party seeks to exceed the number of depositions, or time limits, permitted in the case. Fed. R. Civ. P. 30(a)(2). Any leave granted must be consistent with Fed. R. Civ. P. 26(b)(1) and (2). Defendants argue that Plaintiffs' Motion should be denied because (1) Plaintiffs have already taken eight Rule

1

30(b)(6) depositions; (2) Plaintiffs have already obtained the information they seek in the Rule 30(b)(6) deposition, making the deposition cumulative, duplicative, and burdensome; (3) Plaintiffs chose to use up their deposition limit early in the case; (4) the Notice of Deposition is overly broad, unduly burdensome, and not proportional to the needs of the case; and (5) the request is premature, because Plaintiffs still have 20 hours remaining of their original time limit. (ECF No. 475 at 4-14). Defendants' arguments are not persuasive.

To justify their request, Plaintiffs must show that "depositions in excess of the number permitted by the pretrial order will assist in proving the movant's case and will not prejudice the opposing party or delay the proceedings." *M. Shanken Commc'ns, Inc. v. Variant Events, LLC*, No. 3:10-CV-804, 2011 WL 2078007, at *4 (E.D. Va. May 25, 2011). The parties have agreed in prior briefs that Plaintiffs are required to demonstrate deliberate indifference both at the outset of the case and at the summary judgment phase. Consequently, Plaintiffs should be permitted to obtain updated and current information regarding the foster care system, as this information will assist in Plaintiffs proving their case. Plaintiffs have not taken substantive depositions since 2020, and much has happened since that time. Therefore, another Rule 30(b)(6) deposition would not be cumulative or duplicative as long as Plaintiffs do not rehash information given in the prior depositions. Plaintiffs are not responsible for the twists and turns this case has taken. Both sets of attorneys represented their clients well, which resulted in stays, gaps in discovery, dispositive motions, an appeal, a remand, class certification, and additional discovery. Clearly, these activities have delayed a final resolution of the case, but, sometimes, that is the way litigation proceeds. Sufficient time remains before the expiration of the discovery deadline for Plaintiffs to obtain the Rule 30(b)(6) testimony,

and Defendants are hard-pressed to claim prejudice.

The court may not grant leave to conduct multiple depositions of a single organization unless multiple depositions are consistent with Fed. R. Civ. P. 26(b)(2). *St. John Haney v. Kavoukjian*, No. CV 2:19-2098-RMG, 2020 WL 12762510, at *5 (D.S.C. Dec. 17, 2020). Although this deposition would constitute another in a series of Rule 30(b)(6) depositions, which generally would not be permitted, in this particular case such a deposition makes sense. In keeping with Rule 26(b)(2), a Rule 30(b)(6) deposition appears to be the most convenient, least expensive, and least burdensome avenue for Plaintiffs to obtain the updated information they need to prosecute their case as it would obviate the need for numerous other depositions, interrogatories, and requests for admission. Plaintiffs seek prospective injunctive relief against an agency of the State of West Virginia related to its management of the foster care system. No money damages are sought. No state official is being sued in his or her personal capacity; all of the defendants have been sued in their official capacities. As such, the best witness from whom to obtain relevant updated information is the responsible agency of the State of West Virginia. The most effective way to depose the responsible agency is through its representatives who are authorized to speak on its behalf.

Although Plaintiffs may have chosen to use more than half of their deposition limit prior to class certification, that is not a good reason to prevent them from obtaining substantive information since class certification. The court repeatedly limited the scope of Plaintiffs' discovery prior to class certification for the simple reason that the scope and cost of proposed discovery was disproportional to the needs of the case when Plaintiffs did not represent classes of interested people. That consideration has changed since class certification. Many new documents have been produced by Defendants since 2020.

Plaintiffs are entitled to question the responsible agency about its documents. Thus, another Rule 30(b)(6) deposition to receive updated information on the topics outlined is not disproportional to the needs of the case as it currently exists.

Defendants' spoliation of evidence has contributed to the need for additional discovery. Indeed, Defendants argued that they should not be sanctioned for spoliation, because Plaintiffs could easily obtain the missing information through additional discovery, including depositions. Now, Defendants seek to limit and control that discovery. Such contradictory positions are insupportable.

The request for additional deposition hours is not premature. In *Wei-Ping Zeng v. Marshall Univs.*, a case relied upon by Defendants, the circumstances were quite different than they are in the instant case. *Zeng,* No. 3:17-cv-03008, 2019 WL 937328 (S.D.W. Va. Feb. 26, 2019). Dr. Zeng was a *pro se*, non-lawyer plaintiff, and the case involved his own alleged wrongful termination from employment. Dr. Zeng had not taken a single deposition prior to requesting twenty-five additional depositions. Here, the case involves the State's foster care system—affecting thousands of children—and Plaintiffs' counsel are experienced litigators in this type of matter. Considering their experience and the current age and status of the case, the court accepts their conclusion that additional deposition time is necessary.

**II.     Order**

For the forgoing reasons, the court **ORDERS** as follows:

1.     Plaintiffs' motion for an additional Rule 30(b)(6) deposition is **GRANTED**. Defendants shall promptly make representatives available on a date and time convenient to the parties. Plaintiffs shall not ask questions that are duplicative or cumulative to questions already asked of Rule 30(b)(6) representatives. However, a question is not

4

duplicative or cumulative if it involves a different time frame than was covered in prior depositions.

2. Plaintiffs' motion for additional deposition time is **GRANTED**, although the total amount of time requested by Plaintiffs—70 hours[1]—is **DENIED** as excessive. Bearing in mind the competing interests and the current status and needs of the case, the court finds that a total of **45** more hours of deposition time (their twenty remaining hours plus an additional twenty-five hours) should be adequate and **GRANTS** Plaintiffs that amount of time.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** March 29, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge

---

[1] Seventy hours is the total of Plaintiffs' twenty remaining hours and the additional fifty hours they seek.

5