UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:19-cv-00710 |
| | ) |
| JIM JUSTICE, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**RESPONSE TO PLAINTIFFS' FEE APPLICATION**

Plaintiffs' application for over $172,000 in attorneys' fees and expenses for their motion for sanctions is emblematic of their over-lawyered, inefficient approach to this case generally, resulting in unreasonable fees that would never be tolerated by a fee-paying client. Plaintiffs' counsel have requested reimbursement for almost 350 hours of time, which is nearly double the 192 hours defense counsel spent in vigorously defending the motion, Ex. 1 ¶ 5. The application is excessive and should be reduced to $75,000.

The fee application includes requests for payment to three different legal organizations, involving the time of eight (8) different individuals (seven lawyers and a paralegal), with time entries that in many instances reflect duplicate and unnecessary work. Plaintiffs have asked to be reimbursed for the attendance of five lawyers at each of the two depositions taken,[1] as well as

---

[1] *See* ECF No. 493-2 (requesting fees for Lindsay Gus and Julia Tebor to prepare for and attend depositions of April Robertson and Danielle Cox); ECF No. 493-4 (requesting fees for Marty Mazezka to prepare for, travel to, and attend deposition and read deposition transcripts of April Robertson and Danielle Cox); ECF No. 493-6 (requesting fees for Richard Walters and Alexander Meade to prepare for and attend depositions of April Robertson and Danielle Cox).

1

four lawyers at the hearing in Huntington.[2] Although Ms. Lowry did not argue at the hearing, she has requested $7,200 in fees for her time spent traveling from New York to West Virginia and attending the hearing, as well as almost $1,500 in travel expenses, including over $400 for a car service to and from her home and the airport.[3]

The Fourth Circuit has been "sensitive to the need to avoid use of multiple counsel for tasks where such use is not justified by the contributions of each attorney" and that "[g]eneralized billing by multiple attorneys on a large case often produces unacceptable duplication" in awarding attorneys' fees. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 180 (4th Cir. 1994). Heeding that instruction, the court in *Supinger v. Virginia* reduced a fee application on the ground that it was "unreasonable to have [two] attorneys present at two depositions that, combined, lasted no more than two and a half hours" (in the present case, the combined depositions lasted three hours) and to "submit[ ] time entries for traveling to and attending the oral argument," when the lawyer did not assist in the argument. No. 6:15-CV-17, 2019 WL 1450530 at *6 (W.D. Va. Mar. 4, 2019), *report and recommendation adopted as modified*, No. 6:15-CV-00017, 2019 WL 1446988 (W.D. Va. Mar. 31, 2019).

Courts also have not hesitated to reduce fee awards for this kind of over-staffing and duplicative work when fees have been awarded as a sanction. For example, in *ADO Finance, AG v. McDonnell Douglas Corp.*, the court reduced a requested sanctions award involving four different law firms to "the reasonable fees of the firm with direct and primary responsibility," finding that paying "the administrative costs of coordinating the firms and the cost of having one

---

[2] *See* ECF No. 493-2 (requesting $7,200 in fees for Ms. Lowry to travel to, listen to, and attend hearing in Huntington); ECF No. 493-4 (requesting $2,800 fees for Mr. Mazezka to prepare for, travel to, attend hearing and read transcripts of sanctions hearing); ECF No. 493-6 (requesting $2,915 in fees for Mr. Meade to prepare for, travel to, and attend hearing in Huntington).

[3] *See* ECF No. 493-2 at 2, 4.

firm review another firm's work is not fair or reasonable as a sanctions award." 938 F. Supp. 590, 598 (C.D. Cal. 1996). Similarly, in *Matter of Skanska USA Civ. Se. Inc.*, the court reduced the time spent on a spoliation hearing when the attorneys sought "35.3 hours of preparation time for 4 different timekeepers, including a mock session that involved multiple attorneys." No. 3:20-CV-05980-LC/HTC, 2021 WL 5225476 at *3 (N.D. Fla. Oct. 1, 2021), *aff'd,* 75 F.4th 1290 (11th Cir. 2023); *see also Broccoli v. Echostar Communications Corp.*, 229 F.R.D. 506, 513 (D. Md. 2005) (finding fee request for spoliation sanction excessive due to involvement of more than one lawyer and intra-office conferences); *Integrated Direct Mktg., LLC v. May*, 2016 WL 3582065, at *6 (E.D. Va. June 28, 2016) (reducing fees to only the lead counsel and primary associate "because it was excessive to have four attorneys working on the straightforward sanctions issue"); *see also Cleveland Demolition Co. v. Azcon Scrap Corp., a Div. of Gold Fields Am. Indus.*, 827 F.2d 984, 988 (4th Cir. 1987) (upholding reduction of sanctions fee award for over-lawyering).

Here, the time entries submitted by Plaintiffs' counsel are replete with duplicate entries reflecting over-lawyering. For example, Plaintiffs' counsel spent over 21 hours related to the deposition of April Robertson, billing $8,300 for three lawyers *in addition to* Mr. Walters (who took the deposition); Plaintiffs' counsel spent 30.5 hours related to the deposition of Danielle Cox, billing $11,340 for three lawyers *in addition to* Mr. Walters (who took the deposition); and Plaintiffs' counsel spent 51.35 hours related to the hearing, billing $13,963.75 for three lawyers *in addition to* Mr. Walters (who argued the motion). ECF Nos. 493-2, -4, -6. Seven lawyers spent over 20 hours of time, and have requested $10,772.50 in fees, simply for meeting and talking to each other, and Mr. Mazezka spent over four hours, requesting $1,700 in fees, on what appears to be simply reading the briefs written by other lawyers. *See id.* The fee request should

3

be reduced by at least the resulting $46,076.50 in excess and duplicative time. *See Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona,* 188 F.Supp.3d 333, 345-46 (S.D.N.Y. 2016) (in spoliation case, denying fee request for time and travel expenses of out-of-district counsel, where client was also represented by competent local counsel).

  Most of the remaining fee petition involves the work of multiple lawyers who spent a combined 150 hours researching, writing, reviewing, editing, reading, and discussing the motion for sanctions, the reply brief, and the supplemental brief requested by the Court. These requested fees should be evaluated in light of Plaintiffs' undue haste in filing their motion and the limited sanction they ultimately achieved. Contrary to the suggestion in their application, the emails were not the subject of any motion to compel, and Plaintiffs "became aware" of their destruction only because Defendants promptly disclosed the issue to them. ECF No. 493 at 6. Plaintiffs filed their motion for sanctions without any further discussion with Defendants as to the scope of DoHS's litigation hold; the circumstances leading to the unintentional deletion; whether deleted emails could be recovered through other means; and whether Defendants were willing to undertake those efforts (which Defendants chose to do unilaterally, producing hundreds of thousands of emails and associated thousands of documents to, from, or copying the custodians in question).

  Plaintiffs also never asked Defendants whether Defendants would agree to waive any argument that the deleted emails would have established that they were not deliberately indifferent, which Defendants were willing to do, as evidenced in the very first paragraph of the very first page of their response to the sanctions motion. *See* ECF No. 399 at 1.

  In short, Plaintiffs would have achieved *exactly the same result* had they chosen to engage even minimally with Defendants once the issue was disclosed, without the need to file

any motion or take any deposition. Even assuming such discussions involved all seven of Plaintiffs' lawyers who were involved in the motion, and if each had dedicated 12 hours to those discussions—which is an overly generous estimation—the associated fees would have totaled less than $45,000 and there would have been no expenses for depositions, hearings, or travel from New York. Instead, Plaintiffs ask West Virginia taxpayers to subsidize their maximalist approach to discovery disputes, an outcome that does not advance the interests of West Virginia foster children in any way. Indeed, as Plaintiffs conceded in their sanctions briefing, the emails that were unintentionally destroyed are "not necessary," ECF No. 449-4 at 6, to their case.

For the foregoing reasons, Defendants request that the requested fees be reduced to $75,000, which would amply compensate Plaintiffs' counsel for the time spent on their motion without unduly rewarding them for their decision to file a motion without engaging defense counsel as to other, more efficient means of redress.

Respectfully submitted,

April 30, 2024

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown, *pro hac vice*
Julia M. Siegenberg, *pro hac vice*
Rebecca L. Wolfe, *pro hac vice*
Brown & Peisch PLLC
1225 19th Street NW, Suite 700
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that I caused a true and correct copy of the foregoing Response to Plaintiffs' Fee Application to be delivered to the following via ECF notification:

Marcia Robinson Lowry
Julia Tebor
Laura Welikson
Lindsay Gus
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

J. Marty Mazezka
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

|  |  |
|---|---|
| April 30, 2024 | /s/ Philip J. Peisch<br>Philip J. Peisch (WVSB #13731)<br>Caroline M. Brown<br>Julia M. Siegenberg<br>Rebecca L. Wolfe<br>Brown & Peisch PLLC<br>1225 19th Street NW, Suite 700<br>Washington, DC 20036<br><br>/s/ Steven R. Compton<br>Steven R. Compton (WVSB #6562)<br>West Virginia Attorney General's Office<br>812 Quarrier Street, 6th Floor<br>Charleston, WV 25301 |