# EXHIBIT 3

Tuesday, May 21, 2024 at 16:23:45 Eastern Daylight Time

| | |
|---|---|
| **Subject:** | Re: Inadvertent Disclosure of Privileged Information |
| **Date:** | Tuesday, April 23, 2024 at 11:24:48 AM Eastern Daylight Time |
| **From:** | Julia Tebor |
| **To:** | Julia Siegenberg, Marcia Lowry, Alex Meade, Lindsay Gus, Rich Walters, John Mazezka, Laura Welikson |
| **CC:** | Philip Peisch, Caroline Brown, Steven R. Compton, Trevor Rhodes, Rebecca Wolfe |
| **Attachments:** | image001.jpg, image002.png, image003.png, image004.png, image005.png, image006.png, image007.jpg, image008.png, image009.png, image010.png, image011.png, image012.png |

Julia,

Plaintiffs are available on Monday, April 29 at 3:30 PM ET. Please send a Teams or Zoom link for that time.

Plaintiffs confirm that they are in compliance with the Court's Order on Inadvertent Disclosure.

Supervising Attorney
[A Better Childhood](#)
[jtebor@abetterchildhood.org](mailto:jtebor@abetterchildhood.org)
O: (646) 771-9778



**Stay Connected:**

   

This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Julia Siegenberg <[jsiegenberg@brownandpeisch.com](mailto:jsiegenberg@brownandpeisch.com)>
**Date:** Tuesday, April 23, 2024 at 9:59 AM
**To:** Julia Tebor <[jtebor@abetterchildhood.org](mailto:jtebor@abetterchildhood.org)>, Marcia Lowry <[mlowry@abetterchildhood.org](mailto:mlowry@abetterchildhood.org)>, Alex Meade <[ameade@shafferlaw.net](mailto:ameade@shafferlaw.net)>, Lindsay Gus

<lgus@abetterchildhood.org>, Rich Walters <rwalters@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Laura Welikson <lwelikson@abetterchildhood.org>
**Cc:** Philip Peisch <Ppeisch@brownandpeisch.com>, Caroline Brown <Cbrown@brownandpeisch.com>, "Steven R. Compton" <steven.r.compton@wvago.gov>, Trevor Rhodes <trhodes@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>
**Subject:** RE: Inadvertent Disclosure of Privileged Information

Julia:

Defendants disagree with Plaintiffs' positions outlined in the email below.  As Judge Eifert has explained, "as Defendants cited, '[t]he deliberative process privilege, sometimes called the executive privilege, is an evidentiary privilege sometimes accorded to the government to protect documents from discovery that are involved in the government's deliberative decision-making functions.'  *Rose v. Sandy*, No. 5:22-CV-00405, 2023 WL 7125253, at *4 (S.D.W. Va. Oct. 30, 2023) (citations omitted)."  ECF No. 487, at 25.  Defendants also dispute how Plaintiffs characterize Defendants' position about the scope of DPP.

Per Paragraph (I)(C)(3) of the Court's order on inadvertent disclosure (ECF No. 387), Defendants request a meet-and-confer about Bates No. D001073022, to see if the parties can resolve the issue without court intervention.  Defendants are available for a 30-minute meet-and-confer at the following times:

- Monday, April 29:    after 2:30 pm
- Thursday, May 2:    9:30; 11:30 – 1 pm; 3:30 or later
- Friday, May 3:    noon to 1 pm; 3-5 pm

**Do any of these work for Plaintiffs' counsel?  If not, please provide us with alternative times the week of May 6 that work for Plaintiffs.**

On a related subject, paragraph (I)(B) in the Court's order on inadvertent disclosure (ECF No. 387) requires Plaintiffs to "promptly notify" Defendants if Plaintiffs' counsel becomes aware of any document in Defendants' productions that Plaintiffs have "reason to believe" includes "information . . . subject to any privilege or protection referenced in paragraph (A)."  Given Defendants' use of TAR (instead of manual review) to identify and withhold privileged documents, and the hundreds of thousands of emails that were produced to Plaintiffs many months ago, Defendants are surprised that Plaintiffs have not identified a single document in Defendants' production that includes privileged or protected information inadvertently disclosed to Plaintiffs.  In our experience, the Receiving Party in large volume ESI cases usually identifies and alerts the Disclosing Party about many potentially privileged documents that have been inadvertently disclosed during the course of the case.  **Defendants would like Plaintiffs to confirm that they are aware of and are complying with paragraph (I)(B) in the Court's order on inadvertent disclosure?**

Finally, with respect to documents Defendants are withholding on DPP grounds, Defendants have not yet completed updates to the privilege logs to reflect all documents withheld to date on DPP grounds.  We expect to complete that within approximately 30 days, and we suggest that the parties meet-and-confer at that point to go through the documents withheld on DPP and see if

the parties can come to a compromise on those documents to avoid any motions practice.

Thank you,

**JULIA M. SIEGENBERG**
**O:** 202.747.5211 | **C:** 617.755.7331
jsiegenberg@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Monday, April 22, 2024 5:10 PM
**To:** Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Marcia Lowry <mlowry@abetterchildhood.org>; Alex Meade <ameade@shafferlaw.net>; Lindsay Gus <lgus@abetterchildhood.org>; Rich Walters <rwalters@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Laura Welikson <lwelikson@abetterchildhood.org>
**Cc:** Philip Peisch <Ppeisch@brownandpeisch.com>; Caroline Brown <Cbrown@brownandpeisch.com>; Steven R. Compton <steven.r.compton@wvago.gov>; Trevor Rhodes <trhodes@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>
**Subject:** Re: Inadvertent Disclosure of Privileged Information

Julia,

Plaintiffs do not agree that this document is covered by either deliberative process privilege or attorney-client privilege. Thus, pursuant to Section I(C)(3), Plaintiffs object to the clawback of this document.

With regard to deliberative process privilege, Plaintiffs disagree that this privilege applies to this document and to any such document in the instant action. Indeed, courts narrowly construe this privilege. *See Crosby v. United States*, 2009 U.S. Dist. LEXIS 137650, at *5 (D.S.C. Mar. 24, 2009). Furthermore, many courts have found that it is not appropriately asserted where a cause of action turns on the government's intent. *See, e.g., Stone v. Trump*, 356 F. Supp. 3d 505, 515 (D. Md. 2018); *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998); *Lawrence v. Suffolk Cnty.*, No. 19-cv-2887, 2022 U.S. Dist. LEXIS 52733, *36-38 (E.D.N.Y. Mar. 23, 2022).

As Plaintiffs understand it, Defendants essentially argue that almost any conversations between the Secretary and anyone else at DHHR regarding issues at DHHR or potential changes to DHHR would be deliberative and thus protected by deliberative process privilege. This argument fails to satisfy the detailed showing and also cannot be maintained where Plaintiffs are required to use this type of evidence to show deliberate indifference to the numerous issues in the child welfare system identified in Plaintiffs' complaint.

Moreover, even if the deliberative process privilege applies, it is a "qualified" privilege and is subject to a balancing test to determine "whether the documents at issue merit protection, even if they are otherwise within the ambit of the privilege." *Crosby*, 2009 U.S. Dist. LEXIS 137650, at *5-6. The privilege is not a "blanket shield" and can be overcome by a showing of need. *See, e.g., Harrison v. Shanahan*, 2019 U.S. Dist. LEXIS 86589, at *19 (E.D. Va. May 22, 2019); *Stone*, 356 F. Supp. 3d at 515. Plaintiffs require this discovery, and the balancing of equities is in their favor.

Plaintiffs also plan to move to compel Defendants to produce documents withheld pursuant to this privilege. As Defendants are also aware, Defendants objected to Plaintiffs asking questions during Jeremiah Samples' deposition about conversations that Samples had with Bill Crouch. Plaintiffs will move to compel discovery into these matters as well. This discovery for the reasons above would also not be protected by the deliberative process privilege.

With regard to attorney-client privilege, although April Robertson, in-house counsel at DHHR, is copied on the emails, it does not appear that any legal advice is being sought or provided. Thus, Plaintiffs do not believe that attorney-client privilege applies.

Plaintiffs expect that Defendants will move for a protective order and would oppose such a motion.

**Julia Tebor**
Supervising Attorney
[A Better Childhood](#)
[jtebor@abetterchildhood.org](#)
O: (646) 771-9778



**Stay Connected:**

   

This email and any attachments may contain confidential and privileged information.
If you are not the intended recipient, please notify the sender immediately, destroy
this email, and destroy any copies. Any dissemination or use of this information by
a person other than the intended recipient is unauthorized and may be illegal.

**From:** Julia Siegenberg <jsiegenberg@brownandpeisch.com>
**Date:** Thursday, April 18, 2024 at 3:34 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Alex Meade <ameade@shafferlaw.net>, Lindsay Gus <lgus@abetterchildhood.org>, Rich Walters <rwalters@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Laura Welikson <lwelikson@abetterchildhood.org>
**Cc:** Philip Peisch <Ppeisch@brownandpeisch.com>, Caroline Brown <Cbrown@brownandpeisch.com>, "Steven R. Compton" <steven.r.compton@wvago.gov>, Trevor Rhodes <trhodes@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>
**Subject:** Inadvertent Disclosure of Privileged Information

Counsel:

Defendants have identified document Bates numbered D001073022 as containing information protected by attorney-client privileged and deliberative process privilege that was inadvertently produced.

In accordance with the Amended Order Governing the Inadvertent Disclosure of Documents, Section I(C), Doc. 387, Defendants request that Plaintiffs' counsel promptly destroy, delete, or return D001073022, as well as any copies of this document or any documents made using the information in this document. To the extent Plaintiffs' counsel has already opened and/or reviewed this document, we request that Plaintiffs' counsel not re-open or re-view this document prior to its return or destruction.

Defendants request that Plaintiffs please certify, as soon as possible: (1) that this document has been destroyed or returned; and (2) that Plaintiffs' counsel has not re-reviewed or re-opened this document prior to destruction, deletion, or return.

Defendants' counsel will replace this document with properly redacted records as soon as possible. Please confirm via email when this information has been destroyed or returned.

Thank you,


**JULIA M. SIEGENBERG**
**O:** 202.747.5211 | **C:** 617.755.7331
jsiegenberg@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.