UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | **Case No**. 3:19-cv-00710 |
| ) | |
| ) | |
| JIM JUSTICE, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**STIPULATION**

Pursuant to Local Rule 11.2, Defendants and Plaintiffs in the above-captioned matter (collectively, "the Parties") hereby enter the stipulations set forth below.

1. The Parties stipulate and agree that Defendants will provide, prior to the end of discovery, written answers to the questions outlined below, subject to any objections, in lieu of producing a witness for oral examination to testify on behalf of the West Virginia Department of Human Services ("DoHS") for topics 3 through 9; topic 10 to the extent it pertains to EPSDT Healthchecks; topics 11 and 14 to the extent they pertain to services that are not covered by Medicaid; topic 12; topic 13; and topic 17 as outlined in Plaintiffs' Notice of Rule 30(b)(6) Deposition, ECF No. 452:

| Topic No. | Question |
|---|---|
| 3. | List and describe any and all actions taken to recruit and retain an adequate number of foster homes, including therapeutic foster homes, and/or any and all planned actions to recruit and retain an adequate number of foster homes, including the timing of the actions and any realized or expected results. |
| 4. | List and describe any and all actions taken to revise caseworker training and/or any and all planned actions to revise caseworker training, including instituting graduated caseloads, including the timing of the actions and any realized or expected results. |

| Topic No. | Question |
|---|---|
| 5. | List and describe any and all actions taken to decrease the time from when a child enters foster care to when they obtain permanency and/or any and all planned actions to decrease the time from when a child enters foster care to when they obtain permanency, including the timing of the actions and any realized or expected results. |
| 6. | List and describe any and all actions taken to update and improve the case planning process and/or to rectify failures in case planning and/or any and all planned actions to update the case planning process and/or to rectify failures in case planning, including the timing of the actions and any realized or expected results. |
| 7. | List and describe any and all actions taken to improve the quantity and quality of caseworker visitation with foster children and/or any and all planned actions to improve the quantity and quality of caseworker visitation with foster children, including the timing of the actions and any realized or expected results. |
| 8. | List and describe any and all actions taken to end the backlog in investigations of reports of abuse and neglect for children in foster care or decrease the time from a report of abuse and neglect to the closing of an investigation and/or any and all planned actions, including the timing of the actions and any realized or expected results. |
| 9. | List and describe any and all action taken to ensure that all foster children have a permanency plan within 60 days of entering foster care and/or any and all planned action to ensure that all foster children have a permanency plan within 60 days of entering foster care, including the timing of the actions and any realized or expected results. |
| 10. | List and describe any and all action taken as part of the HealthCheck process to ensure that children in foster care receive all necessary medical, dental, and mental health services and/or any and all planned action part of the HealthCheck process to ensure that children in foster care receive all necessary medical, dental, and mental health services, including the timing of the actions and any realized or expected results. |
| 11. | List and describe any and all action taken to increase the number, type and availability of community-based services that are not covered by Medicaid and/or any and all planned action number, type availability of community-based services that are not covered by Medicaid, including the timing of the actions and any realized or expected results. |
| 12. | List and describe any and all action taken to ensure that the rate of maltreatment of foster children while in foster care declines and/or any planned action to ensure that the rate of maltreatment of foster children declines, including the timing of the actions and any realized expected results. |
| 13. | List and describe any and all actions taken to ensure that West Virginia's compliance with the Children and Family Service Reviews process, as administered by the Children's Bureau of the Department of Health and Human Services, improves each year, and any and all planned actions, including the timing of the actions and any realized or expected results. |

| Topic No. | Question |
|---|---|
| 14. | List and describe any and all action taken to increase the number, type, and availability of community-based services that are not covered by Medicaid and/or any and all planned action number, type, and availability of community-based services that are not covered by Medicaid, including the timing of the actions and any realized or expected results. This includes actions to facilitate the provision of Wraparound Facilitation, Children's Mobile Crisis Response, Therapeutic Foster Family Care, and Assertive Community Treatment to the extent those services are not covered by Medicaid. |
| 17. | List and describe any and all actions taken to improve the data system for recordkeeping of children in foster care and/or any and all planned actions, including the timing of the actions and any realized or expected results. |

2. The Parties stipulate and agree that the written answers referenced in paragraph 1 will be sworn under oath, but they will not otherwise follow the process set forth in Federal Rule of Civil Procedure 31. Defendants' written answers will only respond to the specific questions outlined in the chart in paragraph 1 above, and Defendants are not obligated to answer any additional questions, whether orally or in writing, pertaining to the topics described in the chart paragraph 1. Plaintiffs reserve the right to object to Defendants' answers.

3. The Parties stipulate and agree that Defendants will produce a DoHS representative for oral examination to testify with respect to topics 1 and 2 in Plaintiffs' Notice of Rule 30(b)(6) Deposition, ECF No. 452, subject to all objections.

4. The Parties stipulate and agree that Defendants will produce a DoHS representative for oral examination to testify with respect to topics 15 and 16 in Plaintiffs' Notice of Rule 30(b)(6) Deposition, ECF No. 452, subject to all objections, other than issues that are responsive to topics 10, 11, or 14 in Plaintiffs' Notice of Rule 30(b)(6) Deposition, ECF No. 452.

5. The Parties stipulate and agree that Defendants will produce a DoHS representative for oral examination to testify with respect to topics 10, 11 and 14 in Plaintiffs' Notice of Rule

30(b)(6) Deposition, ECF No. 452, subject to all objections, only with respect to services covered by Medicaid that do not pertain to EPSDT Healthcheck.

6. The Parties stipulate and agree that the total cumulative duration for all non-expert depositions that Plaintiffs may take on or after May 10, 2024 is limited to 38 hours. A "non-expert deposition" is a deposition of any person or entity other than the deposition of an individual that Plaintiffs seek to qualify as an expert under Federal Rule of Evidence 702. Plaintiffs agree to refrain from moving the Court to grant additional hours for any non-expert depositions.

7. The Parties stipulate and agree that the total cumulative duration for all expert depositions that Plaintiffs may take on or after May 10, 2024 is limited to 25 hours. An "expert deposition" is a deposition of any person who Plaintiffs seek to qualify as an expert under Federal Rule of Evidence 702. This 25-hour limit on depositions of Defendants' experts is separate from the 38-hour limit for non-expert depositions discussed in paragraph 6. Plaintiffs agree to refrain from moving the Court to grant additional hours for any expert depositions.

Respectfully submitted,

/s/ *Philip J. Peisch*
Philip J. Peisch (WVSB #13731)
ppeisch@brownandpeisch.com
Caroline M. Brown, *admitted pro hac vice*
cbrown@brownandpeisch.com
Julia M. Siegenberg, *admitted pro hac vice*
jsiegenberg@brownandpeisch.com
Rebecca Wolfe, *admitted pro hac vice*
rwolfe@brownandpeisch.com
Trevor Rhodes, *admitted pro hac vice*
trhodes@brownandpeisch.com
Brown & Peisch PLLC
1225 19th St NW, Suite 700
Washington, DC 20036
Tel: (202) 499-4258

/s/ *Marcia Robinson Lowry*
Marcia Robinson Lowry, *admitted pro hac vice*
Julia K. Tebor, *admitted pro hac vice*
Laura Welikson, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
lwelikson@abetterchildhood.org

/s/ *Rich Walters*
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net

/s/ *Steven R. Compton*  
Steven R. Compton (WVSB #6562)  
steven.r.compton@wvago.gov  
Deputy Attorney General  
West Virginia Attorney General's Office  
812 Quarrier Street, 2nd Floor  
Charleston, WV 25301  
Tel: (304) 558-2131  

J. Alexander Meade, WVSB #13021  
ameade@shafferlaw.net  
Shaffer & Shaffer, PLLC  
P.O. Box 3973  
Charleston, West Virginia 25339  
(304) 344-8716  

/s/ *J. Marty Mazezka*  
J. Marty Mazeka  
jmazezka@drofwv.org  
Disability Rights of West Virginia  
1207 Quarrier Street, Suite 400  
Charleston, WV 25301  
Tel: (304) 346-0847  
Fax: (304) 346-0687  

June 3, 2024

## CERTIFICATE OF SERVICE

I, Philip J. Peisch, hereby certify that on June 3, 2024, I electronically filed this Certificate of Service for the above and foregoing Stipulation via ECF, and caused a true and correct copy of same to be delivered to the following via electronic mail:

Marcia Robinson Lowry
A Better Childhood
355 Lexington Ave. Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

J. Marty Mazezka
Disability Rights of West Virginia
1207 Quarrier Street, Suite 400
Charleston, WV 25301

| | |
|---|---|
| June 3, 2024 | /s/ *Philip J. Peisch*<br>Philip J. Peisch (WV Bar # 13731)<br>Caroline M. Brown<br>Julia M. Siegenberg<br>Rebecca Wolfe<br>Trevor Rhodes<br>Brown & Peisch PLLC<br>1225 19th Street NW, Suite 700<br>Washington, DC 20036<br><br>/s/ *Steven R. Compton*<br>Steven R. Compton (WVSB #6562)<br>WV Attorney General's Office<br>812 Quarrier Street, 2nd Floor<br>Charleston, WV 25301 |