UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| **Jonathan R., minor, by Next Friend, Sarah DIXON**, *et al.*,  <br> <br>Plaintiffs,<br><br>v.<br><br>**Jim JUSTICE, in his official capacity as the Governor of West Virginia**, *et al.*,<br><br>Defendants. | Class Action<br>3:19-cv-00710 |

**PLAINTIFFS' MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendants make four arguments in response to Plaintiffs' Motion to Compel (the "Motion"), ECF No. 501: (1) deliberative process privilege applies in cases where government intent is at issue and even if it does not apply, denial of deliberative process privilege is not appropriate; (2) disclosure of deliberative materials would chill efforts to improve the child welfare system; (3) Defendants applied deliberative process privilege narrowly and appropriately, and (4) Plaintiffs' Motion is untimely. But Defendants misconstrue and/or misapply their cited case law. It is Defendants' burden to prove the privilege applies and they have not made the requisite specific and detailed showing with respect to each and every document they seek to withhold. Though they try to sidestep the merits of Plaintiff's Motion by arguing it is untimely, their own case law belies their position.

Defendants have withheld 2,610 documents on claims of deliberative process privilege. ECF No. 517 at 1. Defendants also objected 17 times in the deposition of Jeremiah Samples on the

1

basis of deliberative process privilege—an unusually high number of objections, which they try to downplay by asserting that the deposition lasted more than four hours. *Id*. In attempting to minimize the overbreadth of their claim, Defendants ignore that they have not even reviewed all of the documents they produced to Plaintiffs; though Defendants claim that they have "only" withheld 2,610 documents out of 700,000, ECF No. 517 at 1, there are very likely thousands of other documents in their productions that Defendants will argue are covered by deliberative process privilege. ECF No. 501-1 (Decl. of M. Lowry) ¶2. Moreover, Plaintiffs have noticed several depositions of high level current and former Department of Human Services ("DoHS" formerly known as the Department of Health and Human Resources or "DHHR") and Bureau of Social Services ("BSS") employees over the next several weeks and expect that Defendants will object to numerous questions on the basis of deliberative process privilege. ECF No. 501-1 ¶ 3.

As laid out in more detail in their Motion, the deliberative process privilege does not apply in this case because of the essential nature of their claims. And even if the privilege does apply in this case (it does not), the equities here favor disclosure. Ultimately, Defendants' assertion of the privilege is overbroad and inadequate.

## ARGUMENT

### I. Deliberative Process Privilege Does Not Apply to Claims of Governmental Deliberate Indifference

"Given that Defendants' intent and decision-making process are at the forefront of this case, it makes little sense to prohibit, pursuant to the deliberative process privilege, discovery into these issues." *Doe v. Esper*, No. 17-1597 (CKK), 2019 U.S. Dist. LEXIS 156803 at *24 (D.D.C. Sept. 13, 2019). Courts in several jurisdictions over a sustained period of time have similarly held that a government cannot hide behind a shield of deliberative process privilege when its own intent is central to the case. *E.g., Karnoski v. Trump*, No. C17-1297 MJP, 2019 U.S. Dist. LEXIS 200954

at *11 (W.D. Wash. Nov. 19, 2019); *Elkins v. District of Columbia*, 250 F.R.D. 20, 27 (D.D.C. 2008) (rejecting the application of deliberative process privilege to the entirety of the case where the claims "centers around the intent of the Individual Defendants-whether the Individual Defendants' conduct… involved reckless or callous indifference to Plaintiffs' rights.").

Defendants claim that the *Heyer* decision holds that deliberative process privilege applies in cases where the government intent is at issue absent an overriding need for the information. ECF No. 517 at 7. However, this is incorrect. *Heyer* held that the privilege applied because, unlike in the instant matter, the allegations of governmental deliberate indifference in that case were "conclusory in nature and relate[d] to only some of their claims." *Heyer v. United States Bureau of Prisons*, No. 5-11-CT-03118, 2014 U.S. Dist. LEXIS 127908 at *11 (E.D.N.C. Sept. 12, 2014).

Defendants also misconstrue *Heyer* by conflating two separate exceptions to the deliberate process privilege. Defendants claim that the exception for 'government intent' requires bad faith, improper motive, or fraud by governmental officials, ECF. No. 517 at 6; however, government intent and government misconduct are two separate, though similar exceptions. *Heyer*, 2014 U.S. Dist. LEXIS at *10 ("[P]laintiffs contend the deliberative process privilege is inapplicable where, as here, the government's conduct or decision-making process is at issue in the litigation. . . . Plaintiffs point to the **similar** exception providing that the privilege is inapplicable where there is evidence of government misconduct.") (emphasis added). The *Heyer* court considered the 'government misconduct' exception separately from the 'government intent' exception and ultimately concluded that blanket denial of deliberative process privilege was not appropriate in that case because neither of the two exceptions applied. *Heyer*, 2014 U.S. Dist. LEXIS 127908 at *11 (considering deliberate indifference under the 'government intent' exception); *id*. at *12 (considering the 'government misconduct' exception).

3

In contrast to *Heyer*, the 'government intent' exception warrants denial of the deliberative process privilege in the instant matter because deliberate indifference is at the very heart of Plaintiffs' claims. The core of Plaintiffs' substantive due process claims is that Defendants' deliberate indifference caused an unreasonable risk of harm to the foster children in their care. *See* ECF. No. 351 at 17 (deliberate indifference of harm due to inadequate placements), 20 (deliberate indifference of harm due to lack of case planning), 22 (deliberate indifference of harm due to high caseloads and chronic understaffing). Thus, Plaintiffs' claims of deliberate indifference directly concern DoHS's decision-making process and the deliberate indifference of their actions. As discussed in Plaintiffs' Motion, Defendants attempted to claw back emails between former DHHR Deputy Secretary Jeremiah Samples and former DHHR Secretary Bill Crouch in which Crouch shows a "callous indifference to Plaintiffs' rights," *see Elkins*, 250 F.R.D. at 27, by refusing to "own" the Ombudsman's Report detailing DHHR's failings in caring for foster children.

Defendants improperly claim that evidence of the government's deliberate indifference should be hidden from Plaintiffs and from the Court through the deliberative process privilege. This is consistent with Defendants' past pattern and practice of attempting to conceal information from the public and their general lack of transparency. As discussed in Plaintiffs' Motion, DoHS executives have sought to prevent disclosure to the public and the legislature information that would reflect poorly on the child welfare system. Samples testified that former Secretary Crouch "applied pressure" to the ombudsman in "the tone of…a threat" to influence what documents and information she released to the legislature. ECF No. 501-2 at 33-36. Deputy Secretary Cammie Chapman also interfered with the ombudsman's ability to inform the legislature by preventing access to information. *Id.* As discussed in Plaintiffs' Motion, Defendants claimed that the deliberative process privilege prevented Samples from answering questions about conversations

with Secretary Crouch in which the two discussed issues in the child welfare system. And many of Defendants' withheld documents involve Crouch, Chapman, and/or their associates. *E.g.*, ECF 501-7 at 18 (Bill Crouch is listed as a recipient of CTRL0001528859); *id.* at 33 (Bill Crouch and Cammie Chapman listed among recipients of CTRL0001531559); ECF No. 501-8 at 2 (Cammie Chapman listed as sender of CTRL0000412472); *id.* at 17 (Bill Crouch listed as sender of CTRL0001282065).[1] Deliberative process privilege should not apply in this case where Defendants' deliberate indifference is centrally at issue and where Defendants—and specifically those named Defendants whose discovery is at issue—have already shown a lack of transparency.

## II. The Equities Favor Disclosure Because all Factors of the *Cippolone* Test Weigh in Plaintiffs' Favor.

As explained fully in the Motion, "plaintiffs can overcome the deliberative process privilege by demonstrating 'sufficient need' for the documents." *Abe v. Va. Dep't of Envtl. Quality*, No. 3:20-CV-270, 2020 U.S. Dist. LEXIS 253875 at *5 (E.D. Va. Sept. 23, 2020) (internal citations omitted). To briefly recap, the first factor weighs in favor of disclosure because the information sought is highly relevant to establishing deliberate indifference; as discussed above in Section I. DHHR officials such as then-Secretary Crouch and then Deputy Secretary Cammie Chapman had knowledge of the failures of the child welfare system and instead of using it to make improvements, actively worked to hide that information from the public. The information which Defendants have withheld in this case doubtlessly provide more detail as to the nature of Defendants' knowledge of the system's failings and decisions to cover it up rather than implement successful changes.

---

[1] Defendants deleted the majority of Bill Crouch's emails between September 6, 2020 and December 30, 2022. ECF No. 487 at 7.

The second factor, which is "perhaps the most important factor in determining whether the deliberative process privilege should be overcome," *North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1124 (N.D. Cal. 2003), also weighs in favor of disclosure. Not only is there a dearth of alternative evidence available, but it was Defendants themselves who created the scarcity. Despite receiving a litigation hold to preserve documents regarding DHHR's management of the foster care program, Defendants deleted all emails of seven high-ranking DHHR employees. ECF No. 487 at 2-3, 6-7. In their opposition to Plaintiff's Motion for Sanctions, ECF No. 399, Defendants asserted that the information contained in the deleted emails could be obtained by depositions and written discovery requests. ECF No. 399 at 11. This has not panned out because Defendants now seek to block Plaintiffs from obtaining this evidence through alternative means by claiming privilege over it. ECF No. 517. Defendants rely on the very decision which memorialized their spoliation, quoting the Court's holding that alternative evidence is available regarding the same matters contained in the deleted emails. ECF No. 10. At the time of that decision, however, the Court did not know that Defendants would seek to withhold 2,610 documents that were not deleted and block Plaintiffs from obtaining deposition testimony on the information.

The third factor also favors disclosure. "Courts have found that this factor weighs in favor of the party seeking waiver where the government is a party to the litigation." *Ath. Inv. Grp., LLC v. Schnitzer Steel Indus.*, 21-cv-05246-MMC (DMR), 2024 U.S. Dist. LEXIS 94606 at *10 (N.D. Cal. May 28, 2024); *see also, e.g.*, *Swanston v. City of Plano*, 2020 U.S. Dist. LEXIS 146508 at *21 (E.D. Tex. Aug. 14, 2020). Although governmental deliberate indifference is at issue, such a showing is not necessary. *See NAACP v. Bureau of the Census*, 401 F.Supp.3d 608, 618 (D. Md.

2019). It is enough that "the government 'is a party to the case.'" *Id.*; *Abe*, 2020 U.S. Dist. LEXIS 253875 at *6.

The fourth factor, the disclosure's effect on independent discussion, also weighs against application of the privilege. It is disingenuous of Defendants to claim that disclosure would chill improvements to the child welfare system. DHHR officials themselves blocked improvements to the child welfare system. As discussed in the Motion and *supra* at 4-5, then-Secretary Crouch and then-Deputy Secretary Chapman hindered improvements to the child welfare system by refusing to act upon the Ombudsman's report of the system's failures and by preventing the flow of information on the topic to the legislature. Had DHHR officials not been more concerned with "political embarrassment," Motion, ECF No. 501-2 at 185-86, than with the children in their care, the legislature might have been able to spur improvements in the system. The very purpose of this lawsuit is to propel improvements in the child welfare system, and disclosure of these materials will advance this goal.

The decision whether to order disclosure is based on "the overall balance of the four factors." *Abe*, 2020 U.S. Dist. LEXIS 253875 at *6. To the extent that the Court finds that deliberative process privilege applies in this case—and it should not—the equities still favor disclosure. Weighing all four factors, Plaintiffs have overcome Defendants' privilege claim.

### III. Defendants Have Not Fulfilled Their Burden to Prove That Deliberative Process Privilege Applies to the Withheld Documents and Information and Their Use of The Privilege is Overbroad.

As discussed in the Motion, "the burden is on the agency to correlate, with reasonable specificity, materials within a document with applicable exemptions." *City of Virginia Beach v. United States Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993). "Defendants must make a

specific showing establishing the application of a privilege for each document that it contends that it may withhold based on privilege." *Tafas v. Dudas*, 530 F.Supp.2d 786, 800 (E.D. Va. 2008).

Defendants have not presented specific facts with respect to each document sufficient for the Court to determine applicability of the privilege. *See Rein v. PTO*, 553 F.3d 353, 368 (4th Cir. 2009). Defendants have provided a privilege log containing conclusory assertions as to privilege, which are insufficient to establish privilege. *Harrison v. Shanahan*, No. 1:18-cv-641, 2019 US. Dist. LEXIS 86589 at *12-13 (E.D. Va. May 22, 2019) ("Indeed, although the word 'deliberative' is inserted at the beginning of almost every entry, many entries seem to describe documents that are factual or otherwise nondeliberative in nature.").

Examples of vague, insufficient descriptions include:

- "Untitled draft document. Document discusses various issues and suggestions relating to the Private Well Testing Act. Pre-decisional and deliberative because the document is a draft in non-final form subject to further review and revision." *In re Methyl Tertiary Butyl Ether "MTBE" Prods. Liab. Litig.*, 898 F. Supp.2d 584, 592 (S.D.N.Y. 2012).
- "August 1990 draft New Cumberland Army Depot Remedial Investigation/Feasibility Study of the AMSCS." *Redland Soccer Club*, 55 F.3d at 855.

Defendants' contention that Plaintiffs have waived their argument with respect to any documents on their privilege log that they did not describe in their motion is spurious. Plaintiffs presented *examples* of the numerous log entries, all of which suffered from the same kinds of deficiencies. *See Watkins Law & Advocacy, PLLC. V. U.S.*, 78 F.4th 436, 451 (D.C. Cir. 2023). Although Defendants cite *Sellers v. Wesley Med. Ctr. LLC*, No. 11-1340, 2012 U.S. Dist. LEXIS 155692, at *16-17 (D. Kan. Oct. 31, 2012) for this argument, that case is inapposite because the plaintiffs' motion contained "**no** discussion of the other types of documents." Moreover, it is Defendants' burden to prove the privilege applies, not Plaintiffs burden to prove that it does not.

8

Defendants do not hold themselves to their own standard, even though, unlike Plaintiffs, they have possession of, and therefore the ability to, detail their arguments on a document-by-document basis:. Declarant Cammie Chapman sweeps 467 documents into eight general categories, based only on her review of "**some** of them" and a briefing by counsel on the "**types** of documents" included in the May 10, 2024 privilege log, ECF No. 517-3, Chapman Decl. ¶ 3 (emphasis added). Declarant J. Berkeley Bentley claims privilege over 1,495 documents in three general categories, based only on his review of "**some**" documents and a briefing by counsel on the "**types** of documents" included in the May 8, 2024 privilege log. ECF No. 517-4, Bentley Decl. ¶ 4 (emphasis added).

Defendants' privilege logs are both inadequate and overbroad. Several items listed contain descriptions so vague that it is impossible for the Court to determine whether the withheld documents meet the necessary standards.[2] Several other listed documents, whose descriptions may or may not provide specific facts, simply do not fall under the deliberative process privilege.

Plaintiffs are not required to list every entry individually; however, they provide the below descriptions from Defendants' privilege log (in addition to those listed in Plaintiffs' motion) as examples of insufficient detail:

- "Attached to or family member of a document that was manually tagged as privileged." ECF No. 501-7 at 6 (description repeated four times on this page).
- "Internal, pre-decisional deliberations regarding draft proposed juvenile competency bill." ECF No. 501-8 at 2.

"[T]he fact that something is a draft does not eliminate the City's obligation to specify the particular policy or decision to which the document relates." *In re Methyl*, 898 F. Supp. 2d at 592

---

[2] The Court may order an in camera review of every document for which Defendants have provided an inadequate description so that the Court may determine applicability of the privilege. *See, e.g., Harrison*, 2019 U.S. Dist. LEXIS 86589 at 22.

Furthermore, Defendants "fail[] to include information about the draft documents 'such as their function and significance in the agency's decision making process,' which is necessary to justify the assertion of the deliberative process privilege." *Id.*

- "Internal pre-decisional deliberation related to policy development." ECF No. 501-8 at 14.

This description is insufficient because it does not provide a specific decision facing the agency. *See In re Methyl*, F.Supp.2d at 590.

- "Meeting minutes of governing council reflecting internal, deliberation related to foster care program." ECF No. 501-7 at 26.

This description does not indicate whether the meeting was pre-decisional or post-decisional.

Defendants have also withheld documents which are not permitted under the deliberative process privilege. A sampling is listed below:

- "Internal, pre-decisional deliberation related to draft public response related to foster care." ECF No. 501-7 at 51.

Drafts of press releases are not privileged. "Deliberations on how to present information to the public are only 'materials related to the explanation, interpretation or application of an existing policy, as opposed to the formulation of a new policy.'" *In re Methyl*, F. Supp. 2d at 592.

- A document named "Agenda 10-5-18.pdf." ECF No. 501-7 at 26.

In addition to containing the meaningless description "attached to or family member of a document that was manually tagged as privileged," agendas "are not protected by the deliberative process privilege, as they only list topics to be discussed at a future time." *In re Methyl*, F. Supp. 2d at 592.

Defendants cannot meet their burden through use of vague, uninformative descriptions and improper claims of privilege. Thus, Defendants should not be permitted to withhold documents nor prevent answers at depositions by asserting deliberative process privilege.

## IV. Plaintiffs' Motion to Compel is Timely

### A. Local Rule 37.1 Does not Apply, but in the Alternative, Plaintiffs' Motion is Timely Under This Rule

As a threshold matter, Defendants admit that the Motion is timely with respect to the hundreds of documents listed in Defendants' May 2024 privilege logs that were not also listed on Defendants' prior privilege logs. ECF No. 517 at 6. But Defendants argue that Local Rule of Civil Procedure 37.1 prevents Plaintiffs from obtaining relief as to deposition testimony that Defendants prevented during the deposition of Jeremiah Samples. However, Rule 37.1 is simply inapplicable. The true purpose of Rule 37.1 is to set a deadline for a party to compel as a result of a lack of discovery. It applies to motions to compel for lack of response or incomplete response to written discovery requests. *E.g.*, *Mills v. East Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 134 (S.D. W. Va. 2009); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 526 (S.D. W. Va. 2007);*Ricketts v. NV5, LLC.*, No. 2:21-cv-00056, 2022 U.S. Dist. LEXIS 48569 (S.D. W.Va. March 17, 2022); *Sanitary Bd. Of the City of Charleston v. Colonial Sur. Co.*, No. 2:18-CV-01100, 2020 U.S. Dist. LEXIS 74497 (S.D. W. Va. April 28, 2020). A lack of discovery is immediately obvious, so it is logical to require a motion to compel the missing discovery within 30 days.

Plaintiffs have only located one case in the Southern District of West Virginia which applies Rule 37.1 to a motion concerning discovery withheld due to privilege. *See Foster v. EPA*, No. 2:14-16744, 2016 U.S. Dist. LEXIS 152423 at *7-8 (S.D. W.Va. Nov. 3, 2016). According to *Foster*, where a party continues to supplement their document production and privilege log, a motion to compel the privileged documents is timely as of the last privilege log submission. This makes sense because the moving party cannot draft a comprehensive motion until a party turns over <u>all</u> privilege logs and/or makes their objections at all depositions concerning the information.

11

The historical background of Defendants' privilege claims is illustrative. Defendants argue that they initially provided a privilege log to Plaintiffs in 2020. ECF No. 517 at 4. However, the Court initially dismissed this case in July of 2020 (ECF No. 258), and there was no further discovery in this case until June of 2023. ECF No. 329. On January 10, 2024, Defendants produced their first privilege log of the renewed discovery process. Lowry Decl. ¶2.[3] It was only at this point that Plaintiffs became aware that Defendants planned to use Technology Assisted Review ("TAR") to identify and then withhold significant numbers of documents on the basis of privilege—meaning that no attorney would have reviewed the document to make a judgement on whether privilege applied. *Id.* ¶5. As Plaintiffs understand it, TAR applies an algorithm to a small subset of documents reviewed by attorneys and marked for deliberative process privilege to determine which among the thousands of relevant documents Defendants would otherwise produce could be withheld on the basis of the deliberative process privilege. *Id.* Defendants planned to withhold all documents that the TAR identified. *Id.* One day after receiving their deliberative process privilege log, on January 11, 2024, Plaintiffs reached out to Defendants to object. Ex. 2. The parties immediately began to engage in negotiations over several months regarding whether Defendants could use TAR for the purpose of privilege. Ex. 3 (emails between counsel from January 2024 to April 2024). Ultimately, Plaintiffs determined that given the unreliability of TAR and given the Federal Rules, Defendants should review all documents withheld under the deliberative process privilege. *Id.* They alerted Defendants to this position on April 25, 2024. *Id.*

As discussed in the Motion, during the deposition of Jeremiah Samples, Defendants objected to one of the exhibits offered as covered by the deliberative process privilege. On the same day as the deposition, counsel for Defendants sent an email to Plaintiffs asking to claw back

---

[3] All Exhibits are to the Declaration of Marcia Lowry dated June 13, 2024 ("Decl.").

12

that document. ECF No. 501-4. On April 22, 2024, Plaintiffs emailed Defendants, stating that they disagreed with Defendants' request to claw back the document and that the Deliberative Process Privilege did not and/or should not apply in this action. *Id.* Defendants responded that they disagreed with Plaintiffs that deliberative process privilege did not apply and asked for a meet and confer. *Id.* The parties agreed to meet and confer on April 29, 2024. *Id.* Under the Amended Order Governing Inadvertent Disclosure of Documents or Other Material Under Rule 502(b), had Plaintiffs refused to return the document, Defendants would be required to move for a protective order. ECF No. 387(I)(C)(3). This motion practice would likely have resolved the issue of whether deliberative process privilege applied in this case. On April 29, 2024, counsel for Defendants emailed Plaintiffs to ask whether Plaintiffs would agree not to argue that Defendants waived privilege if they forwent moving for a protective order on the Samples Exhibit. Ex. 4. Plaintiffs agreed in an email dated May 2, 2024. However, Plaintiffs informed Defendants that they continued to disagree that the deliberative process privilege applied and would be moving to compel discovery that Defendants prevented them from taking during the deposition of Jeremiah Samples. *Id.* While Plaintiffs were drafting the Motion, Defendants produced two updated privilege logs on May 9 and 10, 2024, which included documents withheld on the basis of deliberative process privilege. ECF No. 501-7; ECF No. 501-8. Plaintiffs then diligently reviewed the privilege logs and the case law in order to update their motion to encompass all withheld discovery. Defendants were aware throughout this period that Plaintiffs objected to the application of deliberative process privilege.

Plaintiffs could not have brought this Motion until they received updated privilege logs on May 9 and 10. Further, to date Defendants have not reviewed all of the documents they produced and may argue that other documents in their production (which now totals almost 700,000

13

documents) are covered by deliberative process privilege. ECF No. 501 at 5. For these reasons, Defendants also are not prejudiced by the timing of the Motion, because it has only now become ripe. *See Foster*, 2016 U.S. Dist. LEXIS 152423 at *8 (holding that plaintiffs' motion to compel allegedly privileged documents did not prejudice defendants and was timely because the court had reopened discovery and because Defendants filed an additional privilege log after Plaintiffs filed their motion).

    B.  <u>In the alternative, if Plaintiffs' Motion is untimely, good cause exists for any delay</u>

  The Court has "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). The 30-day deadline in Local Rule 37.1 contains a 'good cause' exception specifically to allow the Court "discretion to examine the circumstances surrounding an untimely motion to compel in order 'to avoid what may constitute overly 'technical' applications of the Rule.'" *Baxley v. Jividen*, No. 3:18-cv-01526, 2020 U.S. Dist. LEXIS 132472 at * 13 (S.D. W. Va. July 27, 2020) (internal citations omitted). Courts in the Southern District of West Virginia have routinely found good cause for untimely motions to compel where the parties were actively attempting to resolve discovery disputes prior to filing. *E.g., Elkins v. Monumental Life Ins. Co.*, No. 2:08-cv-01403, 2009 U.S. Dist. LEXIS 149408 at *3 (S.D. W.Va. Aug. 13, 2009). Defendants' case law is inapposite because the parties in that case did not make genuine efforts to confer in person or by telephone prior to filing motions. *Ricketts*, 2022 U.S. Dist. LEXIS 48569 at *10-11 (denying motion without prejudice because among other reasons plaintiff did not fulfill duty to confer); *Sanitary Bd. of the City of Charleston*, 2020 U.S. Dist. LEXIS 74497 at *4-5 (same).

  Lastly, granting Plaintiffs' Motion is unlikely to require any amendment to the current scheduling order. While there is a possibility that Plaintiffs may need to request an extension of

discovery deadlines in order to depose other witnesses, those depositions will be brief and limited to any questions which Defendants refused to answer. And, in any event, the parties' summary judgment briefing does not close until August 5, 2024 and trial is not until November 5, 2024. ECF No. 491. Thus, this motion will not delay trial. Defendants' citation to *U.S. Tobacco Coop., Inc. v. Big S. Wholesale of Va., LLC* is inapposite because relief was denied in part due to the motion delaying trial.. No. 5:13-cv-00527, 2016 U.S. Dist. LEXIS 71433 at *7-8 (E.D.N.C. Jun. 1, 2016).

Because Defendants have continued to produce new privilege logs, Plaintiffs have made continual efforts to resolve these disputes without court intervention, and because granting the requested relief will not delay trial, the Court should find that Plaintiffs have demonstrated good cause for any delay in filing their Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendants to produce the requested discovery withheld on the basis of deliberative process privilege by no later than June 21, 2024 and overrule Defendants' objections to questions regarding this information in Jeremiah Samples' deposition and any other depositions in which they assert the deliberative process privilege to block testimony.

Dated: June 13, 2024

                                                                                                              Respectfully submitted,

                                                             /s/ *Marcia Robinson Lowry*_____
                                                             Marcia R. Lowry, *admitted pro hac vice*
                                                             Julia Tebor, *admitted pro hac vice*
                                                             Laura Welikson, *admitted pro hac vice*
                                                             A Better Childhood
                                                             355 Lexington Avenue, Floor 16
                                                             New York, NY 10017
                                                             Tel.: (646) 795-4456
                                                             Fax: (212) 692-0415

mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
lwelikson@abetterchildhood.org

*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 244-8716
Fax: (304) 344-1481

*/s/ Michael Folio*
Disability Rights of West Virginia
Michael Folio, WVSB #6314
mfolio@drofwv.org
5088 Washington St. W., Suite 300
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687