# Exhibit 3

Friday, June 7, 2024 at 20:44:28 Eastern Daylight Time

| | |
|---|---|
| **Subject:** | RE: Follow-up on M&C |
| **Date:** | Friday, April 26, 2024 at 12:44:08 PM Eastern Daylight Time |
| **From:** | Philip Peisch |
| **To:** | Julia Tebor, Julia Siegenberg, Rich Walters, Alex Meade, John Mazezka, Marcia Lowry, Laura Welikson, Lindsay Gus, Erin Suh |
| **CC:** | Caroline Brown, Rebecca Wolfe, Steven R. Compton, Trevor Rhodes |
| **Attachments:** | image043.png, image044.jpg, image045.png, image046.png, image047.png, image048.png, image049.png, image050.jpg, image051.png, image052.png, image053.png, image054.png, image055.png, image056.jpg, image057.png, image058.png, image059.png, image060.png, image061.png, image062.jpg, image063.png, image064.png, image065.png, image066.png, image067.png, image068.jpg, image069.png, image070.png, image071.png, image072.png, image073.png, image074.jpg, image075.png, image076.png, image077.png, image078.png, image079.png, image080.jpg, image081.png, image082.png, image083.png, image084.png, image085.png |

Julia – We are disappointed in Plaintiffs' position, particularly given the long delay in Plaintiffs taking that position after Plaintiffs knew Defendants were using TAR and lawyers' names to withhold documents. The manual review that Plaintiffs are insisting on will be costly and burdensome for Defendants and is highly unlikely to produce non-privileged information relevant to Plaintiffs' claims. Nevertheless, to avoid briefing this issue, Defendants will conduct the manual review, and produce any documents determined non-privileged on a rolling basis, with the goal of concluding any productions within 60 days.

Phil

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Thursday, April 25, 2024 2:45 PM
**To:** Philip Peisch <Ppeisch@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Erin Suh <esuh@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>; Trevor Rhodes <trhodes@brownandpeisch.com>
**Subject:** Re: Follow-up on M&C

Phil,

Plaintiffs learned of Defendants' use of TAR and search terms as a basis to withhold potentially privileged documents without review after Defendants sent their initial privilege log on January 10, 2024. Plaintiffs objected to Defendants not reviewing the documents withheld for privilege the *next day*. *See* January 11, 2024 email. Plaintiffs did agree to meet with Defendants to discuss the use of TAR/Search terms and asked for additional information to see if they could come to a compromise. Plaintiffs never agreed to allow Defendants to withhold documents for privilege solely based on TAR or search terms. Plaintiffs continue to see no prejudice where Defendants must only do what was required of them from the start and what is required under the federal rules.

Plaintiffs cannot agree to the compromise position laid out below. As you know, even if a document includes outside counsel's name as a search term, this does not mean that the document is necessarily privileged. Without a review of the documents, it is impossible for Defendants to know whether the document should be withheld or produced. Please let us know if Defendants will perform that review.

Thanks,

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



**Stay Connected:**

   

This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Philip Peisch <Ppeisch@brownandpeisch.com>
**Date:** Wednesday, April 24, 2024 at 2:19 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Julia Siegenberg <jsiegenberg@brownandpeisch.com>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Erin Suh <esuh@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>, Trevor Rhodes <trhodes@brownandpeisch.com>
**Subject:** RE: Follow-up on M&C

Julia – While the written record may not be as clear as we would hope re: Plaintiffs' position on TAR back in the Fall, Plaintiffs do not dispute that they have known since at least January that Defendants were using TAR to identify and withhold documents based on A/C privilege and work product, and it certainly prejudices Defendants for Plaintiffs to have waited over three months to object to it.

In any event, **are Plaintiffs rejecting the compromise Defendants proposed last week?** Specifically, we proposed the following compromise, which would only allow Defendants to rely on TAR only for documents with attorneys' names on them:

1. Plaintiffs and Defendants will agree, for ESI withheld based on TAR only:
    A. Defendants will manually review all e-mails (and all attachments to those emails) that do not have attorneys' names or emails in the to/from/cc or in the body of the email. (1,883 e-mails plus approximately 9k family members). Defendants will produce any responsive documents that are determined not to be privileged based on this manual review.
    B. Defendants will <u>not</u> manually review, and will continue to withhold, any e-mails (or attachments to those emails) that have attorneys' names or emails in the to/from/cc or in the body of the email. Defendants may continue to withhold these documents based on TAR only.
2. Defendants will manually review all e-mails (and all attachments to those emails) withheld only on the basis that they contain the following two search terms: "ABC and (lawsuit OR suit OR case OR litigation)" and "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)". Defendants will produce any responsive documents that are determined not to be privileged based on this manual review.
3. Plaintiffs will agree Defendants do not need to manually review any e-mails (or attachments to those emails) with the "lawyers' names search terms,"* except for those specified in #2. As explained to Plaintiffs by e-mail on January 26, 2024, the remainder of the search terms are based on lawyers' names.
4. Other than as set out in #1(a) and #2, Plaintiffs agree that Defendants can use TAR and search terms as a basis for withholding documents based on A/C privilege or Attorney Work Product doctrine as set out in Defendants' letters to Plaintiffs on January 19, January 26, and February 21.
5. Defendants will produce any responsive documents identified as non-privileged based on the manual review set out in #1(a) or #2 on a rolling basis, and will complete this production within 60 days of Plaintiffs agreeing to this compromise.

**If Plaintiffs are rejecting this compromise, do Plaintiffs agree that Defendants at least can withhold e-mails (and their attachments) with the "lawyers' names search terms"\* without any manual review, except for the two search terms mentioned in #2 above ("ABC and (lawsuit OR suit OR case OR litigation)" and "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)")?**

* "Lawyers' names search terms" refers to list of search terms Defendants provided to Plaintiffs by e-mail on January 26, 2024, which are the following:
1. Name (including first name /2 or 3 of last name) or email of: outside counsel and outside counsel law firms (outside counsel on any matter for DoHS); Governor's counsel; or Steve Compton
2. "Siegenberg" or "Seigenberg"
3. "Peisch" or "Piesch"
4. "ABC and (lawsuit OR suit OR case OR litigation)"
5. "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)"

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Wednesday, April 24, 2024 1:29 PM
**To:** Philip Peisch <Ppeisch@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Erin Suh <esuh@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>; Trevor

Rhodes <trhodes@brownandpeisch.com>
**Subject:** Re: Follow-up on M&C

Phil,

I'm glad you made it home (even if you had to sprint through the airport). I unfortunately missed all connecting flights, so I spent the night in Charlotte. I made it home early on Friday. Hopefully, we will have better luck next time.

With respect to your email below and to Plaintiffs' agreement in the October 13 letter to use TAR, this letter was in response to Defendants' October 6, 2023 letter which stated as follows:

*To facilitate such an expansive production, Defendants will need to use "predictive coding" (sometimes referred to as "technology assisted review" or "TAR"), rather than manually reviewing all documents. This will require Defendants to: (1) stamp the overwhelming majority of ESI produced as "Confidential – Subject to Protective Order," because Defendants will not manually review all documents to determine if they in fact contain personal identifying information subject to the protective order; and (2) amend the clawback order to clarify the use of predictive coding constitutes "reasonable steps to prevent disclosure," such that Defendants can claw back privileged or confidential documents that are inadvertently produced.*

Defendants did not state in the October 6 letter nor did they ever clarify that they planned to withhold documents as privileged without review based on TAR or on search terms.

While Plaintiffs appreciate that Defendants provided additional information on their use of TAR, we continue to believe that this is not an appropriate way to withhold documents based on privilege. Given that there was no agreement by Plaintiffs to allow Defendants to withhold documents solely on the basis of TAR or search terms, we do not believe there is any prejudice to Defendants. Defendants were always expected to review documents for privilege once they withheld them. They should do so now. Please let us know by Friday whether Defendants will agree to do so.

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



**Stay Connected:**



This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Philip Peisch <Ppeisch@brownandpeisch.com>
**Date:** Friday, April 19, 2024 at 4:01 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Julia Siegenberg <jsiegenberg@brownandpeisch.com>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Erin Suh <esuh@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>, Trevor Rhodes <trhodes@brownandpeisch.com>
**Subject:** RE: Follow-up on M&C

Julia – Hope you made it home last night; I barely did (after running what felt like a mile through the airport to barely catch my connecting flight).

With respect to the TAR, Plaintiffs first agreed to Defendants' use of TAR to minimize manual review in Plaintiffs' letter to Defendants' dated October 13, 2023, in exchange for Defendants' agreeing to Plaintiffs' expansive list of search terms and custodians. In that October 13 letter, Plaintiffs did not put any parameters or conditions on Defendants' use of TAR to identify and withhold documents on the basis of DPP, A/C privilege or Attorney Work Product.  In meet-and-confers in January, Defendants agreed to drop their use of TAR for identifying DPP, if Plaintiffs would continue to agree that TAR could be used for A/C privilege and Attorney Work Product purposes.  Plaintiffs verbally indicated that they were amenable to this approach, pending more information on the specifics of the TAR model for A/C privilege and work produce doctrine.  Accordingly, Defendants dropped their use of TAR for identifying documents protected by DPP, and  Defendants' provided additional information to Plaintiffs about how the TAR model for A/C privilege and Attorney Work Product by letters or emails dated January 19, January 26, and February 21.  Plaintiffs did not raise any issues with Defendants' TAR model (e.g., the recall score, the precision score), and Defendants subsequently produced a voluminous number of documents to Plaintiffs using the TAR model without manually reviewing documents for privilege.  In so doing, Defendants bore the risk of using TAR, *i.e.*, the risk that some privileged documents would inadvertently be produced because TAR is not perfect.  After reaping the benefit of Defendants' use of TAR (i.e., faster productions of huge volumes of ESI), Plaintiffs are now taking the position that Defendant cannot use TAR as the basis for identifying and withholding A/C privilege or Attorney Work Product materials.

Plaintiffs' change-of-heart at this stage of the case seriously prejudices Defendants.  Defendants agreed to Plaintiffs' broad search terms and custodians based on Plaintiffs' agreement that Defendants could use TAR; Defendants have invested significant time and resources in developing the TAR model; and Defendants have already borne the risk of relying on TAR in producing documents, based on Plaintiffs' agreement to the use of TAR.

Nevertheless, Defendants are willing to compromise to avoid the expense of briefing a discovery dispute.  Specifically, Defendants' propose the following compromise:

1. Plaintiffs and Defendants will agree, for ESI withheld based on TAR only:
    1. Defendants will manually review all e-mails (and all attachments to those emails) that do not have attorneys' names or emails in the to/from/cc or in the body of the email.  (1,883 e-mails plus approximately 9k family members).  Defendants will produce any responsive documents that are determined not to be privileged based on this manual review.
    2. Defendants will not manually review, and will continue to withhold, any e-mails (or attachments to those emails) that have attorneys' names or emails in the to/from/cc or in the body of the email.  Defendants may continue to withhold these documents based on TAR only.
2. Defendants will manually review all e-mails (and all attachments to those emails) withheld only on the basis that they contain the following two search terms: "ABC and (lawsuit OR suit OR case OR litigation)" and "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)".  Defendants will produce any responsive documents that are determined not to be privileged based on this manual review.
3. Plaintiffs will agree Defendants do not need to manually review any e-mails (or attachments to those emails) with the "lawyers' names search terms,"* except for those specified in #2.  As explained to Plaintiffs by e-mail on January 26, 2024, the remainder of the search terms are based on lawyers' names.
4. Other than as set out in #1(a) and #2, Plaintiffs agree that Defendants can use TAR and search terms as a basis for withholding documents based on A/C privilege or Attorney Work Product doctrine as set out in Defendants' letters to Plaintiffs on January 19, January 26, and February 21.
5. Defendants will produce any responsive documents identified as non-privileged based on the manual review set out in #1(a) or #2 on a rolling basis, and will complete this production within 60 days of Plaintiffs agreeing to this compromise.

Finally, please note that Plaintiffs' count of documents withheld based on TAR with "any counsel on them at all" are different than the numbers that we have, and Plaintiffs' counsel does not appear to include e-mails that did not have a lawyer in the to/from/cc, but did have a lawyer in the body of the e-mail (e.g., in the to or from lines in a forwarded email, such as when someone forwards advice from a lawyer to another person).  Below are the total numbers that Defendants have regarding e-mails and attachments withheld based on A/C privilege:

|  | Total e-mails (not including attachments) | Total attachments (not including emails) | E-mails (not including attachments) with lawyers to/from/cc'd | E-mails (not including attachments) with lawyers names or emails in the body of the e-mail | E-mails (not including attachments) without lawyers to/from/cc'd and without lawyers names or emails in the body of the e-mail |
| --- | --- | --- | --- | --- | --- |
| Total ESI withheld and logged based on A/C or work product (whether based on TAR, search terms, or manual review) | 17,236 | 32,163 | | | |
| ESI withheld and logged based on A/C or work product using TAR only | 7,788 | 12,331 | 4,503 | 5,905 | 1,883 |
| ESI withheld and logged based on A/C or work product using lawyers' names search terms* only | 4,012 | 14,083 | 881 | 1,549 | 2,463 |
| ESI withheld and logged based on A/C or work product based on manual review | 5,436 | 5,749 | 3,457 | 4,481 | 955 |

* "Lawyers' names search terms" refers to list of search terms Defendants provided to Plaintiffs by e-mail on January 26, 2024, which are the following:
1. Name (including first name /2 or 3 of last name) or email of: outside counsel and outside counsel law firms (outside counsel on any matter for DoHS); Governor's counsel; or Steve Compton
2. "Siegenberg" or "Seigenberg"
3. "Peisch" or "Piesch"
4. "ABC and (lawsuit OR suit OR case OR litigation)"
5. "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)"

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Thursday, April 11, 2024 3:12 PM
**To:** Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Philip Peisch <Ppeisch@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Erin Suh <esuh@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>; Trevor Rhodes <trhodes@brownandpeisch.com>
**Subject:** Re: Follow-up on M&C

Julia,

We have used the list provided of in-house counsel, Attorneys General, and outside counsel to review the privilege log produced on March 4, 2024. We note that of the documents listed on the privilege log, only approximately 12,346 documents appear to be .msg email documents and the remainder of the documents appear to be attachments or freestanding documents. Of the approximately 12,346 emails, only approximately 5,161 have any counsel on them at all. Thus, less than half the email .msg documents on the privilege log appear to have attorneys in the sender, recipient or carbon copy line.

Thus, Plaintiffs do not believe that the TAR that Defendants have used to withhold documents on the basis of privilege is accurate or functional. Moreover, with regard to the search terms used, that a document has "ABC" and "lawsuit" does not make it privileged. As Plaintiffs have previously alerted Defendants, including in an email on January 11, 2024, Plaintiffs continue to maintain that Defendants have an obligation to manually review privileged email to determine if those emails are, in fact, privileged. While we have engaged in extensive negotiations with Defendants to see if there was any way to compromise on this position, we do not think there is any way to adequately determine privilege without this manual review.

Plaintiffs request that Defendants review those documents on their privilege log to understand whether the documents are, in fact, privileged and to update their productions and their privilege log accordingly.  Please let us know when Defendants will be able to do so. Should Defendants refuse to do so, Plaintiffs plan to move to compel the review and production of documents withheld, including those withheld for deliberative process privilege.

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



Stay Connected:

   

This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Julia Siegenberg <jsiegenberg@brownandpeisch.com>
**Date:** Wednesday, March 27, 2024 at 11:05 AM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Philip Peisch <Ppeisch@brownandpeisch.com>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Jonathan Borle <jborle@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>, Trevor Rhodes <trhodes@brownandpeisch.com>
**Subject:** RE: Follow-up on M&C

Hi Julia,

Plaintiffs asked several questions about Defendants' March 4 privilege log. We believe the following information clarifies the contents of this privilege log and how it addresses Plaintiffs' request for information regarding ESI withheld based on attorney client privilege.

The March 4 privilege log shows emails and attachments withheld for the following reasons:
1. Name or e-mail address of outside counsel (see 4.a. in Defendants' January 26 e-mail)
2. Specified search terms (see 4.b. in Defendants' January 26 e-mail)
3. TAR

Defendants provided an additional privilege log on March 15, 2024, which shows emails and attachments withheld based on manual review.

The discrepancy between entries with outside counsel on the March 4 privilege log, and the number of documents not produced with search terms outlined in our February 20 e-mail is because there are several categories of documents included in the numbers provided in our February 20 e-mail that were not included in Defendants' March 4 privilege log. Specifically, Defendants only logged documents on their privilege log that were predicted responsive, whereas the numbers provided in the February 20 e-mail reflects all documents with the specified attorney client privilege search terms, regardless of responsiveness.

Defendants' March 4 privilege log notes if a document was predicted privileged and withheld based on the application of TAR, regardless of if the document also could be withheld based on the appearance of outside counsel (see 4.a. in Defendants' January 26 e-mail) or specified search terms (see 4.b. in Defendants' January 26 e-mail). Plaintiffs can use the attached list of outside counsel to identify which e-mails are withheld based on TAR, and also could be withheld based on the appearance of outside counsel.

Attached is a list of in-house counsel and outside counsel Plaintiffs can use to identify which emails have no attorneys and which emails have only in-house attorneys.

Thank you,

**JULIA M. SIEGENBERG**
**O:** 202.747.5211 | **C:** 617.755.7331
jsiegenberg@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Friday, March 15, 2024 2:28 PM
**To:** Philip Peisch <Ppeisch@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Jonathan Borle <jborle@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>
**Subject:** Re: Follow-up on M&C

Phil,

On March 4, Defendants sent their updated privilege log. The privilege log contains 47,861 entries. Of those entries, only 9,469 entries appear to note the presence of outside counsel and only 5,342 entries appear to note the presence of the Attorney General's office. These numbers appear to be lower than the numbers withheld based on search terms below. Could you please clarify the reason for that discrepancy, and whether these entries are based on the use of search terms or on the use of TAR or both.

Further, your email below from February 22 states that "this privilege log will show (1) the # of emails and attachments withheld on which only in-house counsel and no other attorneys are copied for TAR and manual review; and (2) the # of emails and attachments withheld on which no attorneys are copied for TAR and manual review." We cannot, however, determine whether the documents noting the presence of outside counsel are the only the documents withheld on the basis of the search terms as discussed below in Section 4(b) or whether the documents noting the presence of outside counsel were also withheld on the basis of the use of TAR. In any event, the privilege log still does not appear to show which emails have no attorneys and which have only in-house counsel. If that is incorrect, please let us know how we can determine that information.

Thank you,

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



**Stay Connected:**



This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Philip Peisch <Ppeisch@brownandpeisch.com>
**Date:** Friday, February 23, 2024 at 2:40 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Jonathan Borle <jborle@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Julia Siegenberg <jsiegenberg@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>
**Subject:** RE: Follow-up on M&C

Julia – The miscommunication was as follows:

- In the January 26 e-mail, Defendants summarized their understanding of what Plaintiffs were seeking in the January 22 meet and confer.  Specifically, Defendants wrote: "Plaintiffs have also requested the number of documents described in #4, broken down by in-house counsel, outside counsel, AG attorneys/staff, and no attorneys (i.e., withheld based only based on the search terms in 4(b)).  We are working on putting that information together and we will provide it to Plaintiffs' counsel when it is complete, which we hope will be in the next 10 days."  The "documents described in #4" referred to the following:
    4.   . . . Defendants withheld all documents (and did not apply TAR) that included any of the following:
        a.   Name (including first name /2 or 3 of last name) or email of:
            i.   Outside counsel and outside counsel law firms (outside counsel on any matter for DoHS)
            ii.  Governor's counsel
            iii. Steve Compton
        b.   The following search terms: "Siegenberg"; "Seigenberg"; "Peisch"; "Piesch"; "ABC and (lawsuit OR suit OR case OR litigation)"; "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)"
- Plaintiffs did not respond correcting or clarifying Defendants' January 26 summary of what Plaintiffs were seeking.
- On February 7, 12 days after Defendants sent the January 26 email, Plaintiffs sent an email asking for a status update, since Defendants had not provided those numbers within the 10-day timeline that was Defendants goal.  In that email, Plaintiffs "clarified" that they were seeking, "for all documents withheld for attorney-client or work product privilege: (1) the number of documents withheld on which no lawyer is copied; and (2) the number of documents withheld on which each of the various categories of attorneys (in-house, outside counsel, etc.) are copied."
- **There is a discrepancy – i.e., the miscommunication – between what Defendants said they would provide in the January 26 email (which is what Defendants thought Plaintiffs were requesting in the January 22 meet-and-confer) and what Plaintiffs requested in the February 7 e-mail**.

In any event, because Defendants modified and improved the TAR model, and produced thousands of previously withheld documents on February 21, it would have been impossible for Defendants to get Plaintiffs the numbers Plaintiffs sought in their February 7 email prior to February 21.  Further, in our view, 15 days after completing a production is a very quick turnaround to provide a privilege log (or to provide numbers of withheld documents in certain categories).  In our experience, privilege logs are frequently not completed until 30 or 60 days after the production.

Phil


**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Friday, February 23, 2024 8:58 AM

**To:** Philip Peisch <Ppeisch@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Jonathan Borle <jborle@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>
**Subject:** Re: Follow-up on M&C

Phil,

You state that there was a "miscommunication," but do not state what the miscommunication was. We have been asking since at least our January 22 call for information regarding the number of emails withheld that have no attorneys on them and those withheld that have only in-house counsel copied. We still have not received that information for either the documents withheld based on search terms or based on the TAR review.

Plaintiffs should not have to wait another two weeks for a privilege log, especially where they expect that they will need to review the log entry by entry in order to understand which documents fall into the two categories.

Plaintiffs do not wish to move to compel on this issue and think that the parties can reach a resolution but are frustrated by the delay in a response on this issue. Please let us know when you will be able to get us the requested information.

Thanks,

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



**Stay Connected:**



This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Philip Peisch <Ppeisch@brownandpeisch.com>
**Date:** Thursday, February 22, 2024 at 12:54 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Jonathan Borle <jborle@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Julia Siegenberg <jsiegenberg@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>
**Subject:** RE: Follow-up on M&C

Julia – Sorry, it looks like there was a miscommunication about the numbers Plaintiffs are looking for. It appears from the email exchange below that there was a difference between what I told you on January 26 that Defendants would be providing and what you requested on February 7, and I did not notice that difference until your email yesterday. In any event, because yesterday we produced thousands more of previously withheld emails based on the updated TAR model, anything we gave you prior to yesterday about numbers of documents withheld based on TAR only would have been irrelevant once yesterday's production was complete.

Within two weeks, Defendants will provide an updated privilege log (updated for all ESI withheld through productions made as of yesterday, February 21), which will list all documents withheld based on solely on TAR. This privilege log will show (1) the # of emails and attachments withheld on which only in-house counsel and no other attorneys are copied for TAR and manual review; and (2) the # of emails and attachments withheld on which no attorneys are copied for TAR and manual review.

Also related to TAR, it occurred to me recently that I do not believe Plaintiffs have ever asked Defendants for scores, data, or other information about Defendants' TAR models for responsiveness. Nevertheless, in the interest of full transparency, we want to provide that information to you: Defendants did two separate responsiveness models, one for the set of emails through Sept. 2023 and the second for the remaining set of emails through Nov. 2023. For both sets we used a cutoff of 35, meaning we produced everything that had a score higher than 35 and withheld everything with a score of 35 or lower (without manual review). For the first TAR model for the first set of documents produced, the precision score is 29% and the recall score is 96.3%. For the second TAR model for the second set of documents produced, the precision score is 47% and the recall score is 80%. A 29% precision score is relatively low, but we wanted to err on the side of disclosure and production (in this context, a low precision scores means that a higher percentage of non-responsive documents are in fact produced).

Phil

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Wednesday, February 21, 2024 5:03 PM
**To:** Philip Peisch <Ppeisch@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Jonathan Borle <jborle@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>
**Subject:** Re: Follow-up on M&C

Phil,

We appreciate your efforts to make improvements to the TAR model. However, we are still unable to understand from the information provided below: (1) how many emails are withheld on which only in-house counsel and no other attorneys are copied; and (2) how many emails are withheld on which no attorneys are copied in connection with both the TAR and manual review. This is the information that we requested during our January 22 call and again in the emails below and which we still have not received. Please provide this information to us by tomorrow so that we can understand the scope of the documents withheld and so that we can facilitate an agreement.

Again, we believe that there can be an agreement reached with respect to the use of TAR for at least some of the documents held on the basis of attorney-client and work product privilege and with the manual review of all documents withheld in connection with the deliberative process privilege. Plaintiffs again request that Defendants start reviewing the documents withheld on the basis of deliberative process privilege now so that production is not further delayed by the negotiation of the parties.

Thanks,

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



**Stay Connected:**

   

This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately, destroy this email, and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Philip Peisch <Ppeisch@brownandpeisch.com>
**Date:** Wednesday, February 21, 2024 at 8:42 AM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Jonathan Borle <jborle@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Julia Siegenberg <jsiegenberg@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>

**Subject:** RE: Follow-up on M&C

Julia:

As an update, Defendants have manually reviewed additional ESI in order to update and make improvements to our TAR model for withholding documents based on attorney-client privilege or work product doctrine.  Within the TAR population, Defendants took the following steps to "train" Relativity's TAR model, which required the manual review of 19,396 documents, including the following targeted manual reviews:

- "Coverage Review" sets totaling 766 documents.
- "Prioritized Review" sets totaling 793 documents.
- All documents with rank scores between 56 and 64 out of 100, totaling 14,539 documents.
- Defendants manually reviewed "Validation Review" sets of 1,575 documents.

Defendants manually reviewed 3,102 documents as part of other TAR models for responsiveness or deliberative process privilege and coded those documents as privileged/protected or not privileged/protected.

In light of the additional work conducted by Defendants' counsel, we have improved metrics for the TAR model for attorney-client privilege and work product doctrine (for a cutoff score of 60):

- 72.8% recall
- 72% precision

This improved model also results in several thousand ESI documents that were previously predicted as privileged as being predicted non-privileged; we are producing those documents later today or tomorrow.

Please let us know if you have any questions about the foregoing, and please let us know if Plaintiffs are amenable to Defendants using this TAR model as the sole basis for withholding some documents based on attorney-client privilege and work product doctrine.  As we discussed several weeks ago, Defendants may be amenable to not using TAR as the sole basis for withholding documents on DPP (i.e., Defendants would only withhold documents manually reviewed), if Plaintiffs agree to allow Defendants to use the search terms and TAR as the sole basis for withholding documents based on attorney-client privilege and work product doctrine.

Phil

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Philip Peisch
**Sent:** Tuesday, February 20, 2024 12:21 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Jonathan Borle <jborle@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>
**Subject:** RE: Follow-up on M&C

Julia:

As requested, below are the number of documents withheld because they included any of the following search terms (i.e., not based on TAR or manual review, but based on search terms only).  Please note that we did not withhold any documents solely based on names of in-house counsel employed by DoHS (e.g., Cammie Chapman), and there is overlap between these categories of documents (e.g., e-mails sent from Steve Compton to an attorney at Brown & Peisch fall within at least two categories).

| Search Term | Number of Documents (total of both emails and attachments) |
|---|---|
| Name (including first name /2 or 3 of last name) or email of outside counsel and outside counsel law firms (outside counsel on any matter for DoHS) | 25,658 |
| Name (including first name /2 or 3 of last name) or email of Governor's in-house counsel | 2,672 |
| Name (including first name /2 or 3 of last name) or email of Steve Compton | 11,269 |
| "Siegenberg"; "Seigenberg"; "Peisch"; "Piesch"; "ABC and (lawsuit OR suit OR case OR litigation)"; "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)" | 23,476 |

10 of 13

I believe Plaintiffs now have all the information they need to determine if they will agree to accept Defendants' proposed approach to using TAR and search terms to withhold documents based on attorney-client privilege or work product doctrine. Please let us know whether Plaintiffs are amenable to Defendants' approach or if Plaintiffs have any alternative proposal.

Phil

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Julia Tebor <jtebor@abetterchildhood.org>
**Sent:** Wednesday, February 7, 2024 5:08 PM
**To:** Philip Peisch <Ppeisch@brownandpeisch.com>; Rich Walters <rwalters@shafferlaw.net>; Alex Meade <ameade@shafferlaw.net>; John Mazezka <jmazezka@drofwv.org>; Marcia Lowry <mlowry@abetterchildhood.org>; Laura Welikson <lwelikson@abetterchildhood.org>; Jonathan Borle <jborle@abetterchildhood.org>; Lindsay Gus <lgus@abetterchildhood.org>; Joshua Keller <jkeller@abetterchildhood.org>
**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>; Julia Siegenberg <jsiegenberg@brownandpeisch.com>; Rebecca Wolfe <rwolfe@brownandpeisch.com>; Steven R. Compton <Steven.R.Compton@wvago.gov>
**Subject:** Re: Follow-up on M&C

Counsel,

We write to follow up on the below email. Please let us know when we will receive the requested information since it has been more than 10 days. To clarify, we would like to understand for all documents withheld for attorney-client or work product privilege: (1) the number of documents withheld on which no lawyer is copied; and (2) the number of documents withheld on which each of the various categories of attorneys (in-house, outside counsel, etc.) are copied. We would like to prioritize getting an understanding of the number of documents withheld on which no attorney is copied and on which only in-house counsel is copied.

We believe that the parties can reach an agreement on the privilege log and review, and that this would include a manual review of all documents solely withheld on the basis of the deliberate process privilege. Plaintiffs request that Defendants start reviewing these documents now so that production is not further delayed by the negotiation of the parties.

Thank you,

**Julia Tebor**
Supervising Attorney
A Better Childhood
jtebor@abetterchildhood.org
O: (646) 771-9778



**Stay Connected:**

   

This email and any attachments may contain confidential and privileged information.
If you are not the intended recipient, please notify the sender immediately, destroy
this email, and destroy any copies. Any dissemination or use of this information by
a person other than the intended recipient is unauthorized and may be illegal.

---

**From:** Philip Peisch <Ppeisch@brownandpeisch.com>
**Date:** Friday, January 26, 2024 at 5:08 PM
**To:** Julia Tebor <jtebor@abetterchildhood.org>, Rich Walters <rwalters@shafferlaw.net>, Alex Meade <ameade@shafferlaw.net>, John Mazezka <jmazezka@drofwv.org>, Marcia Lowry <mlowry@abetterchildhood.org>, Laura Welikson <lwelikson@abetterchildhood.org>, Jonathan Borle <jborle@abetterchildhood.org>, Lindsay Gus <lgus@abetterchildhood.org>, Joshua Keller <jkeller@abetterchildhood.org>

**Cc:** Caroline Brown <Cbrown@brownandpeisch.com>, Julia Siegenberg <jsiegenberg@brownandpeisch.com>, Rebecca Wolfe <rwolfe@brownandpeisch.com>, "Steven R. Compton" <Steven.R.Compton@wvago.gov>
**Subject:** Follow-up on M&C

Julia – As a follow-up to our meet and confer on Monday, please see the information below regarding the use of technology assisted review (TAR) and the attached letter about Defendants' process for pulling the sampled case files.

As we discussed on Monday, it is critical to Defendants that the parties agree that Defendants be able to use technology assisted review (TAR) as the sole basis to withhold documents based on attorney-client privilege (ACP) and work product, and Defendants also believe it is appropriate to use TAR as the sole basis for withholding documents based on deliberative process privilege (DPP).  Absent the use of TAR for these purposes, Defendants would need to manually review every document for privilege, which would make the custodians and search terms proposed by Plaintiffs unduly burdensome and not proportional to the needs of the case.

However, Defendants are open to compromise on features and metrics used in the TAR models, and we welcome Plaintiffs' input on that.  For example, one compromise idea floated at our meet-and-confer is that Plaintiffs would agree that Defendants could use TAR as the sole basis to withhold documents based on ACP and work product, but Defendants would agree that Defendants would need to manually review any documents withheld based on DPP.  Please let us know as soon as possible whether Plaintiffs have any compromise proposal for using TAR different than the process and models that Defendants have been using, as laid out in Defendants' letter dated January 19, 2024.

Following up on our conversation on Monday, below is much of the information Plaintiffs requested about Defendants' use of technology assisted review (TAR) to withhold documents based on attorney-client privilege (ACP), work product, and deliberative process privilege (DPP):

1. Relativity defines "elusion rate," "richness," "recall," and "precision" as follows:
    a. Elusion rate – "the percentage of documents coded relevant in the uncoded, low-ranking portion of the sample. The elusion rate results are displayed as a range that applies the margin of error to the sample elusion rate, which is an estimate of the discard pile elusion rate. The rate is rounded to the nearest hundredth of a percent."
    b. Richness – "the percentage of relevant documents across the whole sample. This is calculated by dividing the number of positive-coded documents in the sample by the total number of documents in the sample. This allows us to predict a richness range for the whole project."
    c. Recall – "the percentage of truly positive documents which were found by the Active Learning process. A document has been 'found' if it was previously coded positive, or if it is uncoded with a rank at or above the cutoff. Documents that were predicted negative but coded positive during validation will count against recall."
    d. Precision – "the percentage of found documents which are truly positive. A document has been 'found' if it was previously coded positive, or if it is uncoded with a rank at or above the cutoff. Documents that were predicted positive but coded negative during validation will count against precision."

2. With respect to Defendants ACP/work product TAR model, the elusion rate is 4.69%, richness is 12.7%, recall is 71.87%, and precision is 41.06%.  The similar metrics in the DPP TAR model were not acceptable to Defendants, and thus we will work on improving them if Plaintiffs ultimately agree that Defendants can use TAR to withhold based on DPP.  However, during the meet-and-confer it seemed that the parties may be heading toward some sort of compromise offer whereby Plaintiffs would agree that Defendants could use TAR as the sole basis to withhold documents based on ACP and work product and Defendants would agree not to use TAR for DPP.  In anticipation of a potential compromise along those lines, Defendants are not spending the time/resources to improve the DPP model at this time.

3. Defendants included all e-mails with any of the following in the population to which the ACP/work product TAR model was applied (described on page 1, paragraph #1 in Defendants' January 19, 2024 letter):
    a. Name (including first name /2 or /3 of last name) and email of:
        i. DHHR in-house counsel and paralegals
        ii. AG's office lawyers' and staff
        iii. Plaintiffs' counsel
        iv. ALJs
    b. Names of Named Plaintiffs' Next Friends name (including first name /2 or 3 of last name).
    c. Names (including "Judge" /2 or 3 of last name) of Judge Goodwin, Judge Johnstone, and Judge Eifert.
    d. The following search terms:

| A Better Childhood | A Better Childhood | Ags office | Attorney /5 privilege* | Attorney Client Privilege* (or Attorney-Client Privilege*) | attorney work product | Attorney | [Named Plaintiffs' pseudony |
|---|---|---|---|---|---|---|---|
| consult w/15 (legal OR counsel) i. | Counsel | deb* w/2 weems | defendant* | deposition* OR depose* OR deposing | Disability Rights | Class certification | Confident |
| Lawsuit* | Legal advice | Esq | interrogatory OR interrogatories | Law Firm | Lawsuit | Litigation | Plaintiff* |
| request* for admission* | request* for production | settlement | Substantive Due Process | Sued | Suing | Work Product | WV Attor General's Office |

4. As we described on the last paragraph on page 2 of our January 19, 2024 letter, Defendants withheld all documents (and did not apply TAR) that included any of the following:
   a. Name (including first name /2 or 3 of last name) or email of:
      i. Outside counsel and outside counsel law firms (outside counsel on any matter for DoHS)
      ii. Governor's counsel
      iii. Steve Compton
   b. The following search terms: "Siegenberg"; "Seigenberg"; "Peisch"; "Piesch"; "ABC and (lawsuit OR suit OR case OR litigation)"; "'A Better Childhood' and (lawsuit OR suit OR case OR litigation)"

Plaintiffs have also requested the number of documents described in #4, broken down by in-house counsel, outside counsel, AG attorneys/staff, and no attorneys (i.e., withheld based only based on the search terms in 4(b)). We are working on putting that information together and we will provide it to Plaintiffs' counsel when it is complete, which we hope will be in the next 10 days.

Phil

**PHILIP J. PEISCH**
**O:** 202.499.4261 | **C:** 339.927.6908
ppeisch@brownandpeisch.com | Website | Washington, D.C.



This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.