UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| **Jonathan R., minor by Next Friend Sarah DIXON, *et al.*,** | )<br>)<br>) |
| *Plaintiffs,* | )<br>) Case No. 3:19-cv-00710 |
| **v.** | )<br>) |
| **Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*,** | )<br>)<br>) |
| *Defendants.* | ) |

### PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER TO TAKE THE DEPOSITION OF KIM RICKETTS

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiffs move for good cause to amend the Court's Amended Scheduling Order ("Scheduling Order"), ECF 491, for the limited purpose of taking the deposition of Kim Ricketts. Plaintiffs propose a deposition date of October 4, 2024 or some other mutually agreed upon date between the parties.

On August 7, 2024, the Department of Human Services ("DoHS") announced the appointment of Kim Ricketts as a replacement for former Commissioner of the Bureau for Social Services, Jeffrey Pack. Plaintiffs subsequently moved to docket her substitution for Jeffrey Pack as a Defendant in this case. *See* ECF 578 (Plaintiffs' Motion to Docket the Substitution of Defendant).

Pursuant to Rule 16(b)(4), a scheduling order "may be modified for good cause and with the judge's consent." F.R.C.P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). When a party through no fault of its

own becomes aware of a relevant witness after the close of discovery, and promptly seeks leave to take their deposition, good cause is shown to extend a scheduling order to permit the party to do so. *Bellew v. Ethicon, Inc.*, No. 2:13-cv-22473, 2014 U.S. Dist. LEXIS 155209, at *6-8 (S.D. W. Va. Nov. 3, 2014) (granting defendants leave to take post-discovery deposition of doctor who evaluated plaintiff where defendants did not learn of doctor until after discovery closed).

Here, Plaintiffs did not learn of Kim Ricketts' replacement of Jeffrey Pack until August 7, a month after discovery ended. Declaration of Marcia Lowry dated September 17, 2024 ("M. Lowry Decl."). On August 26, when Defendants served their Rule 26(a)(3) disclosures, Plaintiffs first became aware that Defendants may call Ms. Ricketts as a witness in their defense. *Id.* Shortly thereafter, Plaintiffs reached out to Defendants to schedule Ms. Ricketts' deposition, given her leadership position at DoHS and her relevance to Defendants' trial defense. *Id.* Defendants have refused to make her available for deposition.[1]

Given her current position as the head of the agency responsible for child welfare, Ms. Ricketts is obviously in possession of highly relevant information pertaining to Plaintiffs' claims and Defendants' defenses. That Defendants may call Ms. Ricketts to testify at trial confirms this. Plaintiffs would be hobbled at trial if they were unable to depose Ms. Ricketts to better understand her role at DoHS and the substance of the testimony she would be providing at trial.

---

[1] Defendants have suggested they would be willing to produce Kim Ricketts for a deposition if the parties can stipulate that the deposition will be limited to "her experience serving as a Special Consultant to the DoHS Cabinet Secretary for the Bureau for Social Services, a role which she assumed effective August 7, 2024, and not anything prior to her taking on that role." M. Lowry Decl. Plaintiffs stated that they cannot agree to such a limited deposition. *Id.* Ms. Ricketts' prior experience, particularly her experience in child welfare, is relevant to how she will shape the West Virginia child welfare system. Furthermore, any communications and formal or informal consultations she had with DoHS leadership prior to replacing Pack on August 7, 2024 is also relevant to Defendants' actions and planned actions to address the system deficiencies in their child welfare system. Therefore, the parties are at an impasse.

Plaintiffs had no knowledge of her relevance prior to the close of discovery. Since they became aware of her role, they have diligently sought to depose her. There is good cause for the Court to modify the Scheduling Order to permit Plaintiffs to take Ms. Ricketts' deposition in advance of the November 5 trial.

For the foregoing reasons, Plaintiffs respectfully request the Court amend the Scheduling Order so that Plaintiffs may take the deposition of Kim Ricketts on October 4, 2024, or another mutually agreed upon date before the trial.

Dated: September 17, 2024
                                                 Respectfully submitted,

*/s/ Marcia Robinson Lowry*
Marcia Lowry, *admitted pro hac vice*
mlowry@abetterchildhood.org
Julia K. Tebor, *admitted pro hac vice*
jtebor@abetterchildhood.org
Laura Welikson, *admitted pro hac vice*
lwelikson@abetterchildhood.org
Robyn Goldberg, *admitted pro hac vice*
rgoldberg@abetterchildhood.org
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415


*/s/ Richard W. Walters*
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339
Tel: (304) 344-8716
Fax: (304) 344-1481

/s/ *Andrew Castillo*
Disability Rights of West Virginia

Andrew Castillo, WVSB #14358
acastillo@drofwv.org
1207 Quarrier Street, Suite 400
Charleston, WV 25301
Tel: (304) 346-0847
Fax: (304) 346-0687

***Attorneys for Plaintiffs***
