IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JONATHAN R., et al.,

          Plaintiffs,

v.                                            CIVIL ACTION NO.   3:19-cv-00710

JIM JUSTICE, et al.,

          Defendants.

ORDER

Pending before the court is a retrospective motion seeking to redact information already available on the public docket: the Joint Motion to Remove Information From the Publicly Available Docket and Replace With Redacted Versions of the Same Documents. [ECF No. 596]. Defendants filed ECF Nos. 553-26 and 533-28 on July 8, 2024. Plaintiffs filed ECF Nos. 553-7, 553-17, 553-20, 553-22, 553-23, 554-1, 554-12, 554-13, 554-14, and 555-19 on July 29, 2024. Both parties ask that those documents be sealed.

The motion asks the court to review—again—nearly 200 pages of exhibits, compare the redacted versions with the unredacted versions, and consider whether the information is appropriately redactable under the Federal Rules of Civil Procedure, the Local Rules, and the Protective Order. *Id.* Therefore, I must undertake an analysis the parties did not make in July when they initially filed these documents. For the following reasons, the Joint Motion is **GRANTED**.

The parties jointly make this request pursuant to Local Rule 5.2.1, Local Rule 26.4(b), and the Protective Order entered in this case. [ECF No. 596, at 1; ECF No. 597, at 1]. A close inspection of the Rules cited by the parties is in everyone's best interest.

Local Rule 5.2.1 provides for "Privacy Protection for Filings Made with the Court." Balancing the dual interests of the public's right to know and learn about the cases of the judiciary versus an individual's personal privacy right, the Local Rules promote electronic access and limited redaction. Loc. R. Civ. P. 5.2.1(a). The obligation, however, is on the parties. More importantly, the obligation rests with the parties *at the time of filing*. *Id.* (The Rule states that "parties shall refrain from including [personal identifiers]" as opposed to "parties shall file and then fix later." Additionally, the Rule states that parties "wishing to file a document containing [] personal data identifiers," as opposed to "parties that have already filed documents containing personal identifiers.").

The Local Rules lay out the steps for every party practicing in the Southern District. First, determine what is a "personal data identifier." Loc. R. Civ. P. 5.2.1(a)(1)–(4). Next, "file an unredacted document under seal." That document is for the court. Then, "the court will require the party to file a redacted copy for the public file." Loc. R. Civ. P. 5.2.1(a).

The interests of judicial economy and professional motion practice counsel me to deny this motion. After all, "[t]he responsibility for redacting these personal identifiers rests solely with counsel and the parties." *Id.* Instead the parties have

2

adopted a "file now, seal and redact later" approach which contradicts the Local Rules and defeats any judicial economy. Still, I am not interested in punishing minors and others within the foster care system by exposing piecemeal information that may lead to public exposure. That pursuit is in no one's best interest.

Returning to the standard of information protection: public inspection of court documents is necessary, but information may qualify for protection if the movant explains in a memorandum why sealing is necessary, "giving due regard to the parameters of the common law and First Amendment rights of access" to the courts. Loc. R. Civ. P. 26.4(c). The rules provide that a movant "must demonstrate with specificity that (1) the information qualifies for protection" and "(2) good cause exists for restricting dissemination on the ground that harm would result from its disclosure." Loc. R. Civ. P. 26.4(b). Further, Local Rule 5.2.1 provides that if the involvement of a minor child is mentioned, then only the initials of that child should be used.

Both parties' documents in this case include information related to juvenile abuse and/or neglect cases. The local rules and the protective order both require that the information be protected. *See* [ECF No. 78]; Loc. R. Civ. P. 5.2.1. The Joint Motion is **GRANTED**, [ECF No. 596]. Defendants' Exhibits ECF Nos. 533-26 and 533-28 are to be sealed. Plaintiffs' Exhibits ECF Nos. 553-7, 553-17, 553-20, 553-22, 553-23, 554-1, 554-12, 554-13, 554-14, and 555-19 are to be sealed. Both parties are directed to file the redacted versions of those exhibits with the Clerk of the Court such that the redacted versions of the documents are placed on the public docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 19, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE