UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| v. | ) |
| | ) |
| JIM JUSTICE, in his official capacity as | ) Case No. 3:19-cv-00710 |
| Governor of West Virginia, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**OPPOSITION TO PLAINTIFFS MOTION TO AMEND THE SCHEDULING ORDER**

At some point in all litigation, discovery must end, and the parties must turn their focus to pre-trial preparation. This case is well past that point. Discovery closed on July 5, 2024, and trial is just weeks away.

Plaintiffs' Motion to Amend the Scheduling Order to Take the Deposition of Kim Ricketts (hereafter, "Plaintiffs' Motion") does not identify any persuasive reason why they need to depose Ms. Ricketts at this stage of the case. Further, Plaintiffs waited nearly three months after learning of Commissioner Jeff Pack's departure, and nearly one month after learning of Ms. Ricketts' appointment, to contact Defendants about scheduling a deposition of Mr. Pack's successor. And Plaintiffs declined to engage in negotiations with Defendants about limited additional depositions to include a deposition of Ms. Ricketts. For these reasons, and for the reasons explained below, Plaintiffs' Motion should be denied.

**BACKGROUND**

During the nearly five years of on-and-off discovery in this case, Plaintiffs have taken 28 depositions of Defendants' current and former employees. These have included depositions of a host of Department of Human Services' ("DoHS") leaders, including, among others: former Bureau for Social Services ("BSS") Commissioner Jeff Pack, former Commissioner Linda Watts,

1

Secretary Cynthia Persily, former Secretary Bill Crouch, Deputy Secretary Cammie Chapman, former Deputy Secretary Jeremiah Samples, Deputy Commissioner Melanie Urquhart, Deputy Commissioner Laurea Ellis, former Commissioner Amy Hymes, and former Foster Care Ombudsman Pamela Woodman-Kaehler. In addition, Plaintiffs have served Defendants with 13 sets of document requests, and Defendants have produced 713,571 documents (over 3 million pages) responsive to these requests. This burdensome discovery has come at great expense to Defendants.

Plaintiffs' Motion tells only half the story of their very recent efforts to depose Ms. Ricketts. To begin with, Plaintiffs have known about Commissioner Pack's departure for nearly four months. Specifically, on June 12, 2024, Plaintiffs' counsel learned that Commissioner Pack would be leaving BSS to become the Commissioner of the Bureau for Senior Services. ECF No. 550-7, Tr. 137:17–139:6. However, Plaintiffs never contacted Defendants to attempt to schedule a deposition with Mr. Pack's replacement. Ex. 1 ¶ 3.

Plaintiffs acknowledge that they learned about Ms. Ricketts appointment on August 7, 2024. ECF No. 599, at 2. Again, Plaintiffs did not contact Defendants at that time to attempt to schedule a deposition of Ms. Ricketts. Ex. 1 ¶ 4.

On August 26, 2024, the parties exchanged their Rule 26(a)(3) disclosures, in which Defendants listed Ms. Ricketts as one of the witnesses Defendants' "may call . . . at trial if the need arises." Ex. 2, no. B(2).

On September 3, 2024, nearly three months after Plaintiffs first learned that Mr. Pack would be replaced and nearly one month after they learned Ms. Ricketts would replace him, Plaintiffs first contacted Defendants to inquire about deposing Ms. Ricketts. The next day, Plaintiffs served Defendants with their supplemental Rule 26(a)(3) disclosures, in which they listed 27 witnesses

2

who they "may" call at trial, 16 of whom Plaintiffs had <u>not</u> previously listed in response to Defendants' interrogatories requesting Plaintiffs to list all "evidence" supporting their key allegations, and therefore Defendants did not have the opportunity to depose these 16 potential witnesses prior to the close of discovery. Accordingly, Defendants suggested that the parties discuss an agreement on a limited number of post-discovery deadline depositions, including for Ms. Ricketts. Ex. 3.

Plaintiffs refused, explaining that "Ms. Ricketts is in a different category than [the Plaintiffs'] fact witnesses because she is a defendant in this case and, as such, we have an unqualified right to depose her." *Id*. On September 17, 2024, Plaintiffs moved to amend the scheduling order to depose Ms. Ricketts. ECF No. 599.

## ARGUMENT

"[A] scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action." *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D. W. Va. 1995)

As Plaintiffs acknowledge, a scheduling order may only be modified for "good cause," Fed. R. Civ. P. 16(b)(4), and the party seeking the modification must show that it has acted with diligence to meet the "good cause" standard. ECF No. 599 (quoting *Marcum*, 163 F.R.D. at 254 (S.D. W. Va. 1995)). "'If [the] party [seeking the amendment] was not diligent, the inquiry should end.'" *Marcum*, 163 F.R.D. at 254 (S.D. W. Va. 1995) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)). In addition, when a party seeks to amend a schedule to pursue additional discovery, courts consider whether the moving party has demonstrated that the additional discovery is necessary. *See Dent v. Montgomery Cnty. Police Dep't*, 745 F.Supp.2d 648, 663–64 (denying motion to extend discovery deadline because new lawyers did not demonstrate

3

that old lawyers failed to conduct sufficient discovery before the deadline); *Channing v. Equifax, Inc.*, No. 11-cv-293, 2012 WL 2049918, *2 (E.D.N.C. June 2, 2012) (unpublished) (denying motion to extend discovery deadline in part because "plaintiff has not provided any specifics as to the depositions he now seeks to conduct").

In this case, Plaintiffs cannot demonstrate that they acted with "diligence" or that the deposition of Ms. Ricketts is necessary. As to the former, Plaintiffs did not promptly seek to depose Ms. Ricketts, as they claim in their Motion. Plaintiffs learned that Mr. Pack would be replaced on June 12, 2024, *see* ECF N0. 550-7, Tr. 137:17–139:6, and Plaintiffs learned that Ms. Ricketts was his replacement on August 7, 2024, *see* ECF No. 599, at 2. Yet Plaintiffs did not even request a deposition of Ms. Ricketts until September 3, 2024, and they did not move for leave to take the deposition until September 17, over three (3) months after they learned of Mr. Pack's impending departure and six weeks after they learned of Ms. Ricketts' appointment. *See* Background, *supra*. Nor did Plaintiffs exercise diligence by attempting to compromise with Defendants about limited post-discovery-deadline depositions. *See* Background, *supra*.

Further, Plaintiffs do not offer any persuasive explanation about why they need to depose Ms. Rickets. Plaintiffs argue that, "[g]iven her current position as the head of the agency responsible for child welfare, Ms. Ricketts is obviously in possession of highly relevant information pertaining to Plaintiffs' claims and Defendants' defenses." ECF No. 599, at 2. However, Plaintiffs do not identify any "relevant information" that Ms. Ricketts may have learned in her two months at BSS that Plaintiffs have not already gathered through the millions of pages of documents they have received and/or their many depositions of current and former Secretaries, Deputy Secretaries, Commissioners, and Deputy Commissioners, among others.

4

Over the next month, both parties have significant work to do to prepare for an orderly and efficient trial. To this end, Defendants sent Plaintiffs' proposed fact stipulations on August 23, 2024; Defendants sent Plaintiffs proposed stipulations on the admissibility of specific exhibits on August 29, 2024; and Defendants sent Plaintiffs proposed stipulations on the admissibility of Rule 1006 summaries on September 20, 2024. Thus far, just weeks out from trial, Plaintiffs have not responded to any of Defendants' proposed stipulations; Plaintiffs have not proposed any fact or exhibit stipulations; and Plaintiffs have not winnowed down the nearly 700 documents that they listed in their Rule 26(a)(3) disclosures as "expect[ing]" to introduce during their six-day trial presentation. Ex. 2 ¶ 5. With that context, it makes little sense for this Court to amend the scheduling order to allow Plaintiffs to spend their pre-trial time deposing Ms. Ricketts. Plaintiffs should instead focus their time and attention on preparing for an orderly and efficient trial presentation of the evidence that they have already gathered.

October 1, 2024                                    Respectfully submitted,


/s/ Philip J. Peisch_____
Philip J. Peisch (WVSB # 13731)
Caroline M. Brown, *pro hac vice*
Julia M. Siegenberg, *pro hac vice*
Rebecca L. Wolfe, *pro hac vice*
Trevor J. Rhodes, *pro hac vice*
Brown & Peisch PLLC
1225 19th Street NW, Ste. 700
Washington, DC 20036


/s/ Steven R. Compton_____
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

5

## CERTIFICATE OF SERVICE

  I, Philip J. Peisch, hereby certify that I caused a true and correct copy of the foregoing be delivered to the following via ECF:

Marcia R. Lowry
Julia Tebor
Laura Welikson
Robyn Goldberg
A Better Childhood
355 Lexington Ave., Floor 16
New York, NY 10017

Richard W. Walters
J. Alexander Meade
Shaffer & Schaffer, PLLC
2116 Kanawha Blvd East
P.O. Box 3973
Charleston, WV 25304

J. Marty Mazezka
Andrew Castillo
Disability Rights of West Virginia
5088 Washington St. W., Suite 300
Charleston, WV 25301

| | |
|---|---|
| October 1, 2024 | Respectfully submitted, |
| | */s/* Philip J. Peisch_____ |
| | Philip J. Peisch (WVSB # 13731) |
| | Caroline M. Brown, *pro hac vice* |
| | Julia M. Siegenberg, *pro hac vice* |
| | Rebecca L. Wolfe, *pro hac vice* |
| | Trevor J. Rhodes, *pro hac vice* |
| | Brown & Peisch PLLC |
| | 1225 19th Street NW, Ste. 700 |
| | Washington, DC 20036 |
| | |
| | */s/* Steven R. Compton_____ |
| | Steven R. Compton (WVSB #6562) |
| | West Virginia Attorney General's Office |
| | 812 Quarrier Street, 6th Floor |
| | Charleston, WV 25301 |