UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| Jonathan R., minor by Next Friend Sarah DIXON, *et al.*, | )<br>)<br>) |
| *Plaintiffs,* | )<br>) Case No. 3:19-cv-00710 |
| v. | )<br>) |
| Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*, | )<br>)<br>) |
| *Defendants.* | |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER TO TAKE THE DEPOSITION OF KIM RICKETTS

Defendants' opposition to Plaintiffs' Motion to Amend the Scheduling Order proposes that Plaintiffs have not been diligent in moving to amend the scheduling order because they should have served a deposition notice on a yet unidentified replacement for Jeffrey Pack when they learned of his impending departure on June 12. This is a ridiculous assertion given that such a notice would not even comply with the requirements of Federal Rule of Civil Procedure 30. Defendants otherwise do not demonstrate that Plaintiffs lacked diligence in pursuing relevant and necessary discovery before the deadline for fact discovery closed. It was not until August 7 that Plaintiffs learned that Ms. Ricketts had been appointed to replace Pack and it was not until August 26, 2024, that Plaintiffs learned of her importance to Defendants' case. Thereafter, they immediately sought to reopen discovery for the limited purpose of deposing her. Defendants also argue that Ms. Ricketts' deposition is unnecessary, but that argument rings hollow when they recently provided Plaintiffs with a summary of her potential trial testimony that demonstrates her

1

testimony would be highly significant to Defendants' case.[1] Plaintiffs of course have no way of preparing to cross-examine her because they have had no opportunity to depose her. There is good cause to amend the scheduling order for this limited purpose and the Court should grant Plaintiffs' motion to ensure they are not unfairly surprised by her testimony.

Defendants implausibly claim that Plaintiffs have not been diligent in pursuing Ms. Ricketts' deposition because they should have served a deposition notice on June 12, 2024, when they learned that Jeffrey Pack was going to become the Commissioner of the Bureau for Senior Services. Defendants ignore that on June 12, 2024, Jeffrey Pack's replacement had not yet been chosen. Had Plaintiffs served Defendants with a deposition notice at that time, it would not have even complied with Federal Rule of Civil Procedure 30. *See, e.g.*, *Moore v. Lehigh Valley R. Co.*, 7 F.R.D. 65, 67 (S.D.N.Y. 1946) ("[A] notice to take a deposition must name the persons to be examined or designate them by description sufficient to identify them."). Discovery subsequently closed before Defendants named a successor for Pack.

Defendants then argue that Plaintiffs should have immediately sought to depose Ms. Ricketts on August 7, 2024, when they learned that she had been appointed to replace Jeffrey Pack. *See* ECF 599-1 ¶2. Defendants ignore that discovery had already ended a month prior to that date and that Plaintiffs had no knowledge of the specifics of Ms. Ricketts' role or her importance to Defendants' case. Plaintiffs did not become aware of the latter until August 26, 2024, when Defendants listed Ms. Ricketts as a potential trial witness for their defense. *See* ECF 599-1 ¶3. Defendants acknowledge that Plaintiffs reached out shortly thereafter, on September 3, 2024, to negotiate her deposition with Defendants. Those negotiations were unsuccessful because Defendants wanted to limit Ms. Ricketts' deposition to prevent Plaintiffs from questioning her

---

[1] *See* Exhibit 1, attached to Declaration of Marcia Lowry, dated October 8, 2024.

about anything prior to August 7, 2024, when she assumed her role as Special Consultant to the DoHS Secretary for the Bureau for Social Services.[2] Plaintiffs subsequently and expeditiously brought this motion. Defendants do not distinguish Plaintiffs' authorities, which demonstrate that courts have found good cause to amend a scheduling order under similar circumstances. Nor do they cite any cases demonstrating how the steps Plaintiffs have taken to depose Ms. Ricketts are anything but diligent.

Defendants' argument that Ms. Ricketts' deposition is unnecessary is also weak. The document and deposition discovery that has taken place so far is entirely irrelevant to whether Ms. Ricketts' deposition is necessary. So are the status of the parties' negotiations regarding proposed stipulations and exhibits for trial. Rather, what is important is that Ms. Ricketts may testify for Defendants at trial, should Defendants choose to call her, and her testimony would be (1) unique, (2) significant, and (3) an unfair surprise to Plaintiffs given their inability to depose her during discovery. The answer to all those questions is yes. Defendants have since informed Plaintiffs that they expect Ms. Ricketts to testify regarding the following:

> Kim Ricketts was appointed to replace Jeffrey Pack in his role as Commissioner of BSS in August 2024. Depending on Plaintiffs' case-in-chief, Ms. Ricketts may be asked to testify about her work at BSS, her plans for leading BSS, and challenges facing West Virginia's child welfare system.

Ex. 1 at 3. "[T]he challenges facing West Virginia's child welfare system" are central to this case and Ms. Ricketts's "plans for leading BSS" in addressing those challenges are of critical significance. Plaintiffs have no idea what those plans are. And they had no way of discovering

---

[2] As Plaintiffs explained in their Motion, Ms. Ricketts' prior experience is relevant to how she will shape the West Virginia child welfare system. Furthermore, she undoubtedly had communications and consultation with DoHS leadership prior to her appointment on August 7, 2024 that are relevant to her appointment and to Defendants' efforts to address the ongoing challenges facing the child welfare system. Plaintiffs could not agree to make these topics off limits in a deposition.

3

them before the discovery deadline passed. Nor could Plaintiffs have obtained this information from deposing other witnesses during discovery. Plaintiffs would be clearly prejudiced at trial if they were unable to depose Ms. Ricketts before she took the stand.

Defendants' cited cases are all distinguishable. In *Dent v. Montgomery County Police Department*, 745 F. Supp. 2d 648, 663-64 (D. Md. 2010), the plaintiff hired a new attorney who sought to take additional discovery after the deadline had passed. The court denied her motion because her former attorney had ample opportunity to conduct discovery prior to the deadline and the plaintiff had not shown why her former attorney lacked diligence in conducting that discovery. *Id.* In *Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2012 U.S. Dist. LEXIS 78455, *7 (E.D.N.C. June 6, 2012), the court denied the pro se plaintiff's request to reopen discovery because he did not provide any specifics as to the depositions he sought to conduct (not even the names of the deponents) nor did he serve any discovery requests before the deadline for discovery passed. The situation here is patently different. Plaintiffs diligently pursued discovery prior to the deadline and their unique need to depose Ms. Ricketts arose only after that deadline had passed. Good cause exists to amend the scheduling order to enable Plaintiffs to take Ms. Ricketts' deposition so that they can adequately prepare for a trial in which she may be a key witness.

Plaintiffs initially requested to take Ms. Ricketts' deposition on October 4, 2004. Now that date has passed. Plaintiffs respectfully request the Court amend the Scheduling Order so that the deposition of Kim Ricketts can be scheduled as soon as possible before the trial scheduled to begin on November 5, 2024.

Dated: October 8, 2024　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Marcia Robinson Lowry*
　　　　　　　　　　　　　　　　　　　　　　　　　　Marcia Lowry, *admitted pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　　　　　mlowry@abetterchildhood.org
　　　　　　　　　　　　　　　　　　　　　　　　　　Julia K. Tebor, *admitted pro hac vice*

        jtebor@abetterchildhood.org
        Laura Welikson, *admitted pro hac vice*
        lwelikson@abetterchildhood.org
        Robyn Goldberg, *admitted pro hac vice*
        rgoldberg@abetterchildhood.org
        A Better Childhood
        355 Lexington Avenue, Floor 16
        New York, NY 10017
        Tel.: (646) 795-4456
        Fax: (212) 692-0415


        */s/ J. Alexander Meade*
        Shaffer & Shaffer, PLLC
        Richard W. Walters, WVSB #6809
        rwalters@shafferlaw.net
        J. Alexander Meade, WVSB #13021
        ameade@shafferlaw.net
        2116 Kanawha Boulevard, East
        P.O. Box 3973
        Charleston, WV 25339
        Tel: (304) 344-8716
        Fax: (304) 344-1481

        */s/ Andrew Castillo*
        Disability Rights of West Virginia
        Andrew Castillo, WVSB #14358
        acastillo@drofwv.org
        1207 Quarrier Street, Suite 400
        Charleston, WV 25301
        Tel: (304) 346-0847
        Fax: (304) 346-0687

        ***Attorneys for Plaintiffs***