UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JONATHAN R., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:19-cv-00710 |
| ) | |
| JIM JUSTICE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER TO RESCHEDULE THE PRETRIAL CONFERENCE**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Rule 16.1(f) of the Local Rules, Defendants move to amend the Court's Amended Scheduling Order, ECF No. 647, to reschedule the Pretrial Conference currently set for February 13, 2025.

Although some of Defendants' counsel are available to attend on the scheduled date, local rules require the final pretrial conference to be attended by "lead trial counsel," "rather than 'by at least one of the attorneys who will conduct trial for each of the parties' as provided in FR Civ P 16(d)." Local R. Civ. P. 16.7(c). Defendants' lead counsel is unavailable on February 13 through 14 due to a longstanding, personal scheduling conflict. Defendants propose rescheduling the Pretrial Conference to any one of the following 20 alternative dates, depending on the convenience and preference of the Court: any business day between January 21 and February 12, or between February 19 and 21. Plaintiffs have indicated that they will oppose the request.

\* \* \* \*

Generally, a scheduling order "may be modified for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), typically requiring that the schedule cannot be met "despite the

diligence of the party seeking the extension." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995).

In this case, there is good cause to modify the Amended Scheduling Order to re-schedule the Pretrial Conference because lead trial counsel for Defendants (Philip Peisch) has a longstanding family commitment that conflicts with the February 13 Pretrial Conference: a family celebration of his mother's 70th birthday, for which he will be out of the country from February 13 through February 17.  It is important to Mr. Peisch that he attend this event for several reasons, including because his mother continues to battle a serious illness.

Defendants' lead counsel acted diligently and conscientiously in scheduling this personal commitment and in seeking to re-schedule the Pretrial Conference.  As for the former, this family event was planned to accommodate the originally scheduled Pretrial Conference (and trial) in October 2024.  Defendants' counsel did not move to re-schedule the February 13 Pretrial Conference when it was initially scheduled in October because, at that time, it was not clear whether this case would go to trial given Defendants' pending motion for summary judgment, ECF No. 533, and Defendants' counsel did not want to waste this Court's time with a motion that may prove unnecessary.

Further, re-scheduling the Pretrial Conference would not impact any other deadlines in this case.  Prior to the most recent Amended Scheduling Order, ECF No. 647, the parties had already fulfilled nearly all pretrial requirements, including by filing their integrated proposed pretrial order, and no remaining deadlines are tied to the date of the Pretrial Conference by the Amended Scheduling Order, Local Rules, or Federal Rules.  In fact, the only pretrial deadline remaining is for proposed findings of fact and conclusions of law, which Defendants do not propose to change.  *See* ECF No. 647.

2

Defendants' counsel contacted Plaintiffs' counsel to ask if Plaintiffs would consent to this motion. In response, Plaintiffs' counsel stated that they would oppose this motion. Plaintiffs' counsel stated that ***none*** of the ***17 business days*** between January 21 and February 12 "work for Plaintiffs' counsel" for the Pretrial Conference. Ex. A. That is, Plaintiffs' counsel oppose holding the conference on all but the two business days during which Defendants' lead counsel is scheduled to be abroad (February 13 and 14, 2025).

This Court should not indulge Plaintiffs' scheduling inflexibility. Courts "expect counsel to litigate in a . . . collegial manner," *Vision Ctr. Northwest Inc. v. Vision Value LLC*, No. 07-cv-183, 2008 WL 4276240, *5 (N.D. Ind. Sept. 15, 2008) (unpublished), and "depend[] on opposing counsels to work together to resolve many issues regarding deadline extensions and discovery disputes," in part because "[a]llowing opposing counsels to resolve such issues without Court intervention is vital to conserving judicial resources and litigating actions in both an effective and timely manner." *Burns v. Monumental Life Ins. Co.*, No. 12-cv-03658, 2013 WL 12063896, *3 (N.D. Ga. July 11, 2013) (unpublished). Further, it is not clear what Plaintiffs mean when they state that the 17 business days between January 21 and February 12 "do not work for Plaintiffs' counsel." For example, it is not clear if those dates "do not work for Plaintiffs' counsel" because lead Plaintiffs' counsel (Marcia Lowry) is not available on any of those 17 days, or if there is some other reason those dates "do not work for Plaintiffs' counsel."

This Court could also accommodate Plaintiffs' counsel's opposition to all 17 dates between January 21 and February 12 by re-scheduling the pre-trial conference for February 19, 20, or 21, 2025. Plaintiffs' counsel also opposes this alternative option, on the grounds that holding the conference on any date after February 14 "would push the conference too close to the deadline for the findings of fact and to the trial to allow the parties to reasonably prepare for either." Ex. A.

However, February 19–21 are between 7 and 9 days in advance of the deadlines for filing proposed findings of fact and conclusions of law, and between 11 and 13 days in advance of trial. This will give the parties adequate time to consider any developments in the Pretrial Conference in finalizing their proposed findings of fact and conclusions of law and in preparing for trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court modify the Amended Scheduling Order to reschedule the Pretrial Conference to any one of the following 20 alternative dates: any business day between January 21 and February 12, or between February 19 and 21.

Respectfully submitted,

January 3, 2025

/s/ Philip J. Peisch
Philip J. Peisch (WVSB #13731)
Caroline M. Brown
Julia M. Siegenberg
Rebecca L. Wolfe
Brown & Peisch PLLC
1225 19th Street NW, Suite 700
Washington, DC 20036

/s/ Steven R. Compton
Steven R. Compton (WVSB #6562)
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301

## CERTIFICATE OF SERVICE

      I, Philip J. Peisch, hereby certify that on January 3, 2025, I caused a true and correct copy of this reply to be delivered to all counsel of record via ECF.

|  |  |
|---|---|
|  | Respectfully submitted, |
| January 3, 2025 | /s/ Philip J. Peisch <br> Philip J. Peisch (WVSB #13731) <br> Caroline M. Brown <br> Julia M. Siegenberg <br> Rebecca L. Wolfe <br> Brown & Peisch PLLC <br> 1225 19th Street NW, Suite 700 <br> Washington, DC 20036 |
|  | /s/ Steven R. Compton <br> Steven R. Compton (WVSB #6562) <br> West Virginia Attorney General's Office <br> 812 Quarrier Street, 6th Floor <br> Charleston, WV 25301 |