# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

| | | |
|---|---|---|
| **Jonathan R., minor, by Next Friend, Sarah DIXON, *et al.*,** | ) ) ) ) | |
| Plaintiffs, | ) ) | Class Action 3:19-cv-00710 |
| v. | ) ) | |
| **Jim JUSTICE, in his official capacity as the Governor of West Virginia, *et al.*,** | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER TO RESCHEDULE THE PRETRIAL CONFERENCE

Plaintiffs oppose Defendants' motion out of sheer unavailability. Though Plaintiffs wish to be flexible and accommodating, Defendants' lack of diligence in addressing this scheduling conflict has made it logistically impossible to do so.

The Court notified all parties of the amended scheduling order, including the new pre-trial conference date on October 15, 2024. ECF No. 647. Plaintiffs' counsel has spent the last 2.5 months scheduling all obligations around this date and around the upcoming trial in March. As a result, counsels' schedule between January 21, 2025, to February 12, 2025, has become full. The lead firm on this case, A Better Childhood, litigates cases nationwide out of its New York office; thus, professional obligations, such as court appearances, often require blocking off days around the obligation itself for travel time, including the pre-trial conference for this case. Contrary to Defendants' contentions, Plaintiffs are not refusing to act in a collegial manner, ECF no. 652 at 3; Plaintiffs are simply unable to give Defendants what they want.

1

As Defendants point out, the party seeking the amended scheduling order must show diligence in attempting to meet the original schedule. ECF No. 652 at 1-2. Defendants' counsel admits that they knew of this scheduling conflict months ago and that the personal obligation was already scheduled when the Court issued the amended scheduling order on October 15, 2024. ECF 652-1. Nevertheless, Defendants said nothing to Plaintiffs until January 2, 2025, at which time they finally asked if Plaintiffs would consent to an amended scheduling order. *Id.* Upon receiving the request, Plaintiffs' counsel immediately checked their schedules in an effort to accommodate Defendants expeditiously, and upon finding a lack of available dates, informed Defendants counsel of this in under two hours from their initial request. *Id.* Had Defendants made this request sometime in 2024, Plaintiffs' schedules would likely have been able to accommodate them, and Plaintiffs could and would have consented to Defendants' motion.

Multiple issues, including Defendants' motion for summary judgment, are still pending in this case. In addition to lack of availability, Plaintiffs are concerned about the utility of a pre-trial conference in advance of those decisions. Similarly, there are concerns regarding the utility of a pre-trial conference date after February 18, 2025; it is likely that decisions made at the pre-trial conference will affect the parties' Findings of Fact and Conclusions of Law, due on February 24, 2025, as well as the parties' respective trial strategies.

Defendants' count of the days between February 19-21 and the Court's pre-trial filing deadlines is incorrect. Proposed findings of fact and conclusions of law are due on February 24, 2025. ECF No. 647. February 24 is the third business day (fifth calendar day) after February 19. February 21, 2025, is a Friday, and February 24, 2025, is the following Monday. This deadline is too tight to allow parties to reasonably prepare the required filings and perform any necessary trial preparations. This is particularly true in light of Defendants' extensive motions in *limine*, in which

Defendants seek to have numerous pieces of their proposed evidence admitted, exclude numerous pieces of Plaintiffs' proposed evidence, and bind Plaintiffs to detailed and voluminous stipulations.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to modify the Amended Scheduling order.

Date: January 7, 2025

Respectfully submitted,

/s/ *Marcia Robinson Lowry*_____
Marcia R. Lowry, *admitted pro hac vice*
Julia Tebor, *admitted pro hac vice*
Laura Welikson, *admitted pro hac vice*
Robyn Goldberg, *admitted pro hac vice*
A Better Childhood
355 Lexington Avenue, Floor 16
New York, NY 10017
Tel.: (646) 795-4456
Fax: (212) 692-0415
mlowry@abetterchildhood.org
jtebor@abetterchildhood.org
lwelikson@abetterchildhood.org
rgoldberg@abetterchildhood.org

*/s/ Richard W. Walters*_____
Shaffer & Shaffer, PLLC
Richard W. Walters, WVSB #6809
rwalters@shafferlaw.net
J. Alexander Meade, WVSB #13021
ameade@shafferlaw.net
2116 Kanawha Boulevard, East
P.O. Box 3973
Charleston, WV 25339